UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD** | **CIVIL ACTION NO:   2:13cv04811** |
| **VERSUS** | **JUDGE:          "C"** |
| **OFFSHORE LIFTBOATS, LLC AND K&K OFFSHORE, LLC** | **MAGISTRATE      (5)** |

### ANSWER TO ORIGINAL COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, OFFSHORE LIFTBOATS, LLC (hereinafter referred to as "OFFSHORE LIFTBOATS"), who, in answer to the Complaint of plaintiff, CALVIN HOWARD, (hereinafter referred to as "plaintiff"), with respect avers upon information and belief as follows:

### FIRST DEFENSE

The petition fails to state a cause of action against defendant upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over this matter and/or venue is improper.

### THIRD DEFENSE

Plaintiff's cause of action has prescribed or otherwise been time barred.

### FOURTH DEFENSE

Service of process fails to comply with the applicable Rules of Civil Procedure and therefore is insufficient.

### FIFTH DEFENSE

**AND NOW,** in answer to the specific allegations of plaintiff's Complaint, defendant avers as follows:

1.

The allegations contained in paragraph I of the Complaint involve questions of law which require no answer.

2.

The allegations contained in paragraph II of the Complaint involve questions of law which require no answer; however, to the extent an answer is required, Offshore Liftboats admits it does business within the Eastern District of Louisiana.

3.

The allegations contained in paragraph III of the Complaint involve questions of law which require no answer.

4.

The allegations contained in paragraph IV of the Complaint are denied.

5.

The allegations contained in paragraph V of the Complaint are denied.

6.

The allegations contained in paragraph VI of the Complaint involve questions of law which require no answer; however, to the extent an answer is required, Offshore Liftboats admits that it maintained a safe place to work and that it provided proper communication and all the necessary tools, equipment, or appurtenances for the job in question.

7.

The allegations contained in paragraph VII of the Complaint are denied.

8.

The allegations contained in paragraph VIII of the Complaint are denied.

9.

The allegations contained in paragraph IX of the Complaint are denied.

10.

The allegations contained in paragraph X of the Complaint are denied.

11.

The allegations contained in paragraph XI of the Complaint are denied.

12.

The allegations contained in paragraph XII of the Complaint are denied.

13.

The allegations contained in paragraph XIII of the Complaint involve questions of law which require no answer; however, to the extent an answer is required, Offshore Liftboats admits it has given plaintiff all of the wages, maintenance, and cure owed to him.

14.

The allegations contained in paragraph XIV of the Complaint are denied as stated.  It is admitted that Offshore Liftboats has fully complied with its obligation to provide maintenance and cure.

15.

The allegations contained in paragraph XV of the Complaint are denied.

16.

In response to the allegations contained in paragraph XVI of the Complaint, it is admitted that plaintiff has prayed for and is entitled to a trial by jury.

17.

All other allegations not specifically admitted are denied.

## **SIXTH DEFENSE**

AND NOW, in further answer to the Complaint, as a separate and distinct defense, defendant avers that if any injuries were sustained by plaintiff, which is denied, said injuries resulted from his own fault, carelessness, inattention to duty, and/or negligence, for which defendant is not liable.

## **SEVENTH DEFENSE**

FURTHER, in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were caused by the acts, carelessness, inattention to duty,

omissions, and/or conduct of third persons, for whose fault and negligence defendant is not liable.

### EIGHTH DEFENSE

FURTHER, in the alternative, defendant avers that if plaintiff suffered any injuries, as alleged, which is denied, said injuries were contributed to by his own fault, negligence, and/or the fault or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by plaintiff of damages herein.

### NINTH DEFENSE

As a further defense, defendant avers that if plaintiff suffered any injuries, as alleged, which are denied, said injuries occurred as a consequence of his assumption of accepted and ordinary risks.

### TENTH DEFENSE

Defendant specifically avers that plaintiff has failed to mitigate his damages, and any recovery should therefore be reduced or eliminated.

### ELEVENTH DEFENSE

Defendant specifically asserts all defenses afforded by the Longshore and Harbor Worker's Compensation Act and/or any other applicable state compensation act.

### TWELFTH DEFENSE

Plaintiff's alleged accident, which is specifically denied, and any and all loss, damage, injury, death or destruction resulting therefrom, were in no way caused by the fault, neglect, design or want of due care on the part of defendant, its agents, servants, or employees, or anyone for whom defendant is or may have been responsible. Alternatively, said incident was occasioned and incurred without privity or knowledge on the part of defendant or any of its directors, officers, stockholders or agents, thereby entitling defendant to limitation of liability.

### THIRTEENTH DEFENSE

Plaintiff's alleged accident was caused by his own fault and/or intervening and superseding causes.

### FOURTEENTH DEFENSE

Defendant further avers that plaintiff's claims for punitive damages represent claims for excess fines and are unconstitutional.

**FIFTEENTH DEFENSE**

Defendant prays for trial by jury.

**SIXTEENTH DEFENSE**

Defendant specifically reserves the right to amend this pleading once discovery is completed.

**WHEREFORE**, defendant, OFFSHORE LIFTBOATS, LLC, prays that after due proceedings had, there be judgment herein in its favor, dismissing plaintiff's Complaint at his cost. Alternatively, defendant prays that should it be found liable for any loss, injury, expense, damage or claim whatsoever in consequence of the incident heretofore described, that its liability be limited to the value of its vessel and the freight then pending. Defendant further prays for trial by jury and for such additional relief in the premises as in justice or in law it may be entitled to receive.

Respectfully Submitted:

**REICH, ALBUM & PLUNKETT, L.L.C.**

**BY: /s/ROBERT S. REICH**
**ROBERT S. REICH, T.A. (#11163)**
**FRANCIS A. JUROVICH, III (#31212)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 830-3999
Facsimile: (504) 830-3950
Email: rreich@rapllclaw.com
fjurovich@rapllclaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 27th day of June, 2013.

/S/ROBERT S. REICH

_____