UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CALVIN HOWARD,** | * | CIVIL ACTION NO. 13-CV-04811 |
| | * | Consolidated with: 13-CV-6407 |
| **Complainant,** | * | Consolidated with: 14-CV-1188 |
| | * | |
| VS. | * | |
| | * | SECTION "E" |
| **OFFSHORE LIFTBOATS, LLC,** | * | JUDGE: HON. SUSIE MORGAN |
| **K & K OFFSHORE, LLC, and** | * | |
| **PINNACLE ENG'R. INC.** | * | MAGISTRATE "5" |
| | * | MAGISTRATE: MICHAEL NORTH |
| **Defendants.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION FOR COSTS AND SANCTIONS

Plaintiff Calvin Howard seeks costs and sanctions pursuant to Fed. R. Civ. P. 30 (d)(2) stemming from the deposition of Sylvester Richardson. Plaintiff will show that Defendant Offshore Liftboats, LLC, and its counsel have impeded, delayed and frustrated the fair examination of deponents to include Sylvester Richardson.

### I.   BACKGROUND FACTS

This is a Jones Act personal injury case stemming from an incident on or about May 16, 2013, where Plaintiff sustained serious injuries when he fell approximately 20 feet from a personnel basket to the deck of the M/V CONTENDER (Doc 103). Sylvester Richardson, a former Offshore Liftboats' employee, operated the crane aboard the L/B JANIE during the attempted personnel transfer.[1] During the lift, the personnel basket became caught on a rail of the M/V CONTENDER.[2] Richardson continued applying force - trying to lift the basket from

---

[1] *See* Incident Report, attached as Exhibit A.

[2] *Id*.

the CONTENDER.[3] The pressure mounted eventually catapulting the basket into the air and sending the plaintiffs crashing down to the deck of the CONTENDER.[4]

Sylvester Richardson, therefore, played a **key role** in the events in issue. Accordingly, Plaintiff sent discovery to Offshore Liftboats pertaining to Richardson and requested Richardson's deposition.[5]

## II.  EXHIBITS

In support of this Motion, Plaintiff attaches and incorporates by reference here fully the following evidence showing why this Court should sanction Defendant:

| | |
|---|---|
| **Exhibit A** | May 16, 2013 Incident Report |
| **Exhibit B** | Transcribed Statement of Sylvester Richardson |
| **Exhibit C** | Transcribed Statement of Rick Simoneaux |
| **Exhibit D** | Notice of Deposition for Sylvester Richardson |
| **Exhibit E** | Deposition of Sylvester Richardson |
| **Exhibit F** | Deposition of Raymond Howard |
| **Exhibit G** | Deposition of Calvin Howard |
| **Exhibit H** | Plaintiff's First Interrogatories to Defendant Offshore Liftboats |
| **Exhibit I** | Defendant's Responses to Plaintiff's First Interrogatories |
| **Exhibit J** | Plaintiff's Second Interrogatories to Defendant Offshore Liftboats |
| **Exhibit K** | Defendant's Responses to Plaintiff's Second Interrogatories |
| **Exhibit L** | November 7, 2014 Correspondence to Defendant's counsel |

---

[3] *See* page 18 of Statement of Sylvester Richardson, attached as Exhibit B; *see also* page 12 of Statement of Rick Simoneaux, attached as Exhibit C.

[4] *See* Exhibit C at page 14.

[5] *See* Notice of Deposition, attached as Exhibit D.

**Exhibit M**    Affidavit of Ryan Zehl

**Exhibit N**    December 16, 2014 Correspondence to Counsel for Offshore Liftboats

### III.   ARGUMENT AND AUTHORITY

#### A. Plaintiff Seeks Sanctions Stemming From Sylvester Richardson's Deposition

##### i. Offshore Liftboats terminated Sylvester Richardson's employment three weeks prior to Richardson's scheduled deposition yet offered no notice or discovery supplementation presenting Richardson as a represented party.

Plaintiff noticed the deposition of Offshore Liftboat's crane operator, Sylvester Richardson, on November 3, 2014, setting the deposition for December 15, 2014.[6] Thirty minutes prior to the deposition commencing, counsel for Offshore Liftboats advised that Sylvester Richardson was no longer employed by the Defendant and would only be available for approximately two-and-half hours.[7] This information was provided only after Plaintiff's counsel had already travelled from Texas to Louisiana and incurred expenses accordingly.

The late notice and time-limitation impeded the deposition and prejudiced the Plaintiff in his ability to obtain information relevant to the case, subjecting the Defendant to potential sanctions – at this Court's discretion.[8] In addition, counsel for Defendant proceeded to present Mr. Richardson as a represented party and lobbed speaking objections that appear on approximately 63 pages of the transcript and consume 740 lines of text.[9] All counsel present for the deposition stipulated to form objections.[10]

---

[6] *Id*.

