MINUTE ENTRY
NORTH, M.J.
FEBRUARY 11, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN HOWARD | CIVIL ACTION |
| VERSUS | NUMBER:  13-4811<br>c/w 13-4811, 13-6407 |
| OFFSHORE LIFTBOATS, LLC, ET AL. | SECTION:  "E"(5) |

**HEARING ON MOTION**

COURT RECORDER:  Rebecca Gonzalez

APPEARANCES:    Barbara Bossetta, Jeff Peuler, Eric Allen, John Paul Massicot

MOTION:

   (1)    OLB's Motion to Quash Plaintiff's Discovery Requests (Rec. doc. 155).
   (2)    K&K Offshore's Motion to Quash Plaintiff's Discovery Requests (Rec. doc. 161).
   (3)    OLB's Motion to Quash Subpoena Duces Tecum and for Protective Order (Rec. doc. 167).

_____ :    Continued to

_____ :    No opposition

__1-3__ :    Opposition

**ORDERED**

_____ :    Dismissed as moot.

_____ :    Dismissed for failure of counsel to appear.

_____ :    Granted.

_____ :    Denied.

__1-3__ :    Other:

MJSTAR(00:20)

<u>OLB's and K&K's Motions to Quash Plaintiff's Discovery Requests</u>

The Rule 37 certifications appended to Defendants' motions do not indicate that counsel have adequately conferred regarding the specific issues raised in those motions.  Accordingly, the parties are directed to convoke a further Rule 37(a)(1) conference to discuss the specific objections that the Defendants have to those requests as well as any objections to any outstanding requests for production of documents.  In doing so, the parties are to heed the guidance provided by the undersigned in open court today regarding the significant number of requests that have propounded to date; those that are directed to the content of documents that have already been produced; others that are argumentative or ask for conclusions of law; and, those that seek information that is more efficiently obtained via deposition testimony.  Any issues that cannot be resolved are to be the subject of a separate, succinct motion.

<u>OLB's Motion to Quash Subpoena Duces Tecum to H&H Consulting Services, L.L.C. and for Protective Order</u>

OLB has failed to satisfy its burden under Rules 26 and 45.  Most notably, no privilege log was prepared as required by Rule 26 as to any specific documents over which OLB asserts a privilege.  Moreover, while the subpoena and the verification of OLB's counsel are directed to H&H Claims Consultants, the motion seeks to quash/obtain a protective order as to a subpoena issued to H&H Consulting Services, L.L.C.  The relationship between those two entities is not sufficiently established in OLB's motion or supporting papers.  Further, the redacted exhibit attached to OLB's motion is addressed to an individual, as opposed to either entity, and that individual's affiliation with either of the two entities is unexplained.  Its burden under Rules 26 and 45 not being satisfied, OLB's motion is denied.

There is a hearing on various other motions set before the undersigned on February 25, 2015.  It is hereby ordered that the attorneys who have appeared for depositions in this case, specifically Mr. Reich, are to be present for that hearing, with the exception of Mr. Peuler who may have Mr. Staines appear in his stead.  The Court is to be advised of any other conflicts.  Plaintiff is directed to provide the Court with a copy of any of the depositions appended to its motion (rec. doc. 178) that were recorded by videographic means.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2