UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CALVIN HOWARD,** | * | **CIVIL ACTION NO. 13-CV-04811** |
| | * | Consolidated with: 13-CV-6407 |
| **Complainant,** | * | Consolidated with: 14-CV-1188 |
| | * | |
| VS. | * | |
| | * | SECTION "E" |
| **OFFSHORE LIFTBOATS, LLC,** | * | **JUDGE: HON. SUSIE MORGAN** |
| **K & K OFFSHORE, LLC,** *et al* | * | |
| | * | MAGISTRATE "5" |
| | * | MAGISTRATE: MICHAEL NORTH |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SEAMAN'S SECOND AMENDED & SUPPLEMNTAL COMPLAINT

Plaintiff, Calvin Howard, files this Second Amended and Supplemental Complaint against Defendants Offshore Liftboats, LLC, K&K Offshore, LLC, P & M Marine, LLC, Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, Navigators Insurance Company, United States Fire Insurance Company, Lloyd's Underwriters, Torus Insurance Company (U.K.) Limited, Certain Underwriters at Lloyds of London and/or Lloyds Syndicate 3000, and would respectfully show the Court as follows:

### I.
### Jurisdiction

1. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1333.

2. This claim is maintained under the Jones Act and general maritime laws of the United States.

### II.
### Venue

3. Venue is proper in this District because Defendants do a substantial amount of their business in this District, and Plaintiff resides in this District.

00064696-1

## III.
## Parties

4. Plaintiff is an American seaman residing in Louisiana.

5. Defendant Offshore Liftboats, LLC, is a domestic limited liability company, doing business along the Gulf Coast, with a primary business address of 16182 West Main, Cut Off, Louisiana 70345. Offshore Liftboats has previously been served and appeared through counsel.

6. Defendant K & K Offshore, LLC, owns and operates marine vessels and is a provider of logistical support for the oil and gas industry in the Gulf of Mexico as well as the inland market along the Gulf Coast. K & K has previously been served and appeared through counsel.

7. Defendant, P&M Marine, LLC, is a limited liability company formed under the laws of the State of Louisiana and having its principal place of business at 104 Oak Dr., Patterson, Louisiana, 70392. This Defendant has previously been served and appeared through counsel.

8. Defendant "ABC Insurance" is hereby amended to name Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, Navigators Insurance Company, United States Fire Insurance Company, Lloyd's Underwriters, and Torus Insurance Company (U.K.) Limited. These entities collectively provided protection and indemnity insurance to K & K Offshore, LLC, and are named as defendants herein under the Louisiana Direct Action Statute, La. Rev. Stat. § 22:1269. Counsel for K&K, Anthony J. Staines and Jeff Pueler of Staines & Eppling at 3500 N. Causeway Blvd., Suite 820, Metairie, LA 70002, have agreed to accept service on behalf of all these insurers and have further agreed that naming the insurers in this manner is acceptable.

9. Defendant, Certain Underwriters at Lloyds of London and/or Lloyds Syndicate 3000, is a foreign insurance syndicate that provided liability coverage under Policy number LF030030c to Defendant, Offshore Lift Boats, LLC for, among other things, the damages sustained by Plaintiff in the incident in question. This Defendant has previously been served and appeared through counsel.

## IV.
## Nature of the Action

10. This lawsuit arises as a result of the injuries that Plaintiff, Calvin Howard, received on or about May 16, 2013 on the waters of Sabine Pass, Texas. At the time of the incident, Plaintiff was working in the scope of his employment for Defendant, Offshore Liftboats, and in the midst of an attempted crew transfer from the M/V CONTEDER—a 103 foot supply vessel, which was owned by Defendant P&M Marine and being operated by Defendant K&K Offshore—to the L/B Janie, a self-propelled, self-elevating, deck barge, owned by his employer, Defendant Offshore Liftboats.

11. K&K Offshore was operating the M/V CONTENDER pursuant to a charter agreement with Bay South, Inc., and a "Vessel Management Agreement" with the vessel's owner, Defendant P&M Marine. K&K's charter agreement with Bay South required, among other things, that it "transport cargo to the LB JANIE located at HI 24 and work as directed for Tammany Oil & Gas," the operator of the drilling operations that were taking place on the L/B JANIE.

