UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811 c/w**<br>**13-6407, 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.,**<br>    **Defendants** | **SECTION "E" (5)** |

**APPLIES TO:  ALL CASES**

# ORDER

On March 4, 2015, the magistrate judge granted Plaintiff's motion for sanctions[1] and sanctioned Mr. Robert Reich—counsel for Offshore Liftboats, LLC—for his conduct at the depositions of Calvin Howard, Raymond Howard, and Sylvester Richardson.[2] The magistrate judge fined Mr. Reich $1,500 and prohibited him from participating in future depositions in these consolidated cases.  Offshore has appealed the ruling to this Court. For the following reasons, the ruling is affirmed.

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[3]  The magistrate judge is afforded broad discretion in resolving such motions.[4]  The district judge may reverse only if the ruling is "clearly erroneous or contrary to law."[5]  In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been

---

[1] R. Doc. 178
[2] R. Doc. 2oo.
[3] 28 U.S.C. § 636(b)(1)(A).
[4] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[5] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

1

committed."[6]  Mr. Reich argues the magistrate judge's ruling should be reversed for five reasons.

## I. No Due Process Violation

First, he contends the ruling violated his right to constitutional due process. According to Mr. Reich, Plaintiff's motion for sanctions was limited to (1) a complaint that Offshore provided late notice of Mr. Richardson's deposition and imposed undue time limitations on the deposition, and (2) a request for costs.[7]  Because the magistrate judge also considered Mr. Reich's conduct in depositions other than Mr. Richardson's and imposed relief beyond what was specifically requested, Mr. Reich contends he did not receive sufficient notice regarding the potential bases for sanctions.

The Court finds Mr. Reich received adequate notice that his conduct at Mr. Richardson's deposition *and* at the Howard Plaintiffs' depositions was in question.  As a preliminary matter, Plaintiff's motion was not limited to an attack on late notice and time limitations regarding Mr. Richardson's deposition.  The motion also took issue with Mr. Reich's conduct *at* the deposition, specifically, "lobb[ing] speaking objections that appear on approximately 63 pages of the [deposition] transcript and consume 740 lines of text."[8]  Additionally, the motion complained at length of Mr. Reich's conduct at the depositions of Calvin Howard and Raymond Howard.[9]  The transcripts of all three depositions were attached to the motion.[10]  Notice that the ruling on the motion for sanctions would focus on the three depositions was also given at a hearing on various motions to quash on February 11, 2015.  During that hearing, the magistrate judge noted

---

[6] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).
[7] *See* R. Doc. 200-1, p. 2-3.
[8] R. Doc. 178-1, p. 3.
[9] *See id.* at p. 4-7.
[10] *See* R. Doc. 178-6, 178-7, 178-8.

counsel's inability to behave professionally at depositions and ordered all attorneys, including Mr. Reich, to be present at oral argument on the motion for sanctions. In anticipation of that hearing, the magistrate ordered the parties to provide him with the videos of all three depositions. Under these circumstances, the magistrate judge's decision to impose sanctions was consistent with the mandates of procedural due process.[11]

Mr. Reich also argues the magistrate judge erred by imposing non-monetary sanctions because Plaintiff's motion only requested monetary sanctions. Both the factual and legal predicate of this argument are mistaken. Regarding the former, Plaintiff's motion requested monetary relief "as well as whatever the Court deems sufficient to deter similar conduct in the future."[12] Regarding the latter, Mr. Reich cites no authority for the proposition that a court may only impose the sanctions specifically requested by the moving party. The magistrate judge's decision to impose non-monetary sanctions was not clearly erroneous or contrary to law.

## II. Referral to Disciplinary Committee Not Required

Second, Mr. Reich argues that prohibiting him from participating in depositions in this case is tantamount to disqualification from the practice of law and requires a hearing before the Lawyer Disciplinary Committee of the Eastern District of Louisiana. Mr. Reich cites no authority in support of this argument and relies solely on his own warped interpretation of the Rules for Lawyer Disciplinary Enforcement of the Eastern District of Louisiana. But Mr. Reich ignores Rule 1.4, which provides in pertinent part

---

[11] Even if the magistrate judge erred by failing to give Mr. Reich adequate notice, that error was harmless. Mr. Reich appealed the magistrate judge's decision to this Court. At Mr. Reich's request, the Court granted oral argument. Thus, Mr. Reich was given ample opportunity to contest the bases for the magistrate judge's sanctions.
[12] R. Doc. 178-1, p. 10.

3

that "[n]othing contained in these Rules restricts this court in exercising the power to maintain control over proceedings." There is nothing in the Disciplinary Rules purporting to limit a judge's ability to impose sanctions specifically authorized by the Federal Rules of Civil Procedure. The magistrate judge's failure to refer this matter to the Disciplinary Committee was not clearly erroneous or contrary to law.

### III.  No Misinterpretation of Mr. Reich's Conduct at the Depositions

Third, Mr. Reich argues the magistrate judge "incorrectly interpreted" the deposition transcripts.[13] In support of this argument, Mr. Reich cherry-picks certain excerpts and provides a revisionist history of what they *really* mean. The Court has reviewed the transcripts in detail and is appalled by Mr. Reich's strong-arm tactics and utter disregard for civility. The magistrate judge's interpretation of the deposition transcripts was not clearly erroneous.

### IV.  The Sanctions Imposed are Authorized by the Federal Rules

Fourth, Mr. Reich contends the rule under which he was sanctioned—Rule 30(d)(2)—does not authorize the type of sanction imposed in this case. Rule 30(d)(2) authorizes a federal court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." As demonstrated by the plain wording of the Rule, sanctions are not limited to expenses and attorneys' fees. Use of the word "including" demonstrates expenses and attorneys' fees are but one example of an "appropriate sanction" authorized by the Rule. The non-monetary sanctions ordered in this case are appropriate, because previous monetary sanctions against Mr. Reich for

---

[13] R. Doc. 200-1, p. 8.

deposition misconduct have clearly failed to yield adequate deterrence.[14] The magistrate judge's decision to sanction Mr. Reich under Rule 30(d)(2) was neither clearly erroneous nor contrary to law.

## V. No Prejudice to Offshore

Finally, Mr. Reich argues the sanction unduly prejudices Offshore by depriving Offshore of its counsel of choice. But Mr. Reich is only prohibited from participating in depositions. He is free to argue motions, attend status conferences, and represent his client at trial. Moreover, excluding Mr. Reich, Offshore has enrolled five attorneys in this case. Surely some combination of those attorneys can handle the remaining depositions in this case. Thus, any prejudice to Offshore is minimal and, more importantly, significantly outweighed by the importance of sending a clear message to Mr. Reich that his rude and obstructionist behavior in depositions cannot continue.

## CONCLUSION

For the reasons previously stated;

**IT IS ORDERED** that the magistrate judge's decision is **AFFIRMED**.

**New Orleans, Louisiana, this 18th day of June, 2015.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[14] *See* R. Doc. 193, p. 5–6 (detailing the sanctions levied against Mr. Reich).