UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALVIN HOWARD                                                          CIVIL ACTION

VERSUS                                                                 NUMBER: 13-4811
                                                                       c/w 14-1188, 13-6407

OFFSHORE LIFTBOATS, LLC, ET AL.                                        SECTION: "E"(5)

## ORDER AND REASONS

Before the Court is the Motion to Quash Subpoena and for Protective Order filed by non-party Diagnostic Management Affiliates Preferred Provider Organization, L.L.C. ("DMA") (Rec. doc. 253).  Defendant, Offshore Liftboats, LLC ("OLB") filed an opposition to the motion (rec. doc. 260) and DMA filed a reply.  (Rec. doc. 266).  The motion arises out of a subpoena served upon DMA by OLB that sought certain information related to the former's agreements with certain medical providers involved in Plaintiffs' treatment, along with documentation related to payments made by DMA toward Plaintiffs' medical expenses.  DMA objected to the subpoena on the grounds that information sought was irrelevant and inadmissible under the collateral source rule and/or that much of it was "highly confidential," to the extent that its release into the public domain would cause "severe harm" to DMA.  (Rec. doc. 266 at p. 2).

The Court heard oral argument on the motion on June 24, 2015 and issued a Minute Entry the following day directing DMA to produce the subpoenaed information subject to a protective order that the Court would subsequently enter.  (Rec. doc. 268).  Owing to counsel's argument that certain portions of the production were exceedingly sensitive and proprietary, the Court allowed in the foregoing order for DMA to redact those portions of

its production it deemed especially sensitive but to provide un-redacted copies for the Court's *in camera* review.

The aforementioned protective order was entered July 7, 2015. (Rec. doc. 278). The next day, the subject documents were provided to the Court as ordered. The redactions performed by DMA's counsel are found in four separate agreements: two "Physician Agreements" with Dr. Kenneth Vogel and JAB RAD, L.L.C.; a "Hospital Agreement" with Omega Hospital; and a "Subscriber Agreement" with the Law Office of John D. Sileo.[1]

The Court has reviewed all of these agreements in full, not limiting its review to the redacted portions alone. Based upon that review, the Court finds that the information redacted by DMA is no more commercially sensitive or proprietary than much of the other information contained in the agreements and produced subject to the recently issued protective order. In this regard, the Court makes two observations.

First, nowhere in any of the four agreements do the parties to the agreements themselves state or agree that the documents or any portions thereof are to be kept confidential. DMA's *post hoc* protestations to the contrary are undermined by this fact. Similarly, while DMA complains that the redacted information reveals the structure of its business or business plan, the un-redacted portions of the agreements produced actually contain more trenchant descriptive language in that regard. *See. e.g.*, Article XI, para. 11.4 of the Hospital Agreement with Omega Hospital.

Ultimately, based upon its review of the actual redacted language, the Court is simply unconvinced that the release of the redacted information within this litigation – *and subject to the standing protective order* – will or could cause any harm, much less severe

---

[1] The copies of these agreements provided to the Court were not Bates-stamped, nor are they in the record.

2

harm, to DMA. Accordingly, it is hereby ordered that DMA produce complete, un-redacted copies of the four aforementioned agreements to counsel for OLB no later than Wednesday, July 15, 2015. That production will be subject to the protective order currently in place in this case.

New Orleans, Louisiana, this  9th  day of            July            , 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE