UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, et al.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court are two motions for partial summary judgment: (1) Plaintiff Raymond Howard's motion for partial summary judgment on maintenance and cure and punitive damages;[1] and (2) Plaintiff Calvin Howard's motion for partial summary judgment on maintenance and cure and punitive damages.[2] Defendant Offshore Liftboats, LLC, opposes both motions.[3] The Court has considered the briefs, the record, and the applicable law. For the reasons stated herein, the motions for partial summary judgment are **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[4] The parties agree that, at the time of the incident, both Raymond and Calvin were employed by Offshore Liftboats, LLC ("OLB"),[5] the owner and operator of the L/B

---

[1] R. Doc. 231.
[2] R. Doc. 255.
[3] R. Docs. 234, 264.
[4] R. Doc. 231-2 at 1, ¶1; R. Doc. 234-6 at 2, ¶1. *See also* R. Doc. 255-1 at 1, ¶1; R. Doc. 264-4 at 2, ¶1. The parties dispute the specific circumstances surrounding the incident, such as the height from which the Plaintiffs fell. *See* R. Doc. 231-2 at 1, ¶1; R. Doc. 234-6 at 2, ¶1. *See also* R. Doc. 255-1 at 1, ¶1; R. Doc. 264-4 at 2, ¶1. However, these factual disputes are not material to the present motion.
[5] R. Doc. 231-2 at 1, ¶2; R. Doc. 234-6 at 2, ¶2. *See also* R. Doc. 255-1 at 1, ¶2; R. Doc. 264-4 at 2, ¶2.

Janie.[6] The parties also agree that, at the time of the incident, both Raymond and Calvin were working within the course and scope of their employment with OLB.[7] As a result, it is undisputed that both Raymond and Calvin qualify as Jones Act seamen and are thus entitled to be paid maintenance and cure for their respective injuries.[8] In fact, since the incident, OLB has been paying both Raymond and Calvin maintenance at a rate of $35.00 per day.[9]

Raymond and Calvin have both filed motions for partial summary judgment with respect to OLB's maintenance and cure obligation.[10] First, the parties dispute the rate of maintenance to which Raymond and Calvin are lawfully entitled.[11] In their motions, Raymond and Calvin each argue that the current maintenance rate—$35.00 per day—is inadequate.[12] Raymond seeks to have his rate increased to $55.23 per day,[13] and Calvin seeks an increase to $53.29 per day.[14] In sum, both Raymond and Calvin contend that there are no genuine issues of material fact as to their entitlement to these higher maintenance rates.[15] OLB opposes the sought-after maintenance increases.[16] As to both Raymond and Calvin, OLB contends that there are genuine disputes as to issues of material fact, which prevent the Court from granting the motions for partial summary judgment.

---

[6] R. Doc. 231-2 at 1–2, ¶3; R. Doc. 234-6 at 2, ¶3. *See also* R. Doc. 255-1 at 2, ¶3; R. Doc. 264-4 at 2, ¶3. Raymond was employed as a vessel captain and Calvin as a mate. R. Doc. 255-3 at 2, 4.
[7] R. Doc. 231-2 at 1, ¶2; R. Doc. 234-6 at 2, ¶2. *See also* R. Doc. 255-1 at 1, ¶2; R. Doc. 264-4 at 2, ¶2.
[8] R. Doc. 231-2 at 2, ¶6; R. Doc. 234-6 at 2, ¶6. *See also* R. Doc. 255-1 at 2, ¶6; R. Doc. 264-4 at 2, ¶6. OLB admits, with respect to both Raymond and Calvin, that "[i]t is not seriously disputed that plaintiff, as a seaman, is entitled to maintenance and cure." R. Doc. 234 at 4; R. Doc. 264 at 4.
[9] R. Doc. 231-2 at 2, ¶6; R. Doc. 234-6 at 2, ¶6. *See also* R. Doc. 255-1 at 2, ¶6; R. Doc. 264-4 at 2, ¶6.
[10] *See* R. Docs. 231, 255.
[11] R. Doc. 231-2 at 5, ¶¶23–25; R. Doc. 234-6 at 4–5, ¶¶23–25. *See also* R. Doc. 255-1 at 5–6, ¶¶21–23; R. Doc. 264-4 at 4, ¶¶21–23.
[12] R. Doc. 231-2 at 5, ¶¶23–25; R. Doc. 234-6 at 4–5, ¶¶23–25. *See also* R. Doc. 255-1 at 5–6, ¶¶21–23; R. Doc. 264-4 at 4, ¶¶21–23.
[13] R. Doc. 231-2 at 5, ¶24; R. Doc. 234-6 at 5, ¶24.
[14] R. Doc. 255-1 at 6, ¶22; R. Doc. 264-4 at 4, ¶22.
[15] R. Doc. 231-1 at 14; R. Doc. 255-2 at 14.
[16] *See* R. Doc. 234 at 8; R. Doc. 264 at 11.

