UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

### ORDER AND REASONS

Before the Court are two motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Both motions were filed by "the K&K Defendants."[2] The first motion to dismiss is with respect to Plaintiff Calvin Howard's claims for punitive damages against the K&K Defendants,[3] and the second motion to dismiss is with respect to Plaintiff Raymond Howard's claims for punitive damages against the K&K Defendants.[4] Both Plaintiffs have filed oppositions to the respective motions.[5] The K&K Defendants then filed a reply memorandum in further support of the motions to dismiss.[6]

The Court has considered the briefs, the record, and the applicable law, and now issues its ruling. For the reasons stated herein, the motions to dismiss are **GRANTED**.

### BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[7]

---

[1] R. Docs. 341, 343.
[2] The motions were filed by K&K Offshore, LLC, and its many insurers—P&M Marine, LLC; Atlantic Specialty Insurance Company; Markel American Insurance Company; ProCentury Insurance Company; Navigators Insurance Company; United States Fire Insurance Company; Lloyds Underwriters; and Torus Insurance Company (UK), Limited. They are referred to herein, collectively, as "the K&K Defendants."
[3] R. Doc. 341.
[4] R. Doc. 343.
[5] R. Doc. 357 (Raymond Howard); R. Doc. 376 (Calvin Howard).
[6] R. Doc. 406.
[7] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.

At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, ("OLB"), the owner and/or operator of the L/B Janie.[8] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[9] As a result of the accident, both Raymond and Calvin filed suit against OLB—their Jones Act employer—alleging, *inter alia*, negligence under the Jones Act and seeking punitive damages. Raymond and Calvin also sued K&K Offshore, a non-employer third party, under the General Maritime Law for negligence and unseaworthiness, as well as for punitive damages.

On October 30, 2015, the K&K Defendants filed the present motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] The motions seek the dismissal of Raymond Howard's and Calvin Howard's punitive damages claims against the K&K Defendants. It is these motions that are presently before the Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a claim if the claimant fails to set forth factual allegations in support of the claim that would entitle the claimant to relief.[11] Those "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'"[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In considering a motion to dismiss, the Court must accept all well-

---

[8] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[9] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[10] R. Docs. 341, 343.
[11] *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir.2009) (quoting *Twombly,* 550 U.S. at 555).
[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).
[14] *Id.*

pleaded facts as true and draw all reasonable inferences in favor of the non-moving party.[15] The Court need not, however, accept as true legal conclusions couched as factual allegations.[16] "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[17]

## DISCUSSION

The K&K Defendants contend that controlling Fifth Circuit precedent, namely *McBride v. Estis Well Services, LLC*,[18] "has expressly precluded awards for punitive damages related to claims arising under the Jones Act and General Maritime Law."[19] In *McBride*, the Fifth Circuit cited to and relied on the Supreme Court's 1990 decision in *Miles v. Apex Marine Corp.*, which held that "the Jones Act limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness. Because punitive damages are non-pecuniary losses, punitive damages may not be recovered."[20]

In response, Raymond and Calvin rely heavily on a recent decision of this district, *Collins v. A.B.C. Marine Towing, L.L.C*,[21] which concluded that punitive damages *are* available under General Maritime Law against a non-employer third party.[22] In *Collins*, the court declined to follow the Fifth Circuit's decision in *Scarborough v. Clemco Industries*, which held, in line with *Miles* and *McBride*, that a seaman may not recover punitive damages against either his employer or a non-employer.[23] *Collins* noted that,

---

[15] *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009).
[16] *Iqbal,* 556 U.S. at 678.
[17] *Id.* at 679.
[18] 768 F.3d 382 (5th Cir. 2014) (en banc).
[19] R. Doc. 341 at 1–2; R. Doc. 343 at 1–2.
[20] *McBride*, 768 F.3d at 383 (citing *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)).
[21] *See* R. Docs. 357 at 4–5; R. Doc. 376 at 4–6. Both Raymond and Howard base their oppositions, in large part, on the *Collins* decision and its reasoning. For the *Collins* decision, see *Collins v. A.B.C. Marine Towing, L.L.C.*, No. 14-1900, 2015 WL 5254710 (E.D. La. Sept. 9, 2015).
[22] *Collins*, 2015 WL 5254710, at *5–6.
[23] *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668 (5th Cir. 2004).

since the *Scarborough* decision in 2004, the Supreme Court has held—in *Atlantic Sounding Co. v. Townsend*—that a seaman can recover punitive damages for an employer's arbitrary withholding of maintenance and cure.[24] Thus, the *Collins* court concluded that the Supreme Court effectively "call[ed] into question the legal reasoning and conclusions espoused in *Scarborough*" and that, consequently, *Scarborough* had been implicitly overruled.[25] As a result, the *Collins* court found, in the context of a seaman's claims against a non-employer third party where the Jones Act is not implicated, the seaman can recover punitive damages.[26]

However, as even *Collins* recognizes, the *Townsend* decision is specific to the maintenance-and-cure context and does not address whether punitive damages are available for claims of unseaworthiness.[27] In fact, the *Townsend* Court took pains to distinguish maintenance and cure, for which it concluded punitive damages are available, from a seaman's remedies for negligence and unseaworthiness, for which punitive damages are generally not available under *Miles*, *Scarborough*, and *McBride*.[28] As other courts in this district have recognized, although *Townsend* may give hope to seamen wishing to obtain punitive damages for unseaworthiness claims against their employers and non-employers, "this Court cannot assume the Fifth Circuit has changed its position on personal injury claims falling outside the scope of *Townsend*."[29] Further, the Court

---

[24] *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424–25 (2009); *see also Collins*, 2015 WL 5254710, at *3–4.
[25] *Collins*, 2015 WL 5254710, at *5.
[26] *Id.* at *5–6.
[27] *Id.* at *3. *See also Townsend*, 557 U.S. at 419–21.
[28] *Townsend*, 557 U.S. at 407. Moreover, *Townsend* also does not reach the issue specific to the present motions, *i.e.*, whether punitive damages are available against a non-employer third party, such as K&K Offshore.
[29] *Bloodsaw v. Diamond Offshore Mgmt. Co.*, No. 10-4163, 2013 WL 5339207, at *1 (E.D. La. Aug. 19, 2013). *See also In re International Marine*, No. 12-358, 2013 WL 3293677, at *9 (E.D. La. June 28, 2013); *O'Quain v. Shell Offshore, Inc.*, No. 2:12-cv-01693, 2013 WL 149467, at *4 (E.D. La. Jan. 14, 2013); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2011 WL

notes that the Fifth Circuit's decision in *Scarborough*, which held that a seaman may not recover punitive damages against either his employer or a non-employer, is binding on this Court and has never been overruled. As a result, the Court finds that the punitive damages claims of Plaintiffs Raymond Howard and Calvin Howard against K&K Offshore are not plausible claims for relief in light of binding Fifth Circuit precedent.

## CONCLUSION

**IT IS ORDERED** that the motions to dismiss filed by the K&K Defendants, with respect to the punitive damages claims of Plaintiffs Raymond Howard and Calvin Howard,[30] are hereby **GRANTED**.

New Orleans, Louisiana, this 19th day of November, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

4575696, at *11 (E.D. La. Sept. 30, 2011); *Wilson v. Noble Drilling Corp.*, No. 08-4940, 2009 WL 9139586, at *2–3 (E.D. La. Aug. 12, 2009).
[30] R. Docs. 341, 343.