UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.** | **SECTION "E" (5)** |

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment on Unseaworthiness, Negligence, and Contributory Negligence.[1] The Motion was filed jointly by Plaintiffs Raymond Howard and Calvin Howard (collectively, "Plaintiffs"). Defendants K&K Offshore, LLC ("the K&K Defendants"),[2] and Offshore Liftboats, LLC ("OLB"), oppose the Motion.[3] Plaintiffs have also filed a reply memorandum in further support of their Motion for Partial Summary Judgment.[4] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the Motion for Partial Summary Judgment is **DENIED**.

### BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[5] At the time of the accident, both Raymond and Calvin were employed by Offshore

---

[1] R. Doc. 353.
[2] The phrase "the K&K Defendants" is used to refer to Defendant K&K Offshore, LLC, and its many insurers—P&M Marine, LLC; Atlantic Specialty Insurance Company; Markel American Insurance Company; ProCentury Insurance Company; Navigators Insurance Company; United States Fire Insurance Company; Lloyds Underwriters; and Torus Insurance Company (UK), Limited.
[3] R. Docs. 397, 399.
[4] R. Doc. 418.
[5] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.

1

Liftboats, LLC, the owner and/or operator of the L/B Janie.[6] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[7] As a result of the accident, both Raymond and Calvin filed suit against, among others, OLB—their Jones Act employer—and K&K Offshore.

On October 30, 2015, Plaintiffs filed the present Motion for Partial Summary Judgment on (1) the liability of the K&K Defendants and OLB for the unseaworthiness of their vessels; (2) the liability of OLB for negligence under the Jones Act; and (3) the affirmative defense of contributory negligence asserted by both the K&K Defendants and OLB.[8] Because the Motion and supporting briefs contained inadequate record citations, the Court ordered Plaintiffs to refile their Motion for Partial Summary Judgment with proper citations to the attached exhibits and the record.[9] Plaintiffs refiled the Motion pursuant to the Court's Order on November 5, 2015.[10] It is this Motion that is presently before the Court.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[6] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[7] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[8] R. Doc. 329.
[9] R. Doc. 348.
[10] *See* R. Doc. 353.
[11] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[13] All reasonable inferences are drawn in favor of the non-moving party.[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[15]

## DISCUSSION

Plaintiffs' Motion for Partial Summary Judgment is based on three grounds. First, Plaintiffs seek a ruling on summary judgment that the M/V Contender and the M/V Janie, the vessels of K&K Offshore and OLB, respectively, were unseaworthy, both per se and as a matter of undisputed fact and law.[16] Second, Plaintiffs seek summary judgment that OLB is liable for negligence under the Jones Act, both per se and as a matter of undisputed fact and law.[17] Third, Plaintiffs move for summary judgment on the contributory negligence defenses asserted by OLB and the K&K Defendants. Plaintiffs contend OLB and the K&K Defendants are barred, in this case, from asserting the affirmative defense of contributory negligence. The Court will address each ground of Plaintiffs' Motion, in turn, below.

A. UNSEAWORTHINESS

    1. M/V Contender

Plaintiffs argue the Court should, on summary judgment, find that the M/V Contender, the vessel owned and/or operated by K&K Offshore, was unseaworthy, both per se and as an undisputed matter of fact and law.[18] Plaintiffs aver the M/V Contender

---

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[16] R. Doc. 353-2 at 9.
[17] R. Doc. 353-2 at 9.
[18] R. Doc. 353-2 at 18.

was unseaworthy per se because, following the May 16, 2013 incident, K&K Offshore failed to abide by Coast Guard regulations requiring alcohol and drug testing within a certain period of time following marine incidents.[19] The Coast Guard regulation cited by Plaintiffs is Title 46, Section 4.06-3, of the Code of Federal Regulations, which requires alcohol testing of those involved in a "serious marine incident" within 2 hours of the incident and drug testing within 32 hours of the incident.[20] Plaintiffs contend this regulation is "intended to protect seamen" and rely on *Reyes v. Vantage Steamship Co.*, 609 F.2d 140 (5th Cir. 1980), and *Roy Crook and Sons, Inc. v. Allen*, 778 F.2d 1037 (5th Cir. 1977), for the proposition that the violation of such a regulation constitutes negligence and unseaworthiness per se.

