## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALVIN HOWARD, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                            **NO. 13-4811**
                                                       **c/w 13-6407 and 14-1188**

**OFFSHORE LIFTBOATS, LLC,**
**ET AL.**                                            **SECTION "E" (5)**

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on the limitation of liability claims and defenses asserted by Defendants K&K Offshore, LLC, and Offshore Liftboats, LLC.[1] The Motion was filed jointly by Plaintiffs Raymond Howard and Calvin Howard (collectively, "Plaintiffs") and is opposed.[2] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[3] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[4] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[5] As a result of the accident, both Raymond and Calvin filed suit against, among others, OLB—their Jones Act employer—and K&K Offshore. OLB and K&K Offshore then answered Plaintiffs' suits and filed claims seeking

---

[1] R. Doc. 330.
[2] For the oppositions of OLB and K&K Offshore, see Record Documents 365 and 397, respectively.
[3] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.
[4] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[5] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.

to limit their liability to the value of their respective vessels and pending freight, pursuant to the Limitation of Liability Act.[6] The limitation of liability claims of OLB and K&K Offshore are the subject of the present Motion for Partial Summary Judgment.[7] In sum, Plaintiffs argue on summary judgment that neither Defendant should be allowed to invoke the protections afforded by the Limitation of Liability Act.[8]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the non-moving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[13]

## LAW AND ANALYSIS

Under the Limitation of Liability Act, a shipowner may limit its liability for maritime casualties to "the value of the vessel and pending freight."[14]  The determination of whether a shipowner is entitled to protection under the Limitation of Liability Act is a

---

[6] 46 U.S.C. § 30505, *et seq.*
[7] *See* R. Doc. 330.
[8] R. Doc. 330-2 at 5.
[9] Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[10] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[14] 46 U.S.C. §30505(a).

two-step process. "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence of conditions of unseaworthiness."[15]

Genuine disputes of material fact preclude summary judgment at this time. The parties dispute the first prong of the limitation-of-liability inquiry, *i.e.*, whether and to what extent the incident in which Plaintiffs were injured was caused by the negligence of OLB and K&K Offshore or the unseaworthiness of their vessels.[16] The parties disagree, for example, whether the crews employed on board the L/B Janie and the M/V Contender were adequately trained, which factors into whether the vessels were unseaworthy.[17] Under Fifth Circuit case law, "an adequate and competent crew is an essential ingredient of unseaworthiness."[18] However, "questions of adequacy and competency are questions of fact," which cannot be resolved on summary judgment.[19]

The parties also disagree whether those crews communicated with one another, whether any communication was accomplished in a negligent manner, and whether the Defendants' communication practices played a part in triggering the incident.[20] The parties also dispute whether the condition of the seas or the natural movement of the boat caused the M/V Contender to move during the personnel transfer.[21] These disputes

---

[15] *Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976). *See also In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008); *In re OMI Envtl. Solutions*, Nos. 12-2298, 12-2366, 2014 WL 2158492, at *2 (E.D. La. May 23, 2014).

[16] *See, e.g.*, R. Doc. 353 at 17–33; R. Doc. 330-2 at 7; R. Doc. 397 at 20–22; *see generally* R. Doc. 397-1.

[17] R. Doc. 353-1 at 4, ¶¶7–8; R. Doc. 397-1 at 4, ¶¶7–8; R. Doc. 353-1 at 20, ¶83; R. Doc. 397-1 at 20, ¶83. *See also* R. Doc. 397-6 at 1 (Pre-Employment Medical Review); R. Doc. 397-2 at 6–7 (Deposition of Blake Ryland); *see generally* R. Doc. 397-7 (Deposition of Greg Lasseigne).

[18] *See, e.g., Dillon v. M.S. Oriental Inventor*, 426 F.2d 977, 979 (5th Cir. 1970) (citing *Admiral Towing Co. v. Woolen*, 290 F.2d 641, 646 (9th Cir. 1961)).

[19] *See, e.g., Dillon*, 426 F.2d at 979; *Hanover Fire ins. Co. v. Holcombe*, 223 F.2d 844, 845 (5th Cir. 1955).

[20] R. Doc. 353-1 at 9–11, ¶¶25–37; R. Doc. 397-1 at 9–11, ¶¶25–37. R. Doc. 353-1 at 16, ¶61; R. Doc. 397-1 at 16, ¶61.

[21] R. Doc. 397-1 at 22.

3

concern issues central to the specific "acts of negligence or conditions of unseaworthiness" that caused the incident.[22]

The Court need not address the second prong of the analysis at this time. The Plaintiffs are not entitled to summary judgment on the limitation of liability claims and defenses asserted by OLB and K&K Offshore.

Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment[23] on the limitation of liability claims and defenses of OLB and K&K Offshore is hereby **DENIED**.

**New Orleans, Louisiana, this 6th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] The Court has previously held that summary judgment is not available on claims for limitation of liability before it has been determined which acts of negligence or conditions of unseaworthiness caused the incident-in-question. *See In re OMI Envtl. Solutions*, 2014 WL 2158492. The Court sees no reason to depart from its previous ruling.

[23] R. Doc. 330.

4