UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALVIN HOWARD                                         CIVIL ACTION

VERSUS                                                NUMBER: 13-4811
                                                      c/w 13-6407, 14-1188

OFFSHORE LIFTBOATS, LLC, ET AL.                       SECTION: "E"(5)

**ORDER AND REASONS**

Before the Court is Plaintiff's, Calvin Howard's ("Howard's"), Motion to Compel Written Discovery from Defendant, Offshore Liftboats, LLC ("OLB"). (Rec. doc. 454). Defendant, OLB, opposes the motion. (Rec. doc. 465). Despite having expressly set the motion for submission on January 13, 2016, Howard's counsel – one of seven lawyers enrolled on his behalf in this case – recently informed this Court that none of those seven attorneys were available to attend the hearing on that motion set for January 13, 2016. Accordingly, this Court issued an order cancelling the hearing and indicating it would decide the matter on the briefs. (Rec. doc. 472). For the reasons set forth below, the motion is DENIED.

Howard's motion can be dispensed with rather easily, if for no other reason that it was filed two months after the District Judge's deadline for filing non-evidentiary pretrial motions (a designation for which this motion certainly qualifies). (*See* rec. doc. 316). Howard ignores this fact in his filing and makes no effort to excuse his dilatory conduct.

There are additional reasons to deny the relief requested. First, the discovery deadline passed even before the non-evidentiary motion deadline, on October 15, 2015.

(*Id.*).  As OLB points out in its brief, Magistrate Judge Knowles of this District (whom Howard cites and quotes voluminously here for other reasons), recently found, after collecting a plethora of cases in support, that a motion to compel filed after the discovery deadline is untimely and inappropriate.  *See David v. Signal International, LLC*, No. 08-CV-1220, 2014 WL 6612598 (E.D. La. Nov. 19, 2014).  As stated by Judge Knowles, "[a] discovery deadline is in place to ensure that other deadlines – such as those for expert reports and dispositive motions – are met.  When one deadline is not met, other deadlines pass, and the District Court's trial schedule is jeopardized." *Id.* at *3.  That is certainly the case here, given that all other motion deadlines have passed, the pretrial order has been submitted and the pretrial conference is scheduled to take place before this motion is set for submission.  This Court has no intention of upsetting or jeopardizing the District Judge's other important deadlines by excusing Howard's eleventh-hour filing of the present motion.

Finally, the Court notes an anomaly in Plaintiff's filing that it finds troubling, given the aforementioned timing issues.  While Howard included some 100 pages of exhibits with his motion, nowhere in those pages is there included a single one in which this Court can locate a date or dates upon which the allegedly deficient discovery responses were served upon his counsel.  Howard included only excerpts of those responses without a single signature page or certificate of service reflecting a date.  The Court is seriously troubled by this omission, given that the last of OLB's responses that are the subject of Howard's motion appears to have been served on October 22, 2014, over a year prior to the filing of this motion.  (*See* rec. doc. 465-4).  It is likewise troubled that Howard utterly fails to address or explain why he and his counsel waited until after the motion deadline and a mere 30 days before trial to file this motion.

For all these reasons, Howard's motion to compel is DENIED.

New Orleans, Louisiana, this __8th__ day of _____January_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE