## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALVIN HOWARD, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                **NO. 13-4811**
                                   **c/w 13-6407 and 14-1188**

**OFFSHORE LIFTBOATS, LLC,**                    **SECTION "E" (5)**
**ET AL.**

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by the K&K Defendants.[1]
The motion is opposed by Plaintiffs Raymond Howard and Calvin Howard (collectively,
"Plaintiffs"),[2] as well as by Defendant Offshore Liftboats, LLC ("OLB").[3] The Court has
considered these briefs, the record, and the applicable law, and now issues its ruling. For
the reasons stated herein, the motion for summary judgment is **DENIED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013,
Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured
during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[4]
At the time of the accident, both Raymond and Calvin were employed by Offshore
Liftboats, LLC, the owner and/or operator of the L/B Janie.[5] The M/V Contender was

---

[1] R. Doc. 350. The motion was filed by K&K Offshore, LLC, and its many insurers—P&M Marine, LLC;
Atlantic Specialty Insurance Company; Markel American Insurance Company; ProCentury Insurance
Company; Navigators Insurance Company; United States Fire Insurance Company; Lloyds Underwriters;
and Torus Insurance Company (UK), Limited. They are referred to herein, collectively, as "the K&K
Defendants."
[2] R. Docs. 361, 373.
[3] R. Doc. 382.
[4] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.
[5] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.

owned and/or operated by K&K Offshore, LLC.[6] As a result of the accident, both Raymond and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

On November 3, 2015, the K&K Defendants filed the present motion for summary judgment, seeking the dismissal of all claims asserted against them. As an initial matter, the Court notes that the motion was not filed timely pursuant to the Court's Scheduling Order.[7] Nevertheless, the Court has broad discretion in managing its docket and will consider the K&K Defendants' late-filed motion.[8]

First, the K&K Defendants argue they are entitled to judgment as a matter of law that they are not responsible for Plaintiffs' alleged injuries under the General Maritime Law of negligence.[9] They argue the crane operator for OLB had the final word on when it was safe to lift the personnel basket and, as a result, the actions of K&K Offshore were not a substantial factor in causing Plaintiffs' injuries because the injuries would have occurred even in the absence of K&K Offshore's acts or omissions.[10] Even assuming its conduct was a substantial factor, the K&K Defendants contend they still cannot be held responsible because the acts and omissions of OLB were a superseding cause, which absolves them of liability.[11] The K&K Defendants also argue Plaintiffs are not entitled to assert negligence per se in connection with K&K Offshore's alleged failure to timely drug test its crew members, as there is no evidence that such failure contributed to Plaintiffs' injuries.[12]

---

[6] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[7] R. Doc. 316 (amended Scheduling Order). The Court's Scheduling Order required that all non-evidentiary pretrial motions be filed no later than October 30, 2015. The instant motion was filed on November 3, 2015.
[8] *See, e.g., Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990).
[9] R. Doc. 350-1 at 4.
[10] R. Doc. 350-1 at 6.
[11] R. Doc. 350-1 at 11.
[12] R. Doc. 350-1 at 9.

Second, the K&K Defendants seek summary judgment on the unseaworthiness claims levied against them by Plaintiffs.[13] They argue Plaintiffs' alleged injuries were neither a direct result nor a reasonably probable consequence of any alleged unseaworthiness of the M/V Contender because Richardson's decision to lift while the basket was not properly aligned is the "obvious cause" of Plaintiffs' fall from the basket.[14]

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] "An issue is material if its resolution could affect the outcome of the action."[16] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[17] All reasonable inferences are drawn in favor of the non-moving party.[18] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[19]

## LAW AND ANALYSIS

As stated above, the K&K Defendants seek summary judgment on Plaintiffs' claims under the general maritime law of negligence and unseaworthiness. The Court will address each ground of the motion, in turn, below.

---

[13] R. Doc. 350-1 at 14.
[14] R. Doc. 350-1 at 11.
[15] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[16] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).
[18] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## I.   NEGLIGENCE; GENERALLY

To state a cause of action for negligence under the General Maritime Law, a "plaintiff must demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by plaintiff, and a causal connection between defendant's conduct and the plaintiff's injury."[20] "[A] party's negligence is actionable only if it is the 'legal cause' of the plaintiff's injuries," which "is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury." [21] Moreover, "where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident."[22] There can be more than one substantial factor; that is, the conduct of multiple parties can be substantial factors in causing an accident.[23] "Whether the defendant's breach of a duty was a substantial factor in bringing about the plaintiff's injury is a question of fact."[24]

The K&K Defendants argue K&K Offshore's conduct was not a substantial factor in bringing about Plaintiffs' alleged injuries and, thus, that they cannot be held responsible for those injuries under the General Maritime Law of negligence.[25] The K&K Defendants rely, in large part, on their contention that "the crane operator ha[d] the final word on

---

[20] *In re Cooper/T.Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991). *See also Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000); *In re Nassau Bay Water Sports, Inc.*, 62 F.3d 397 (5th Cir. 1995) (per curiam).