[7] *See* Deposition of Sylvester Richardson, attached as Exhibit E, at P. 7, L. 2 through P. 9, L. 13.

[8] *See Carroll v. Jacques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997).

[9] *See* Exhibit E at P. 7, L. 2 through P. 9, L. 20; P. 10, L. 8 through P. 11, L. 4; P. 11, L. 19 through P. 12, L. 14; P. 13, L. 2-5 P. 14, L. 4-14; P. 16, L. 25 through P. 17, L. 3; P. 19, L. 21 through P. 20, L. 20; P. 25, L. 21-23; P. 29, L. 22-25; P. 31, L. 23-24; P. 32, L. 23 through P. 33, L. 2; P. 34, L. 1 through P. 36, L. 15; P. 36, L. 24 through P. 37, L. 7; P. 38, L. 12 through P. 39, L. 20; P. 40, L. 8-10; P. 40, L. 19-24; P. 41, L. 3-13; P. 41, L. 17 through P. 42, L.

Obviously, this conduct was not well received by Plaintiff's counsel and caused some regrettable statements to be made in response. That being said, any questionable response was fueled by the fact Mr. Richardson's deposition was the third deposition to be taken thus far in the case – and in the previous two depositions (of Plaintiffs Calvin and Raymond Howard), Defense counsel's speaking objections, mischaracterization of facts, intimidation, and overall conduct was similar.[11]

For example, in Calvin Howard's deposition, Defense counsel made inappropriate personal attacks against the Plaintiff which went far beyond what could be considered a reasonable line of questioning:

Q: Okay. And the reason you feel you have been wronged by Offshore Liftboats is because you filed a lawsuit exaggerating your complaints and you feel they should do something?

MR. ZEHL:
  Objection, form. Do not do that again.

MR. REICH:
  What exactly do you mean by that?

MR. ZEHL:
  Let's stop. I want to put on the record that Bob continues to insert personal comments that are totally inappropriate that are attacks at counsel that are argumentative, and this has been going on for at least since 10:30 this morning. And this is the last time. And if it happens again, we will shut down the deposition according to Rule 30(d)(3).

---

6; P. 43, L. 1 through P. 44 L. 23; P. 46, L. 16-19; P. 47, L. 13-15; P. 48, L. 7-9; P. 50, L. 3-6; P. 50, L. 18-23; P. 51, L. 4 through P. 52, L. 4; P. 52, L. 10-12; P. 52, L. 25 through P. 53, L. 2; P. 53, L. 5-8; P. 53, L. 16-19; SR P. 55, L. 1-4; P. 55, L. 16-17; SR P. 56, L. 11-14; P. 64, L. 22 through P. 65, L. 3; P. 67, L. 9 through P. 68, L. 15; P. 74, L. 16-20; P. 80, L. 11 through P. 81, L. 18; P. 82, L. 1-2;P. 96, L. 10 through P. 97, L. 4; P. 97, L. 20-21; P. 97, L. 24-25; P. 98, L. 20 through P. 99, L. 20; P. 100, L. 1 through P. 101, L. 15; P. 117, L. 8-18; P. 119, L. 14-17; P. 120, L. 1-4; P. 124, L. 9 through P. 125, L. 5; P. 129, L. 14 through P. 130, L. 7; P. 136, L. 12-20; P. 136, L. 25 through P. 138, L. 21; P. 139, L. 4-21; P. 143, L. 13-15; P. 146, L. 2-20; P. 157, L. 25 through P. 158, L. 1; P. 158, L. 10-16;

[10] *See* Exhibit E at P. 5, L. 13-17 and at P. 11, L. 19 through P. 12, L. 14.

[11] *See* Deposition of Raymond Howard, attached as Exhibit F; *see* Deposition of Calvin Howard, attached as Exhibit G.

    MR. REICH:
        Nothing personal about that at all, sir.

Q: You said you feel wronged. Do you think that as this devoted long-time employee that you should not file a bogus lawsuit?

    MR. ZEHL:
        Objection, form. Argumentative. Do not ask about it again.

    MR. REICH:
        You can answer it. You can answer it.

    MR. ZEHL:
        Why don't you tell him about what Offshore Liftboats told you about lawsuits.

    THE WITNESS:
        Offshore Liftboats told me about lawsuits, we have this guy named Mr. Reich. If you-all ever file a lawsuit against us, we have this guy named Mr. Reich. You will never win a case if somebody gets hurt. That is what they told us."[12]

In Raymond Howard's deposition, Defense counsel tried similar tactics by insulting the intelligence of the deponent:

Q. Well, sir, if the boom is that far off center, nobody would be stupid enough to step in a personnel basket, would they?