12. The CONTENDER arrived at the L/B JANIE around 2:00 am on May 16, 2014. Upon arrival, Plaintiff and three of his coworkers boarded a "Billy Pugh" basket that was being used to transport Plaintiff and two of his coworkers onboard the JANIE, with a crane, which was being operated by one of Offshore Liftboats' employees. Had Plaintiff and his coworkers made

it to the JANIE, several other Offshore Liftboats employees were supposed to be transported from the JANIE onto the CONTENDER, all of which was being performed as part of a scheduled crew change.

13. Shortly after boarding the Billy Pugh basket, the basket caught and became stuck on the CONTENDER's railing, causing Plaintiff and another of his coworkers to be thrown approximately 20 feet in the air before slamming back down on the CONTENDER's deck. The impact caused Plaintiff to lose consciousness and sustain severe injuries to a majority of his body, including his head, brain, neck and back.

## V.

14. As a result of the fall, Plaintiff sustained severe injuries, which resulted in physical pain and suffering, physical disfigurement, physical impairment, and mental anguish and distress. In all reasonable probability, Plaintiff's physical pain and suffering, physical impairment, physical disfigurement and mental anguish and distress will continue indefinitely. Plaintiff has also suffered a loss of earnings and loss of earning capacity in the past, as well as a loss of future wages and earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

## VI.
## COUNT I – NEGLIGENCE

15. Plaintiff avers each and every allegation made above and in Plaintiff's Original Compliant and alleges negligence and gross negligence against Defendants Offshore Liftboats, K&K Offshore, and P&M Marine, under the Jones Act and general maritime laws.

16. As Plaintiff's Jones Act employer, Defendant Offshore Liftboats had the absolute and non-delegable duty to, among other things, provide and maintain a safe workplace. As the owner and operator of the MV CONTENDER, P&M Marine and K&K Offshore, respectively,

had the duty to, among other things, provide a seaworthy vessel, and properly trained, qualified and experienced crew. Defendants approved, controlled, managed, and were otherwise actively involved in the planning, oversight and execution of the operations that were taking place on both the L/B JANIE and the M/V CONTENDER prior to and at the time of the incident and, therefore, had a duty to, among other things, ensure the safety of the operations, the personnel involved in the operations and the equipment being used to perform those operations.

17. Defendants breached these duties—and were the proximate cause of Plaintiff's injuries—by, *inter alia*:

   a. failing to provide a safe, competent, and qualified crew;

   b. failing to properly train and supervise its crew;

   c. failing to identify, prevent, and/or correct or eliminate hazardous conditions that they knew or should have known were present prior to and at the time of the incident;

   d. failing to provide adequate safety equipment;

   e. allowing the crew change to take place and the crane to be operated on the night of the incident;

   f. failing to ensure that machinery and equipment being used on the vessels and/or in the crew change was only operated by properly qualified, trained and experienced personnel;

   g. failing to have adequately trained, qualified and experienced personal;

   h. failing to provide adequate and required safety equipment;

   i. failing to provide adequate medical treatment;

   j. failing to maintain proper communications and view of the transfer basket during the crew change;

   k. violating applicable Coast Guard, MMS, BOEMRE, BOEM, and BSEE regulations;

    l.    violating federal laws, including but not limited to those contained in Title 46 of the United States Code, governing Vessels and Seaman;

    m.    failing to require and/or implement adequate drug screening and detection procedures and policies;

    n.    allowing workers to use and be under the influence of illegal narcotics while on the job;

    o.    other acts deemed negligent and grossly negligent;

18. These—and other acts of negligence and gross negligence—resulted in severe injuries to Plaintiff and were the proximate cause of those injuries and damages.

19. Plaintiff is also entitled to punitive damages under the general maritime law because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions that caused Plaintiff's injuries, but did nothing to prevent and/or rectify them. Instead, Defendants allowed dangerous conditions to exist on the vessels, untrained, unqualified and/or intoxicated employees to perform dangerous activities under hazardous weather and operating conditions, and allowed a highly dangerous job (i.e., crew change) to take place without adequate safety measures, adequate and properly trained and qualified crew, and adequate and necessary communications among and/or between the crew. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by attempting to transfer personnel including Plaintiff under such dangerous conditions.