Raymond and Calvin also seek summary judgment with respect to OLB's obligation to cure.[17] Specifically, Raymond and Calvin argue that OLB has failed to pay a number of medical expenses that they have each incurred, in violation of OLB's duty to pay cure.[18] Further, Raymond and Calvin seek punitive damages for OLB's "willful and wanton refusal to pay cure."[19] OLB opposes the motions for partial summary judgment with respect to the amount of cure OLB owes Raymond and Calvin and their entitlement to punitive damages.[20]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "An issue is material if its resolution could affect the outcome of the action."[22] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[23] All reasonable inferences are drawn in favor of the non-moving party.[24] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[25]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, as in this case, the moving party "must come forward with evidence

---

[17] *See generally* R. Docs. 231, 255.
[18] *See* R. Doc. 231; R. Doc. 231-1 at 2–5, 8–10.
[19] R. Doc. 231-1 at 14; R. Doc. 255-2 at 14.
[20] *See generally* R. Docs. 234, 264.
[21] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[22] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[24] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[25] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[26] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[27]

## **DISCUSSION**

As stated above, the Court has before it two motions for partial summary judgment—(1) Raymond Howard's motion for partial summary judgment on maintenance and cure and punitive damages;[28] and (2) Calvin Howard's motion for partial summary judgment on maintenance and cure and punitive damages.[29] The Court will first address the maintenance and cure obligation, generally, as a matter of law.

I. *MAINTENANCE AND CURE – GENERALLY*

Maintenance and cure derives from maritime law and is a contractual form of compensation given to a seaman who gets injured or falls ill during his or her service on a vessel.[30] The obligation to pay maintenance and cure "includes paying a subsistence allowance, reimbursing medical expenses actually incurred, and taking all reasonable steps to ensure that the seaman receives proper care and treatment."[31] Maintenance, individually, is an allowance intended to cover the reasonable costs that a seaman incurs

---

[26] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[27] *Celotex*, 477 U.S. at 322–24.
[28] R. Doc. 231.
[29] R. Doc. 255
[30] *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). "Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel." *Id.*
[31] *Mayne v. Omega Protein, Inc.*, 370 F. App'x 510, 516 (5th Cir. 2010) (citing *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), *abrogated on other grounds by Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995)).

for his or her food and lodging during the period of his injury.[32] On the other hand, "[c]ure is an employer's obligation to pay for the medical care of the sick or injured seaman."[33] To recover maintenance and cure at the summary judgment stage, the injured seaman must show that no genuine issue of material fact exists with respect to the following four factors:

    (1)    His or her engagement as a seaman;

    (2)    An illness or injury that occurred while in the service of the ship;

    (3)    The wages to which he or she may be entitled; and

    (4)    The expenditures or liability incurred for medicines, nursing care, board, and lodging.[34]

It is undisputed that both Raymond and Calvin satisfy the first factor. That is, no genuine issues of material fact exist as to whether Raymond and Calvin qualify as seamen for the purposes of maintenance and cure.[35] Instead, the parties dispute the remaining factors, including: (1) the extent of the injuries sustained by Raymond and Calvin;[36] (2) the daily rate of maintenance owed to Raymond and Calvin;[37] and (3) the status of certain medical bills and whether OLB must satisfy those bills under its obligation to cure.[38] The Court will now analyze these disputes in the context of the individual motions for partial summary judgment.