Unseaworthiness, whether per se or otherwise, requires an analysis of proximate cause.[21] To amount to unseaworthiness per se, K&K Offshore's failure to conduct alcohol and drug tests must be causally related to Plaintiffs' injuries.[22] Plaintiffs offer no evidence and point to no facts which establish that K&K Offshore's failure to perform alcohol and drug tests subsequent to the May 16, 2013 incident caused, or played a part in causing, the injuries suffered by Plaintiffs during the May 16th incident. Moreover, the Fifth Circuit has held, as noted by the K&K Defendants, that the failure to perform post-accident tests or satisfy post-accident obligations is not causally related to a *preceding* accident-in-question.[23] Such conduct may give rise to "independent liability" but has no bearing on, or causal relationship to, the incident that triggered the need for post-incident

---

[19] R. Doc. 353-2 at 18–19; R. Doc. 353-1 at 19, ¶80.
[20] R. Doc. 353-2 at 18–19 (citing 46 C.F.R. § 4.06-3).
[21] *See, e.g., Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 162 (5th Cir. 1985); *Manderson v. Chet Morrison Contractors, Inc.*, No. 08-CV-881, 2010 WL 3035491, at *5–6 (W.D. La. Aug. 2, 2010).
[22] *Smith*, 772 F.2d at 162.
[23] *In re Transporter Marine, Inc.*, 217 F.3d 335, 339 (5th Cir. 2000).

testing.[24] For these reasons, Plaintiffs have failed to satisfy their summary judgment burden with respect to the argument that the M/V Contender was unseaworthy per se.

Plaintiffs further argue that, even if not unseaworthy per se, the M/V Contender was unseaworthy based on the undisputed facts and law.[25] According to Plaintiffs, K&K Offshore employed an "inadequate crew[]," which rendered the vessel unseaworthy.[26] For example, Plaintiffs claim Blake Ryland, the M/V Contender's signalman on May 16th, was not a "competent" seaman and should not have been hired by K&K Offshore due to failed drug tests in his past.[27] In response, the K&K Defendants cite competent evidence, which shows that Ryland passed his pre-employment drug screening and participated in a thorough interview process prior to being hired.[28] In sum, the parties dispute whether Ryland was competent to serve as a signalman.[29] Under Fifth Circuit case law, "an adequate and competent crew is an essential ingredient of unseaworthiness."[30] However, "questions of adequacy and competency are questions of fact," which cannot be resolved on summary judgment.[31]

Moreover, the parties also dispute whether Ryland communicated with the crew of the L/B Janie,[32] which affects whether the M/V Contender was unseaworthy. Conflicting testimony has been elicited on whether Ryland actually gave a signal to lift the basket and

---

[24] *See id.*
[25] R. Doc. 353-2 at 21.
[26] R. Doc. 353-2 at 21–24. For the proposition that the warranty of seaworthiness encompasses the duty to provide an adequate crew, see *Lemar Towing Co., Inc. v. Fireman's Fund Ins. Co.*, 35 F. Supp. 652, 661 (E.D. La. 1972).
[27] R. Doc. 353-2 at 21; R. Doc. 353-1 at 20, ¶83.
[28] R. Doc. 397-1 at 20, ¶83 ("K&K does dispute the allegation that Ryland was not qualified for his job duties."). *See also* R. Doc. 397-6 at 1 (Pre-Employment Medical Review); R. Doc. 397-2 at 6 –7 (Deposition of Blake Ryland); *see generally* R. Doc. 397-7 (Deposition of Greg Lasseigne).
[29] R. Doc. 353-1 at 20, ¶83; R. Doc. 397-1 at 20, ¶83. *See also* R. Doc. 397-6 at 1 (Pre-Employment Medical Review); R. Doc. 397-2 at 6–7 (Deposition of Blake Ryland); *see generally* R. Doc. 397-7 (Deposition of Greg Lasseigne).
[30] *See, e.g., Dillon v. M.S. Oriental Inventor*, 426 F.2d 977, 979 (5th Cir. 1970) (citing *Admiral Towing Co. v. Woolen*, 290 F.2d 641, 646 (9th Cir. 1961)).
[31] *See, e.g., Dillon*, 426 F.2d at 979; *Hanover Fire ins. Co. v. Holcombe*, 223 F.2d 844, 845 (5th Cir. 1955).
[32] R. Doc. 353-1 at 13, ¶45; R. Doc. 397-1 at 13, ¶45; R. Doc. 397-2 at 12–13 (Deposition of Blake Ryland).

commence the personnel transfer.[33] Whether the crew of the M/V Contender, specifically Ryland, communicated with the crew of the L/B Janie, both prior to and during the transfer, is an issue of material fact that remains in dispute.[34] The parties also dispute whether the condition of the seas or the natural movement of the boat caused the M/V Contender to move during the personnel transfer.[35]

Because material issues of fact remain in dispute, summary judgment on the seaworthiness of the M/V Contender is not proper at this time.