[21] *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (quoting *Chavez v. Noble Drilling Corp.*, 567 F.2d 287, 289 (5th Cir. 1978); *Thomas v. Express Boat Co., Inc.*, 759 F.2d 444, 448 (5th Cir. 1985)).

[22] *See, e.g., In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2011 WL 1792542, at * 20 (E.D. La. Jan. 20, 2011) (citing *Hennegan v. Cooper/T. Smith Stevedoring Co., Inc.*, 02-0282, pp. 6–7 (La. App. 4 Cir. 12/30/02), 837 So. 2d 96, 102).

[23] *Hennegen v. Cooper/T. Smith Stevedoring Co., Inc.*, 02-0282, pp. 6–7 (La. App. 4 Cir. 12/30/02), 837 So. 2d 96, 102. *See also Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 421 (5th Cir. 2003).

[24] *Hennegen*, 837 So. 2d at 102 (citing *Haynes v. Calcasieu Medical Transp., Inc.*, 97-300, p. 6 (La. App. 3 Cir. 10/29/97), 702 So. 2d 1024, 1028).

[25] R. Doc. 350-1 at 4.

when it is safe to lift."[26] The crane operator in this case, Sylvester Richardson, was an OLB employee, not an employee of K&K Offshore. The K&K Defendants thus contend it was Richardson's and OLB's duty, and not the duty of K&K Offshore, to ensure a safe personnel transfer. The K&K Defendants argue that Richardson's and OLB's failure to ensure a safe transfer was the sole substantial factor which caused Plaintiffs' injuries and that, as a result, the K&K Defendants are entitled to summary judgment dismissal.[27]

Factual disputes remain as to whether K&K Offshore's alleged acts and omissions were substantial factors in bringing about the injuries allegedly sustained by Plaintiffs. Although it may be true that Richardson and OLB failed to ensure a safe transfer, which the K&K Defendants contend was a substantial factor in causing Plaintiffs' injuries, other facts remain in dispute with respect to whether the alleged acts and omissions of K&K Offshore also were substantial factors in causing Plaintiffs' injuries. For example, it is disputed whether Blake Ryland, K&K Offshore's signalman, gave Richardson a hand signal which caused Richardson to commence the lift.[28] It is also disputed whether K&K Offshore employed an incompetent, inadequately trained crew on board the M/V Contender;[29] whether the M/V Contender moved during the transfer, which caused the basket to become stuck on the vessel;[30] and whether K&K Offshore's employees had "stop-work authority" and could have halted the transfer.[31] In light of these disputed facts, it is unclear whether the acts and omissions of OLB, K&K Offshore, or both OLB and K&K Offshore were substantial factors in causing Plaintiffs' injuries. The Court "should only

---

[26] R. Doc. 350-2 at 3, ¶13; R. Doc. 350 at 3, 8, 12. *See also* R. Doc. 361-1 at 2, ¶13; R. Doc. 373-19 at 3, ¶13.
[27] *See, e.g.*, R. Doc. 350-1 at 13.
[28] R. Doc. 350-2 at 3, ¶9; R. Doc. 373-19 at 2, ¶9; R. Doc. 361-1 at 2, ¶9; R. Doc. 382 at 6; R. Doc. 382-2 at 2 (Deposition of Sylvester Richardson).
[29] R. Doc. 361 at 6; R. Doc. 373 at 7, 20.
[30] R. Doc. 350-2 at 3, ¶10; R. Doc. 373-19 at 2, ¶10.
[31] R. Doc. 350-2 at 3, ¶13; R. Doc. 373-19 at 3, ¶13.

decide the issue of causation on summary judgment if the allegation is so frivolous and obviously impossible so as to fall short of presenting a genuine issue of material fact."[32] The allegations against the K&K Defendants in this case are not frivolous or obviously impossible but, instead, present genuine issues of material fact with respect to causation. Thus, summary judgment on this ground must be denied.