    MR. ALLEN:
        Object to form.

    MR. REICH:
        Because you can see the line.

    MR. MASSICOT:
        It's objective. That is an argumentative objection.

    MR. REICH:
        You can answer. You can see the line?

A: I couldn't see nothing, I told you that already.

    MR. REICH:

---

[12] *See* Exhibit G at P. 243, L. 2 through P. 244, L. 13.

>   Because you didn't look.  But if you looked --
>
> MR. MASSICOT:
>   You are being argumentative again.  Stop arguing with him, Bob.  Ask a question.  You keep arguing with him.
>
> Q.   Based on your experience, would you be stupid enough to step in a personnel basket with a crane boom that far off center?
>
> MR. MASSICOT:
>   You don't have to answer that.
>
> MR. ALLEN:
>   Object to form.
>
> MR. MASSICOT:
>   You don't have to answer.  That is purely argumentative.  And calling somebody stupid is really, really insulting.  Okay, Bob.  So cut it out, you know.  Don't do that.  Don't do that.
>
> Q.   I'll rephrase it.  Based on your training and experience, you would not be so inept as to step in a personnel basket if the boom was that far off center?
>
> MR. ALLEN:
>   Same objection.
>
> MR. REICH:
>   Would you?

Courts may use the judiciary's inherent power—those powers vested in the courts upon their creation,[13] and not derived from any statute[14]—to regulate the conduct of the members of the bar.[15] These inherent powers are incidental to the "administration of justice."[16]

---

[13] *See Michaelson v. U.S.*, 266 U.S. 42, 66, 45 S.Ct. 18, 69 L.Ed. 162 (1924).

[14] *See Link V. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

[15] *See Eash v. Riggins Trucking Co.*, 757 F.2d 557, 561 (3d Cir.1985).

[16] *Michaelson*, 266 U.S. at 66; *Eash*, 757 F.2d at 563 n. 8 (stating that the inherent power derives from "judicial powers pursuant to Article III," from "the nature of the court," and from "necessity" or "practicality").

It is well-settled Fifth Circuit law that "[t]he inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it."[17]

The only issue here then is whether Offshore Liftboats, through counsel or otherwise, as acted in bad faith. While Plaintiff strongly believes that he and his counsel have been subjected to improper questions and conduct in the plaintiffs' respective depositions, the bad faith is more clearly demonstrated in Sylvester Richardson's deposition as well as the discovery and correspondence leading up to that deposition.

### ii.   Defendant had Ample Opportunity to Comply with Discovery Rules Under the FRCP.

On September 12, 2013, Plaintiff propounded interrogatories[18] on Offshore Liftboats that included the following requests:

> 17. Identify each person aboard the Vessel L/B JANIE at the time of the incident in question and state whether these individuals were employed by you at that time. If each and every person aboard the Vessel at the time of the Complainant's injuries was not employed by you, identify those individuals not employed by you and identify their employers.
>
> ANSWER:
>
> 18. For the individuals whom you identified in the previous Interrogatory as having been employed by you on the dates of the Complainant's injuries, please state whether they are still employed by you, and if not, please identify and explain the reasons for their termination or departure and provide their last known address.
>
> ANSWER:

In response, Offshore Liftboats referred Plaintiff to a daily master billing log and then advised that all individuals listed on that log were still employed by the Defendant.[19] Under Fed.

---

[17] *Flaksa v. Little River Marine Constr.*, 389 F.2d 885, 888–89 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968)*; see also Ex Parte Bradley*, 7 Wall. 364, 74 U.S. 364, 374, 19 L.Ed. 214 (1868) ("We do not doubt the power of the court to punish attorneys as officers of the same, for misbehavior in practice of the profession."); *United States v. Cleveland*, No.Crim. A. 96–207, 1997 WL 539664, at *3 (E.D.La.1997); *Nasco, Inc. v. Calcasieu Television and Radio, Inc.* 124 F.R.D. 120 (W.D.La.1985).

[18] *See* Plaintiff's First Interrogatories to Defendant Offshore Liftboats, attached as Exhibit H.

R. Civ. P. 26(e)(1)(A), the Defendant has an ongoing duty to supplement or correct discovery responses in a timely manner when it learns that the response is incomplete or incorrect. Defendant has not supplemented a single interrogatory response throughout the duration of this case.

On September 17, 2014, three months before Sylvester Richardson's deposition, Plaintiff sent additional Interrogatories seeking, *inter alia*, the last known contact information and current employers for any Offshore Liftboats personnel who were aboard the L/B JANIE at the time of the incident but no longer work for the Defendant.[20] The Defendant responded on October 22, 2014 and identified a single individual, David Wilson, as no longer employed.[21]

After reviewing Offshore Liftboats' responses to Plaintiff's Second Requests for Production, Plaintiff saw that numerous names of employees had been left off of Defendant's interrogatory responses. Therefore, on November 7, 2014, just more than a month before Sylvester Richardson's deposition, Plaintiff requested, in writing, that Defendant supplement its discovery responses and identify individuals who are no longer employed:[22]

---

[19] *See* Defendant's Responses to Plaintiff's First Interrogatories, attached as Exhibit I.