## VII.

20. Defendants, Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, Navigators Insurance Company, United States Fire Insurance Company, Lloyd's Underwriters, and Torus Insurance Company (U.K.) Limited, provided liability coverage to Defendant K&K Offshore; Defendant Certain Underwriters at Lloyd's of London, Syndicate 3000 (under Policy number LF030030c) provided liability coverage to Defendant Offshore Liftboats.

21. As such, Defendants Atlantic Specialty Insurance Company, Markel American Insurance Company, ProCentury Insurance Company, Navigators Insurance Company, United States Fire Insurance Company, Lloyd's Underwriters, Torus Insurance Company (U.K.) Limited and Certain Underwriters at Lloyd's of London, Syndicate 3000, are proper parties to this action and liable jointly, severally and *in solido* with Defendants K&K Offshore and Offshore Liftboats for all the damages sustained by Plaintiff under the Louisiana Direct Action Statute, La. Rev. Stat. § 22:1269.

## IX.
## COUNT II – UNSEAWORTHINESS

22. While re-alleging and re-averring each and every allegation made herein above and in Plaintiff's Original Petition, Plaintiff alleges that Defendant P&M Marine and K&K Offshore, as owner and operator of the M/V CONTENDER, and Offshore Liftboats, as owner of the L/B JANIE, owed an absolute and non-delegable duty to provide a safe place to work and/or safe and seaworthy vessels, equipment and appurtenances with this to perform the vessels' operations. Plaintiff alleges that Defendants P&M Marine, K&K Offshore, and Offshore Liftboats breached this duty of seaworthiness and that the breach of this duty proximately caused Plaintiff's injuries and damages.

## X.
## COUNT III – MAINTENANCE AND CURE

23. As an American Seaman, Plaintiff is entitled to maintenance and cure.

24. While re-alleging and re-averring each and every allegation made herein above, Plaintiff alleges that Defendant Offshore Liftboats is liable to Complainant for wages, maintenance and cure and on-shore convalescent expenses and medical care until maximum medical recovery is attained.

25. Defendant Offshore Liftboats has willfully, wantonly, arbitrarily, and capriciously failed to live up to its maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees and costs. As such, Plaintiff demands that Defendant Offshore Liftboats reinstate maintenance payments at a reasonable rate, and pay for Plaintiffs medical treatment and attorney's fees and costs in bringing this action and punitive damages for its failure to comply with its legal obligation.

## XI.

Complainant desires a trial by **CIVIL JURY** on all demands and cause of action herein.

**WHEREFORE**, Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all cost of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

THE CHOUEST LAW FIRM

s/ J. Rand Smith, Jr.
Stephen M. Chouest Esq. LA Bar No. 4090
J. Rand Smith, Jr., Esq. LA Bar No. 27090
4732 Utica Street
Metairie, LA 70006
Tel. (504) 455-1200
Fax. (504) 455-1252

-AND-

*Admitted pro hac vice:*
Ryan H. Zehl, Esq., TX Bar No. 24047166
Kevin C. Haynes, Esq., TX Bar No. 24055639
Eric J. Allen, Esq. TX Bar No. 24071064
Fitts Zehl, LLP
Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
(713) 491-6064 Telephone
(713) 583-1492 Facsimile
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2015, I have electronically filed the foregoing Calvin Howard's Second Amended and Supplemental Complaint with the Clerk of the Court using the CM/ECF-Pacer system and served a copy of the foregoing by electronic filing to the following counsel of record:

Robert S. Reich, T.A.
Lawrence Plunkett
Reich, Album & Plunkett, L.L.C.
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 830-3999
Facsimile: (504) 830-3950
**ATTORNEYS FOR OFFSHORE LIFTBOATS, LLC**

Anthony J. Staines
Jeff D. Pueler
Staines & Eppling
3500 N. Causeway Blvd., Suite 820
Metairie, LA 70002
**ATTORNEYS FOR K & K OFFSHORE, LLC**

/s/ J. Rand Smith, Jr.
_____
J. Rand Smith, Jr.