---

[32] *Guevara*, 59 F.3d at 1499, *abrogated on other grounds by Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009). *See also Witty v. Sea Support Servs., LLC*, No. 15-114, 2015 WL 1013091, at *2 (E.D. La. Mar. 6, 2015); *Silmon v. Can Do II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996).
[33] *Witty*, 2015 WL 1013091, at *2. *See also Guevara*, 59 F.3d at 1499.
[34] *Witty*, 2015 WL 1013091, at *2. *See also Joubert v. C & C Tech., Inc.*, No. 6:04CV0723, 2005 WL 1830996, at *2 (W.D. La. Aug. 1, 2005); *Freeman v. Thunder Bay Transp. Co., Inc.*, 735 F. Supp. 680, 681 (M.D. La. 1990).
[35] R. Doc. 231-2 at 2, ¶6; R. Doc. 234-6 at 2, ¶6. *See also* R. Doc. 255-1 at 2, ¶6; R. Doc. 264-4 at 2, ¶6. As stated in note 8, OLB admits, with respect to both Raymond and Calvin, that "[i]t is not seriously disputed that plaintiff, as a seaman, is entitled to maintenance and cure." R. Doc. 234 at 4; R. Doc. 264 at 4.
[36] R. Doc. 231-2 at 2, ¶7; R. Doc. 234-6 at 2, ¶7. *See also* R. Doc. 255-1 at 2, ¶7; R. Doc. 264-4 at 2, ¶7.
[37] R. Doc. 231-2 at 5–6, ¶¶23–25; R. Doc. 234-6 at 4–5, ¶¶23–25. *See also* R. Doc. 255-1 at 5–6, ¶¶21–23; R. Doc. 264-4 at 4, ¶¶21–23.
[38] *See generally* R. Doc. 231-2 at 2–5, ¶¶8–22; R. Doc. 234-6 at 3–4, ¶¶8–22. *See also* R. Doc. 255-1 at 2–5, ¶¶8–20; R. Doc. 264-4 at 3–4, ¶¶8–20.

II.     *RAYMOND HOWARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

In his motion, Raymond seeks the enforcement of OLB's maintenance and cure obligation and all compensatory and punitive damages to which he may be entitled in connection therewith.[39] Specifically, Raymond argues that: (1) the maintenance rate of $35.00 per day is inadequate and should be retroactively increased to $55.23 per day; (2) OLB has not satisfied its cure obligation, *i.e.*, OLB has failed to pay Raymond's outstanding medical bills; and (3) punitive damages are appropriate due to OLB's willful and wanton refusal to pay cure.[40]

### A.     *OLB's Maintenance Obligation*

It is undisputed that OLB has paid Raymond maintenance at a rate of $35.00 per day since the May 16, 2013 incident.[41] Raymond now argues, however, that this rate should be retroactively[42] increased to $55.23 per day, a figure Raymond contends better represents his daily expenses.[43] OLB opposes Raymond's requested maintenance-rate increase, arguing that there remain genuine issues of material fact that preclude summary judgment on this claim.[44]

To recover maintenance at the summary judgment stage, it is the seaman's burden to show that there are no genuine issues of material fact as to the expenses that he or she incurred.[45] In this case, the only evidence Raymond has offered in support of his motion—as to his request for an increased rate of maintenance—is an affidavit, in

---

[39] *See* R. Doc. 231 at 1.
[40] *See generally* R. Doc. 231; R. Doc. 231-1 at 8–14.
[41] R. Doc. 231-2 at 2, ¶6; R. Doc. 234-6 at 2, ¶6. *See also* R. Doc. 255-1 at 2, ¶6; R. Doc. 264-4 at 2, ¶6.
[42] Raymond seeks a retroactive increase in his daily rate of maintenance to May 16, 2013. *See* R. Doc. 231-1 at 14.
[43] R. Doc. 231-2 at 5, ¶¶23–25.
[44] R. Doc. 234 at 2, 11. Specifically, OLB argues that (1) the evidence offered by Raymond to support an increase in his maintenance rate amounts to hearsay and is thus not competent summary judgment evidence; and (2) it is unclear the extent to which Raymond actually incurred certain expenses.
[45] *See generally, e.g.*, *Owens v. Abdon Callais Offshore, LLC*, No. 10-3296, 2011 WL 2443687, at *5–6 (E.D. La. June 14, 2011).