### 2. L/B Janie

Plaintiffs extend similar arguments with respect to OLB's vessel, the L/B Janie. As with the M/V Contender, Plaintiffs argue the L/B Janie was unseaworthy per se due to OLB's violation of the Coast Guard's alcohol and drug-testing regulations.[36] As stated above, however, Plaintiffs have not satisfied the proximate-cause prong of the unseaworthiness inquiry by offering a viable causal connection between the injuries Plaintiffs sustained in the May 16th incident and OLB's failure to perform drug and alcohol tests post-incident. For the reasons stated above, Plaintiffs' are not entitled to summary judgment that the L/B Janie was unseaworthy per se.

Plaintiffs also argue the L/B Janie was unseaworthy as a matter of undisputed fact and law. Whether the L/B Janie was unseaworthy on May 16, 2013, however, depends upon the resolution of genuine issues of material fact, which preclude summary judgment. For example, Plaintiffs argue the L/B Janie, like the M/V Contender, was unseaworthy because its crane operator, Sylvester Richardson, was not a competent

---

[33] R. Doc. 353-1 at 13, ¶45; R. Doc. 397-1 at 13, ¶45; R. Doc. 397-2 at 12–13 (Deposition of Blake Ryland).
[34] R. Doc. 353-1 at 10–11, ¶¶34, 35, 36; R. Doc. 397-1 at 11, ¶34. *See also* R. Doc. 353-1 at 12–14, ¶¶44–47; R. Doc. 397-1 at 12–13, 16–17, ¶¶44–47, 65.
[35] R. Doc. 397-1 at 22.
[36] R. Doc. 353-2 at 18.

6

seaman.[37] OLB disagrees and argues Richardson was competent, citing Richardson's deposition testimony as support.[38] Richardson testified that he is a licensed Class-A crane operator and made more than fifty personnel transfers on board the L/B Janie prior to the May 16th incident.[39] As noted above, "questions of adequacy and competency are questions of fact," which cannot be resolved on summary judgment.[40] In addition to this conflicting evidence, other factual disputes remain, such as whether Richardson lifted the basket prior to being given a signal to do so by Blake Ryland.[41] In light of these factual disputes, the Court finds that summary judgment is inappropriate, as genuine issues of material fact remain in dispute with respect to the seaworthiness of the L/B Janie.

### B. LIABILITY UNDER THE JONES ACT

The Court now turns to the second ground of Plaintiff's Motion for Partial Summary Judgment. Plaintiffs seek summary judgment on their Jones Act claims against OLB, arguing OLB is liable under the Jones Act for negligence per se and negligence as a matter of undisputed fact and law.

In support of their negligence per se argument, Plaintiffs again emphasize OLB's failure to conduct alcohol and drug tests after the May 16th incident.[42] However, as with unseaworthiness per se, a finding of negligence per se under the Jones Act requires causation.[43] Plaintiffs have not shown that OLB's failure to obey the Coast Guard regulations on alcohol and drug testing post-incident caused or contributed, in any way,

---

[37] R. Doc. 353-2 at 21–22. *See also* R. Doc. 353-1 at 4, ¶7.
[38] R. Doc. 397-1 at 4, ¶7; R. Doc. 397-1 at 4, ¶6. *See also* R. Doc. 399 at 11–13; R. Doc. 399-11 at 2; R. Doc. 399-4 at 2, 6–8 (Deposition of Sylvester Richardson).
[39] R. Doc. 399-4 at 2, 7 (Deposition of Sylvester Richardson).
[40] *See, e.g., Dillon*, 426 F.2d at 979; *Hanover Fire ins. Co. v. Holcombe*, 223 F.2d 844, 845 (5th Cir. 1955).
[41] R. Doc. 353-1 at 13, ¶45; R. Doc. 397-1 at 13, ¶45; R. Doc. 397-13 (Crew Injury Evaluation).
[42] R. Doc. 353-2 at 25; R. Doc. 353-1 at 20–21, ¶88.
[43] *Smith*, 772 F.2d at 160–61.

7

to the injuries sustained by Plaintiffs. Summary judgment on negligence per se under the Jones Act is not available.

Neither are Plaintiffs entitled to summary judgment as a matter of undisputed fact and law on their claims for general negligence under the Jones Act. Material issues of fact remain in dispute that preclude such a finding at this stage. For example, the parties dispute, as noted above, whether Richardson lifted the basket without a signal from Ryland,[44] whether Richardson was qualified to operate the crane on board the L/B Janie,[45] and whether OLB's crew was inadequately trained to conduct the personnel-transfer.[46] These are issues of disputed fact which impact whether OLB was negligent under the Jones Act and, thus, preclude summary judgment.