Even assuming the acts and omissions of K&K Offshore were a substantial factor in bringing about Plaintiffs' injuries, the K&K Defendants argue they still cannot be found responsible, as Richardson's conduct was a superseding cause of those injuries, which precludes a finding of negligence with respect to them. "The superseding cause doctrine applies where the defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable."[33] The Fifth Circuit has explained the doctrine as follows:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner *does not* make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.[34]

---

[32] *Tidewater Marine, Inc. v. Sanco Intern., Inc.*, No. Civ.A. 96-1258, 1997 WL 543108, at *5 (E.D. La. Sept. 3, 1997) (quoting *Del Valle v. Marine Transp. Lines, Inc.*, 582 F. Supp. 573, 578 (D.P.R. 1984), and citing *Bommarito v. Penrod Drilling Corp.*, 929 F.2d 186, 188 (5th Cir. 1991) (explaining that a court should take the question of causation away from a jury only in the "complete absence of facts to support" liability)).

[33] *Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM*, 447 F.3d 360, 367–68 (5th Cir. 2006) (citing *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 836–39; 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 165 (2d ed. 1994); *Nunley v. M/V DAUNTLESS COLOCOTRONIS*, 727 F.2d 455 (5th Cir. 1984) (en banc)).

[34] *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 652 (5th Cir. 1992) (citing *Nunley*, 727 F.2d at 464–65).

Assuming K&K Offshore's alleged acts and omissions were a substantial factor in causing Plaintiffs' injuries for purposes of this analysis, the Court finds, as a matter of law, that the conduct of Richardson and OLB was not a superseding cause of Plaintiffs' injuries. Assuming Ryland did, in fact, provide Richardson a hand signal to commence the lift, it is entirely reasonable to conclude that Richardson would commence the lift after being given a signal to do so, even though he may have had the "ultimate authority and responsibility" to ensure a safe lift. As a result, the Court finds Richardson's conduct cannot be regarded as highly extraordinary under the circumstances, nor was his conduct extraordinarily negligent such that it supersedes the conduct of K&K Offshore. Summary judgment also must be denied on this ground.

## II.   NEGLIGENCE PER SE

The K&K Defendants also argue that they cannot be held responsible for negligence *per se* pursuant to 45 U.S.C. § 53 without proof of a causal relationship.[35]   The Court agrees,[36] but this does not entitle the K&K Defendants to dismissal of all negligence and unseaworthiness claims against them on other grounds.[37]

## III.   UNSEAWORTHINESS

Finally, the K&K Defendants argue they are entitled to judgment as a matter of law that any alleged unseaworthiness of the M/V Contender was not a substantial cause of the Plaintiffs' injuries.[38] They argue Plaintiffs' alleged injuries were neither a direct result nor a reasonably probable consequence of any alleged unseaworthiness of the M/V Contender

---

[35] R. Doc. 350-1 at 9.
[36] See R. Doc. 478.
[37] R. Doc. 350-1 at 11.
[38] The Court has already held that there are disputed material facts with respect to the unseaworthiness of the vessels.  *See* R. Doc. 478.

because Richardson's decision to lift while the basket was not properly aligned is the "obvious cause" of Plaintiffs' fall from the basket.[39] To establish causation as a result of a vessel's unseaworthiness, it must be shown "(1) that the unseaworthiness played a substantial part in bringing about or actually causing the injury and that (2) the injury was either a direct result or a reasonably probably consequence of the unseaworthiness."[40] In this case, several facts affecting whether the alleged unseaworthiness of the M/V Contender played a substantial part in causing Plaintiffs' injuries are in dispute. For example, the parties dispute whether K&K Offshore's employees were properly trained and whether Ryland, the M/V Contender's signalman, communicated with his counterparts on OLB's vessel both prior to and during the personnel-transfer.[41] Even assuming the M/V Contender was unseaworthy, factual disputes remain with respect to whether its unseaworthiness played a substantial part in causing Plaintiffs' injuries. As noted above, causation is a question of fact which should rarely be taken away from the jury.[42] For these reasons, summary judgment dismissing Plaintiff's unseaworthiness claims against the K&K Defendants is unavailable.

## CONCLUSION

**IT IS ORDERED** that, for the foregoing reasons, the K&K Defendants' motion for summary judgment[43] is hereby **DENIED**.

---

[39] R. Doc. 350-1 at 11.

[40] *Miller v. Ocean Marine Operators, LLC*, No. 11-2214, 2012 WL 3637397, at *2 (E.D. La. Aug. 22, 2012) (quoting *Manderson v. Chet-Morrison Contractors, Inc.*, 666 F.3d 373, 380 (5th Cir. 2012)) (internal quotation marks omitted).

[41] *See* R. Doc. 350-2 at 3, ¶9; R. Doc. 373-19 at 2, ¶9; R. Doc. 361-1 at 2, ¶9; R. Doc. 382 at 6; R. Doc. 382-2 at 2 (Deposition of Sylvester Richardson). *See also* R. Doc. 361 at 6; R. Doc. 373 at 7, 20.

[42] *See supra* note 32.

[43] R. Doc. 350.

New Orleans, Louisiana, this 11th day of January, 2016.

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**