[20] *See* Plaintiff's Second Interrogatories to Defendant Offshore Liftboats, attached as Exhibit J.

[21] *See* Defendant's Responses to Plaintiff's Second Interrogatories, attached as Exhibit K.

[22] *See* correspondence from Plaintiff's counsel to Defendant's counsel, dated November 7, 2014 and attached as Exhibit L.

> Finally, with regard to production of documents, several names of OLB employees were discovered in our review of the latest document production by OLB that were not previously disclosed. Those names include: Brandon Wiltz (OS), Jeff Gertz (mate), Ryan Johnson (captain), Snuggles Anderson (cook), Carlos Cuitry (OS), Aaron Price (OS), Sean Vincent (AB), Eric Williams (cook), John Elliot (cook), Gerald Tellorto (cook), William Billiot (cook), Steven Quaicoe (AB), James Love (cook), James Travis (OS), G. Bryant (cook), M. Adami (cook), Ty Schmit (OS), Keith Cedotal (OS), Ryan Applequist (OS), John Voth (cook), Jeremy Dede (OS), Ricky Bouqet (OS), Hayes (cook), Larry Vito (OS), Corey Luke (AB), Joe Sherman (cook), Bobby Picket (cook), Jason Bell (OS), JB Guillory (cook), A. Griffin (AB), John Anderson (cook).
>
> Plaintiff previously requested the names, job titles, and last known address for all Offshore Liftboat employees who were working for Offshore Liftboats at the time of the incident but no longer work for Offshore Liftboats (see Interrogatory No. 23). Based on the names found above, Plaintiff expects to receive a supplemental response identifying the last known contact information for the individuals listed above, should they no longer be employed by OLB.

To date, Defendant still has not complied with Plaintiff's request.

Nevertheless, Offshore Liftboats waited until Plaintiff's counsel had arrived from Texas to Louisiana – incurring more than $1,500.00 in travel expenses before informing Plaintiff that Richardson was no longer employed by Defendant. Offshore Liftboats then proceeded to present Richardson for deposition – knowing he was no longer employed and knowing he played a **key role as the crane operator** in the events that led to the plaintiffs' injuries. Richardson admitted at the beginning of the deposition that he was terminated for violating policies, rules and regulations but refused to elaborate.[23]

Neither Richardson nor Defendant will reveal what policy, rule, or regulation Richardson violated that led to his termination. Obviously, Plaintiff has requested Richardson's personnel file in discovery but what has been produced does not include any termination notice or performance evaluation indicating that Richardson has been terminated. And, Defendant has not supplemented its document production to include any such documents.

---

[23] *See* Exhibit E at P. 10, L. 5 through P. 11, L. 12.

The refusal to supplement discovery combined with the late notice of employment change prejudiced Plaintiff in the taking of Mr. Richardson's deposition and warrants sanctions for discovery abuse.[24]

### IV. RELIEF REQUESTED

Plaintiff seeks reimbursement of his expenses and costs in connection with the deposition of Sylvester Richardson.[25] In addition, Plaintiff seeks costs for the time spent in researching and preparing this motion[26] as well as whatever the Court deems sufficient to deter similar conduct in the future.

Respectfully submitted,

THE CHOUEST LAW FIRM

__s/Stephen M. Chouest_____
Stephen M. Chouest Esq. LA Bar No. 4090
J. Rand Smith, Jr., Esq. LA Bar No. 27090
4732 Utica Street
Metairie, LA 70006
Tel. (504) 455-1200
Fax. (504) 455-1252

-AND-

Ryan H. Zehl, Esq., TX Bar No. 24047166
Eric J. Allen, Esq. TX Bar No. 24071064
Zehl & Associates PC
Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
(713) 491-6064 Telephone
(713) 583-1492 Facsimile
ATTORNEYS FOR PLAINTIFF
CALVIN HOWARD

---

[24] *See Thomas v. Rockin D. Marine Services, LLC*, 2013 WL 1868368 *17 (E.D. La. 2013).

[25] *See* Affidavit of Ryan Zehl, attached as Exhibit M; *see also* December 16, 2014 Correspondence to Counsel for Offshore Liftboats, attached as Exhibit N.

[26] *See Id.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2015 I have electronically filed the foregoing with the Clerk of the Court foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants including all counsel of record herein.

                                                                 ___s/Stephen M. Chouest_____