which Raymond estimates the various expenses he incurs on a monthly basis.[46] Based solely on the expenses he identifies in this affidavit, Raymond argues his daily rate of maintenance should be increased to $55.23 per day, as that figure—not $35.00 per day—is more in line with his actual, daily expenses.[47]

OLB first questions the basis of Raymond's affidavit,[48] arguing that Raymond has not met his burden of coming forward with evidence that would entitle him to a directed verdict if that evidence were to go uncontroverted at trial.[49] Particularly, OLB contends that, because Raymond executed his affidavit after discussing his expenses with his wife, the affidavit amounts to hearsay and is not competent summary judgment evidence.[50] Under Rule 56 of the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[51] Moreover, "hearsay affidavits cannot be considered a substitute for personal knowledge."[52] In the present case, Raymond stated in his affidavit that he calculated his monthly expenses "[a]fter looking at some bills and talking with [his] wife."[53] It is unclear whether Raymond executed his affidavit with personal knowledge of his expenses or is relying on his wife's statements to him of her personal knowledge of the expenses. As a result, the affidavit is not competent summary

---

[46] Raymond testifies in his affidavit that (1) his rent is $850 per month; (2) his electricity bill averages $250 per month; (3) his telephone bill is $100 per month; (4) his water bill is $57 per month; (5) his cable bill is $100 per month; and (6) his grocery bill is $300 per month. R. Doc. 231-5 at 2, ¶14 ("Affidavit of Raymond Howard").
[47] R. Doc. 231-2 at 5, ¶¶23–25.
[48] R. Doc. 234-6 at 5, ¶¶23–25.
[49] *See* R. Doc. 234 at 5; R. Doc. 234-6 at 5, ¶¶23–25.
[50] R. Doc. 234 at 5.
[51] FED. R. CIV. PROC. 56(c)(4).
[52] *Randolph v. Terrebonne Parish Consol. Gov't*, No. 03-0614, 2003 WL 22836099, at *3 (E.D. La. Nov. 25, 2003) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988)). In sum, the Court cannot consider hearsay evidence contained within an affidavit. *See Encarnacion v. BP Exploration and Production, Inc.*, No. 10-4336, 2013 WL 968138, at *4 n.18 (E.D. La. Mar. 12, 2013) (citing *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)).
[53] *See* R. Doc. 231-5 at 2, ¶14.

7

judgment evidence. Accordingly, the Court finds that Raymond has not met his burden of coming forward with evidence that would entitle him to a directed verdict if that evidence were to go uncontroverted at trial. Summary judgment is not available on Raymond's claim for maintenance.

Out of an abundance of caution, the Court notes that, even if Raymond had met his burden of coming forward with competent summary judgment evidence, material factual disputes remain as to the expenses Raymond actually incurred. In particular, OLB disputes the amount of maintenance to which Raymond is entitled,[54] noting that Raymond lived with his mother for a period of time after the incident and thus did not incur certain expenses during that period.[55] In support of this argument, OLB has offered excerpts from Raymond's deposition testimony, in which Raymond admits to living with his mother for a period of time after the May 16, 2013 incident.[56]

As a result, the Court finds that genuine issues of material fact remain in dispute, which also preclude summary judgment at this time. Even if Raymond's affidavit were competent summary judgment evidence, the Court is not able to determine Raymond's retroactive rate of maintenance as a matter of law because Raymond lived with his mother during a portion of the time period for which he is seeking maintenance benefits. The Fifth Circuit has consistently held that "one who has not paid his own expenses . . . cannot recover maintenance and cure from the shipowner."[57] "If the seaman's food and lodging are both reasonable in quality and free, he is entitled to no

---

[54] R. Doc. 234-6 at 4–5, ¶¶23–25.
[55] *See* R. Doc. 234 at 6–7.
[56] R. Doc. 234-1 at 3 ("Deposition of Raymond Howard").
[57] *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 588 (5th Cir. 2001) (citing *Marine Drilling, Inc. v. Landry*, 302 F.2d 127, 128 (5th Cir. 1962) (per curiam); *Field v. Waterman S.S. Corp.*, 104 F.2d 849, 851 (5th Cir. 1939)). *See also Gauthier v. Crosby Marine Serv., Inc.*, 499 F. Supp. 295, 299 (E.D. La. 1980). In fact, the Supreme Court has followed this Fifth Circuit principle. *See Johnson v. United States,* 333 U.S. 46, 50 (1948).

maintenance from the shipowner."[58] In light of this well-accepted principle, OLB argues not only that Raymond's rate of maintenance should not be increased but also that his maintenance rate should be offset by an amount equal to the maintenance that Raymond improperly received while living with his mother.[59] Raymond fails to address this issue in his motion or reply memorandum. Raymond also fails to account for his expenses, or lack thereof, during the period of time he lived with his mother. As a result, the Court finds that genuine issues of material fact remain in dispute with respect to Raymond's right to receive retroactive maintenance.