C. CONTRIBUTORY NEGLIGENCE

The final ground of the Plaintiffs' Motion for Partial Summary Judgment concerns the affirmative defense of contributory negligence asserted by the K&K Defendants and OLB. Plaintiffs first argue that, because K&K Offshore and OLB violated 46 C.F.R. § 4.06, a "regulation intended to protect seamen," K&K Offshore and OLB are barred from asserting contributory negligence as a defense.[47] In support, Plaintiffs cite 45 U.S.C. § 53, which provides:

> no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

---

[44] R. Doc. 353-1 at 13, ¶45; R. Doc. 397-1 at 13, ¶45; R. Doc. 397-13 (Crew Injury Evaluation).
[45] R. Doc. 353-2 at 22; R. Doc. 353-1 at 4, ¶7. *But see* R. Doc. 397-1 at 4, ¶7; R. Doc. 397-1 at 4, ¶6; R. Doc. 399 at 11–13; R. Doc. 399-11 at 2; R. Doc. 399-4 at 2, 6–8 (Deposition of Sylvester Richardson).
[46] *See generally id.*
[47] R. Doc. 353-2 at 27.

For Section 53 to apply, however, the statutory or regulatory violation must *contribute* to the injury or death of the employee.[48] As discussed, *supra*, Plaintiffs have not shown that K&K Offshore's and OLB's alleged post-incident violations of 46 C.F.R. § 4.06 somehow contributed to the injuries sustained by Plaintiffs during the May 16th incident.

Plaintiffs also contend summary judgment is appropriate on Defendants' contributory negligence claims because there is not a "scintilla of evidence of contributory negligence."[49] Whether Plaintiffs were contributorily negligent with respect to their injuries, however, is disputed and is not suited for resolution on summary judgment.[50] For example, in their opposition to Plaintiffs' motion, the K&K Defendants cite the deposition testimony of Blake Ryland, the M/V Contender's signalman.[51] Ryland testified that Plaintiffs boarded the personnel-basket to be transferred to the L/B Janie prior to being instructed to do so.[52] According to Ryland, he "didn't tell [Plaintiffs] to get on the basket," but Plaintiffs boarded the basket anyway.[53] Whether Plaintiffs got on the basket before being instructed to do so is a disputed issue of fact.[54]

The K&K Defendants and OLB also cite the deposition testimony of various experts who concluded that Plaintiffs had "stop-work authority" and could have halted the transfer at any time as evidence of contributory negligence.[55] The K&K Defendants argue Plaintiffs should have "exercised this authority if they saw anything that may have

---

[48] *See* 45 U.S.C. § 53.
[49] R. Doc. 353-2 at 28.
[50] R. Doc. 353-1 at 21–22, ¶¶90–93; R. Doc. 397-1 at 21–22, ¶¶90–93; R. Doc. 399-11 at 6–7, ¶¶90–93.
[51] R. Doc. 397-2 (Deposition of Blake Ryland).
[52] R. Doc. 397-2 at 22 (Deposition of Blake Ryland).
[53] R. Doc. 397-2 at 25 (Deposition of Blake Ryland).
[54] R. Doc. 397-1 at 21–22, ¶¶90–93; R. Doc. 397-5 at 15–16 (Deposition of Captain Gregory Daley).
[55] R. Doc. 397-5 at 3, 14–15 (Deposition of Captain Gregory Daley); R. Doc. 397-11 at 4–5 (Deposition of Jack Madeley); R. Doc. 399-8 at 11–12 (Deposition of Mitchell Stoller).

rendered the lift dangerous."[56] Plaintiffs, however, contend they did not have stop-work authority and had no authority to stop the transfer.[57] Thus, whether Plaintiffs had stop-work authority is also a disputed fact issue.[58]

In light of the evidence offered by the K&K Defendants and OLB, genuine disputes remain as to whether Plaintiffs were, at least in part, contributorily negligent for their injuries. Summary judgment precluding the K&K Defendants and OLB from asserting contributory negligence would be improper at this time.

## CONCLUSION

Genuine issues of material fact remain with respect to the issues presented in the instant Motion for Partial Summary Judgment.

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Unseaworthiness, Negligence, and Contributory Negligence is hereby **DENIED**.

**New Orleans, Louisiana, this 6th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 397 at 18.
[57] R. Doc. 397-10 at 4–5 (Deposition of Calvin Howard). *See also* R. Doc. 397 at 18.
[58] *Compare* R. Doc. 397-5 at 3, 14–15 (Deposition of Captain Gregory Daley); R. Doc. 397-11 at 4–5 (Deposition of Jack Madeley); R. Doc. 399-8 at 11–12 (Deposition of Mitchell Stoller), *with* R. Doc. 397-10 at 4–5 (Deposition of Calvin Howard); R. Doc. 397 at 18.