B. *OLB's Obligation to Cure*

Raymond also seeks to enforce OLB's obligation to pay cure. As stated above, the right to cure allows an injured seaman to be reimbursed for medical expenses that he or she has actually incurred. Raymond contends OLB has refused to pay over $90,000 of his medical expenses, in violation of OLB's obligation to pay cure.[60] OLB does not dispute whether it is obligated to pay cure to Raymond.[61] Rather, OLB disputes the extent to which Raymond "actually incurred" certain medical expenses and, thus, the proper amount of cure to which Raymond is entitled. [62]

---

[58] *Hall*, 242 F.3d at 588 (citing *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 91 (5th Cir. 1984)). "[T]he shipowner is obligated to pay the seaman no more than the seaman actually spends to obtain reasonable food and lodging." *Id.*
[59] *See* R. Doc. 234 at 6–7.
[60] *See* R. Doc. 231-1 at 14.
[61] R. Doc. 231-2 at 2–4, ¶¶6–22; R. Doc. 234-6 at 2–4, ¶¶6–22. *See also* R. Doc. 234 at 8.
[62] R. Doc. 231-2 at 2–4, ¶¶6–22; R. Doc. 234-6 at 2–4, ¶¶6–22. *See also* R. Doc. 234 at 8. Under Fifth Circuit precedent, the duty to provide cure encompasses the obligation to reimburse only medical expenses that were "actually incurred." *See Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). Cure is limited to "amounts actually expended or liabilities actually incurred." *Henry v. Gulf Dumar Marine, Inc.*, No. 98-3497, 2000 WL 1119115, at *1 (E.D. La. Aug. 4, 2000) (citing *Marine Drilling*, 302 F.2d at 127). "[T]he relevant amount is that needed to satisfy the seaman's medical charges." *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 382 (5th Cir. 2012) (citing *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1246 (5th Cir. 1994); *Boudreaux*, 280 F.3d at 468). That is, if the charges are ultimately paid at a written-down rate, the duty to provide cure contemplates reimbursement at that lower rate—*i.e.*, the expenses "actually incurred."

The record reflects the fact that Raymond has visited a number of physicians and incurred a significant amount of medical expenses since his May 16, 2013 accident.[63] Raymond offers a number of those bills in support of his motion, contending it is undisputed that the bills remain unpaid.[64] Raymond submitted an affidavit from his attorney attesting that the bills submitted are true and correct copies of Raymond's outstanding medical bills.[65] In response, OLB contends that some of Raymond's medical bills have been satisfied at "written-down" or "negotiated" rates.[66] OLB argues it is entitled to "benefit from the write-downs," but has been unable thus far to determine the extent of those write-downs and, consequently, the medical expenses that Raymond actually incurred.[67] As a result, OLB requests that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court defer ruling on this ground of Raymond's motion until OLB can further investigate the issue and determine which medical expenses Raymond actually incurred.

Under Rule 56(d), if a party opposing a motion for summary judgment shows, by way of affidavit or declaration, that for some specific reason it cannot present facts essential to justify its opposition, the Court may defer consideration of the summary judgment motion, deny it, allow time for the non-moving party to obtain affidavits or

---

[63] *See, e.g.*, R. Doc. 231 at 1–2 (listing a number of Raymond's medical bills); R. Doc. 231-1 at 2–5.
[64] R. Doc. 231-2 at 3–5, ¶¶9–21.
[65] R. Doc. 231-7 ("Affidavit of John Sileo"); R. Doc. 231-17 ("Affidavit of John Paul Massicot").
[66] R. Doc. 234 at 8–9.
[67] The record indicates that OLB has attempted to obtain information pertaining to Raymond's medical bills and whether those bills have been satisfied at written-down rates. OLB issued subpoenas and deposition notices to Diagnostic Management Affiliates ("DMA"), a private entity that negotiates and enters into contracts with physicians who agree to provide medical services to individuals at discounted rates. DMA had such a contract with Raymond Howard. *See* R. Doc. 235-2 at 2. The Court notes that the subpoenas issued to DMA became hotly contested within this litigation, but Magistrate Judge North ruled on July 10, 2015, that DMA was required to provide OLB with the requested information in full. *See* R. Doc. 268; R. Doc. 279 at 1–3. It appears the information was received by July 15, 2015. *See* R. Doc. 279 at 3.

declarations or to take discovery, or issue any other appropriate order.[68] The Rule is "designed to safeguard against a premature or improvident grant of summary judgment."[69] Rule 56(d) motions are "generally favored, and should be liberally granted."[70]

Pursuant to Rule 56(d), OLB filed an affidavit with its opposition memorandum to the present motion.[71] OLB's affidavit attests to the fact that, if OLB is given additional time to obtain documents and conduct depositions, OLB will be positioned to show that the medical expenses allegedly incurred by Raymond are "inflated" and "not owed as cure."[72] As such, the Court deems it appropriate at this time to defer ruling on Raymond's motion with respect to his claim for cure until OLB has an opportunity to determine which medical expenses Raymond actually incurred.

## III. *CALVIN HOWARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

Calvin Howard has also filed a motion for partial summary judgment with respect to OLB's maintenance and cure obligation.[73] In his motion, Calvin seeks (1) a retroactive increase in his rate of maintenance, from $35.00 per day to $53.29 per day; (2) to enforce OLB's obligation to pay cure, stating that over $196,000 of his medical bills remain unpaid; and (3) punitive damages due to OLB's willful and wanton refusal to pay cure.[74]

---

[68] FED. R. CIV. P. 56(d).
[69] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).
[70] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).
[71] R. Doc. 234-5.
[72] R. Doc. 234-5 at 2.
[73] *See generally* R. Doc. 255.
[74] *See* R. Doc. 255 at 2.

A.     *OLB's Maintenance Obligation*

As stated above, to recover maintenance at the summary judgment stage, the seaman bears the burden of showing that there are no genuine issues of material fact as to the actual expenses that he or she incurred.[75] Calvin has not satisfied this burden, and thus Calvin is not entitled to summary judgment with regard to OLB's maintenance obligation.

Calvin listed his approximate monthly expenses in the memorandum filed in support of his motion.[76] The only evidence Calvin cites to prove his expenses is his deposition transcript, during which he briefly testified as to his monthly expenses.[77] However, Calvin's deposition testimony fails to provide the Court with sufficiently specific evidence of the expenses that he actually incurred. Furthermore, the amounts argued for in Calvin's memorandum differ from the testimony he provided in his deposition.[78]

For example, Calvin stated in his deposition that his mortgage payments are $1,100 per month,[79] but argues he pays $1,147 in his memorandum.[80] Also, in his memorandum, Calvin lists with specificity the other expenses he allegedly incurs on a monthly basis,[81] but his deposition testimony provides only ranges within which his expenses typically fall.[82] Calvin testified in his deposition that his light bill ranges from

---

[75] *See generally, e.g.*, *Owens*, 2011 WL 2443687, at *5–6.
[76] *See* R. Doc. 255-2 at 13. "Calvin Howard's mortgage is $1,147.00 per month. After reviewing his monthly utility expenses, Calvin Howard has determined that his utility bills are as follows: electricity bill averages $150.00 per month; water is $55 per month; and groceries are approximately $300 per month." R. Doc. 255-2 at 13 (internal citations omitted).
[77] *See* R. Doc. 255-2 at 13; R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").
[78] *Compare* R. Doc. 255-2 at 13, *with* R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").
[79] R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").
[80] R. Doc. 255-2 at 13.
[81] *See* R. Doc. 255-2 at 13.
[82] R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").

$100.00 to $200.00 and his water bill from $30.00 to $80.00.[83] Further, Calvin testified during his deposition that his grocery bill "varies,"[84] but argues in his memorandum that he spends approximately $300.00 per month on groceries.[85] Calvin's deposition testimony is not sufficient to prove the actual, specific expenses he argues for in his memorandum. As Calvin's deposition testimony is the only evidence offered in support of his motion, he has not established beyond dispute that he actually incurred the expenses listed in his memorandum. Calvin has failed to meet his burden of coming forward with evidence that would entitle him to a directed verdict if that evidence were to go uncontroverted at trial. Summary judgment on this claim consequently is denied.

  B. *OLB's Obligation to Cure*

Calvin also seeks to enforce OLB's obligation to pay him cure.[86] Calvin maintains that over $190,000 in medical bills have gone unreimbursed by OLB, due to OLB's refusal to comply with its duty to pay cure.[87] To prevail on summary judgment, Calvin as the moving party bears the burden of showing the absence of genuine disputes as to issues of material fact, a burden that he has once again failed to carry.

In support of his motion, Calvin offers as evidence a significant number of outstanding medical bills.[88] OLB responds with independent medical examination reports, which call into question the necessity of the expenses reflected in Calvin's medical bills.[89] It is clear that Calvin's and OLB's summary judgment evidence differ as

---

[83] R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").
[84] R. Doc. 255-26 at 9 ("Deposition of Calvin Howard").
[85] R. Doc. 255-2 at 13.
[86] R. Doc. 255 at 2; R. Doc. 255-2 at 10–11.
[87] *See* R. Doc. 255-2 at 10.
[88] *See* R. Doc. 255-2 at 3–4; R. Docs. 255-9, 255-10, 255-11, 255-12, 255-13, 255-14, 255-15, 255-16, 255-17, 255-18, 255-19, 255-20, 255-21, 255-22, 255-23, 255-24.
[89] R. Docs. 264-2, 264-3.

to Calvin's proper diagnosis and treatment needs.[90] "The Fifth Circuit has repeatedly held that conflicting diagnoses and prognoses from various physicians present a question of fact as to the seaman's entitlement to maintenance and cure benefits."[91] Accordingly, genuine issues of material fact remain in dispute as to Calvin's claim for cure. Summary judgment on this claim is denied.

IV. *PUNITIVE DAMAGES & ATTORNEYS' FEES*

Both Raymond and Calvin ask the Court to award punitive damages due to OLB's "willful and wanton refusal to pay cure."[92] However, because Raymond and Calvin have not established an entitlement to cure on summary judgment, Raymond and Calvin are not entitled to punitive damages at this stage of the proceedings.[93] Neither are Raymond and Calvin entitled to attorneys' fees.

## CONCLUSION

**IT IS ORDERED** that Plaintiff Raymond Howard's motion for partial summary judgment on maintenance and punitive damages is **DENIED** and on cure is **DEFERRED**.

**IT IS FURTHER ORDERED** that Plaintiff Calvin Howard's motion for partial summary judgment on maintenance and cure and punitive damages is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant OLB submit a supplemental opposition memorandum to the Court by **November 15, 2015**, at **5:00 p.m.**, addressing Plaintiff Raymond Howard's motion for partial summary judgment with

---

[90] Both Calvin and OLB rely on medical bills and certified medical records in arguing their respective positions. But these documents present genuine issues of fact with respect to Calvin's claim for cure, as it is unclear the extent to which the bills are subject to reimbursement under OLB's obligation to pay cure.
[91] *Rowan v. Chem Carrier Towing, LLC*, No. 12-712, 2015 WL 2097572, at *6 (E.D. La. May 5, 2015) (citing *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 389 (5th Cir. 1985); *Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987)).
[92] R. Doc. 231-1 at 14; R. Doc. 255-2 at 14.
[93] *See, e.g., Wilson v. Kevin Gros Offshore, Inc.*, No, 10-1514, 2011 WL 121734, at *1 (E.D. La. Jan. 12, 2011) ("Moreover, Plaintiff is not entitled to punitive damages because he cannot show that he is entitled to maintenance and cure, a necessary pre-requisite for recovering punitive damages.").

respect to his claim for cure. Raymond may file a supplemental reply memorandum by **November 22, 2015**, at **5:00 p.m.**

  **New Orleans, Louisiana, this 12th day of October, 2015.**

         _____
         **SUSIE MORGAN**
       **UNITED STATES DISTRICT JUDGE**