UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Raymond Howard's ("Raymond") motion for partial summary judgment on the obligation of Defendant Offshore Liftboats, LLC ("OLB"), to pay cure under the Jones Act.[1] The Court previously denied Raymond's motion with respect to maintenance and punitive damages but deferred ruling on Raymond's claim for cure.[2] The only ground of Raymond's motion that remains before the Court concerns OLB's cure obligation. For the reasons stated herein, the motion for partial summary judgment, with respect to OLB's obligation to pay cure, is **GRANTED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[3] The parties agree that, at the time of the incident, both Raymond and Calvin were employed by OLB,[4] the owner and operator of the L/B Janie.[5] The parties also agree that, at the time

---

[1] R. Doc. 231.
[2] R. Doc. 321 at 15–16.
[3] R. Doc. 231-2 at 1, ¶1; R. Doc. 234-6 at 2, ¶1. *See also* R. Doc. 255-1 at 1, ¶1; R. Doc. 264-4 at 2, ¶1. The parties dispute the specific circumstances surrounding the incident, such as the height from which the Plaintiffs fell. *See* R. Doc. 231-2 at 1, ¶1; R. Doc. 234-6 at 2, ¶1. *See also* R. Doc. 255-1 at 1, ¶1; R. Doc. 264-4 at 2, ¶1. However, these factual disputes are not material to the present motion.
[4] R. Doc. 231-2 at 1, ¶2; R. Doc. 234-6 at 2, ¶2. *See also* R. Doc. 255-1 at 1, ¶2; R. Doc. 264-4 at 2, ¶2.
[5] R. Doc. 231-2 at 1–2, ¶3; R. Doc. 234-6 at 2, ¶3. *See also* R. Doc. 255-1 at 2, ¶3; R. Doc. 264-4 at 2, ¶3. Raymond was employed as a vessel captain and Calvin as a mate. R. Doc. 255-3 at 2, 4.

1

of the incident, both Raymond and Calvin were working within the course and scope of their employment with OLB.[6] As a result, it is undisputed that both Raymond and Calvin qualify as Jones Act seamen and are thus entitled to be paid maintenance and cure for their respective injuries.[7]

Raymond and Calvin both filed motions for partial summary judgment on OLB's maintenance and cure obligation.[8] The Court denied Calvin's motion in a previous ruling.[9] The Court also denied Raymond's motion insofar as it concerned OLB's maintenance obligation.[10] The Court deferred, however, the portion of Raymond's motion regarding OLB's obligation to pay cure, allowing OLB the opportunity to further investigate and brief its opposition to Raymond's claim for cure.[11] The parties have worked diligently in an attempt to reach a resolution, and the parties now represent that, to date, a majority of Raymond's medical bills have been paid, or are in the process of being paid, by OLB. The parties continue to dispute, however, the extent to which certain expenses billed by Diagnostic Management Affiliates ("DMA")—a third-party which financed portions of Raymond's medical treatment—must be satisfied by OLB under its obligation to cure.[12] It is the extent to which OLB must satisfy the DMA charges under its cure obligation which is currently before the Court on Raymond's motion for summary judgment.

---

[6] R. Doc. 231-2 at 1, ¶2; R. Doc. 234-6 at 2, ¶2. *See also* R. Doc. 255-1 at 1, ¶2; R. Doc. 264-4 at 2, ¶2.
[7] R. Doc. 231-2 at 2, ¶6; R. Doc. 234-6 at 2, ¶6. *See also* R. Doc. 255-1 at 2, ¶6; R. Doc. 264-4 at 2, ¶6. OLB admits, with respect to both Raymond and Calvin, that "[i]t is not seriously disputed that plaintiff, as a seaman, is entitled to maintenance and cure." R. Doc. 234 at 4; R. Doc. 264 at 4.
[8] *See* R. Docs. 231, 255.
[9] *See* R. Doc. 321.
[10] R. Doc. 321.
[11] The parties dispute the extent to which Raymond's medical bills were "actually incurred" and, thus, the scope of OLB's cure obligation. OLB requested that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court defer ruling until OLB could further investigate the issue and determine the extent to which Raymond actually incurred certain expenses.
[12] *Compare* R. Doc. 427 at 1, *with* R. Doc. 432 at 6–7.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "An issue is material if its resolution could affect the outcome of the action."[14] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[15] All reasonable inferences are drawn in favor of the non-moving party.[16] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[17]

## DISCUSSION

According to Raymond, OLB is obligated to pay $56,561.72 in cure for medical expenses invoiced by DMA.[18] OLB disagrees. OLB argues that Raymond did not "actually incur" $56,561.72 in medical expenses through DMA and, as a result, OLB is not obligated to pay that amount. Instead, OLB paid $24,443.20 to DMA—which is the amount DMA paid to Raymond's medical providers to satisfy certain medical bills.[19] According to OLB, DMA functions as a third-party financier and is in the business of contracting with medical providers to obtain medical services at discounted rates.[20] In this case, DMA negotiated with Raymond's providers and satisfied the $56,561.72 in charges that

---

[13] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[14] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[17] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[18] R. Doc. 427.
[19] R. Doc. 432 at 7.
[20] R. Doc. 241 at 5.

Raymond incurred for a reduced amount, *i.e.*, $24,443.20.[21] OLB thus contends its payment of this lesser amount to DMA satisfies OLB's cure obligation with respect to those charges, as $24,443.20 is what was "actually incurred," not $56,561.72.[22]

"The duty to provide cure encompasses . . . the obligation to reimburse medical expenses actually incurred."[23] "[T]he relevant amount is that needed to satisfy the seaman's medical charges."[24] Under Raymond's agreement with DMA, DMA financed Raymond's medical treatment, which allowed Raymond to obtain medical care he otherwise could not have paid for himself.[25] In exchange, Raymond is required to pay DMA the full retail price of his medical charges incrementally over time.[26] Even though DMA was able to satisfy Raymond's medical charges at a reduced rate, Raymond is still obligated to pay DMA the full amount of those charges.[27] That is, Raymond must pay $56,561.72.

In *Kelly v. Bayou Fleet, Inc.*, another court in this district confronted a similar financing arrangement between an injured plaintiff and DMA, concluding that "[t]he amount the plaintiff had to pay to receive his necessary medical care is the amount charged by DMA."[28] The *Kelly* court thus concluded, although in dicta, that the amount the plaintiff owed DMA was the amount "actually incurred" and thus owed as cure, not the reduced rate DMA paid to the plaintiff's medical providers.[29] In light of the foregoing, this Court finds the amount needed to satisfy Raymond's medical charges, and thus the amount of cure owed by OLB with respect to the DMA charges, is the amount Raymond

---

[21] R. Docs. 427 at 1; 432 at 6–7.
[22] *See* R. Doc. 432 at 6–7.
[23] *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002).
[24] *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 382 (5th Cir. 2012).
[25] R. Doc. 241 at 5, 7.
[26] *See* R. Doc. 241 at 5, 7.
[27] R. Doc. 241 at 7.
[28] *Kelly v. Bayou Fleet, Inc.*, No. 05-6871, 2009 WL 1668490, at *6 (E.D. La. June 12, 2009).
[29] *See id.* at 6.

is obligated to pay DMA ($56,561.72), not the amount for which DMA was able to satisfy Raymond's medical charges ($24,443.20).[30]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Raymond Howard's motion for partial summary judgment is **GRANTED** as set forth above. OLB is obligated to pay cure in the amount of $56,561.72 for Raymond's medical charges invoiced by DMA.

**New Orleans, Louisiana, this 18th day of January, 2016.**

                              *Susie Morgan*
                              **SUSIE MORGAN**
                     **UNITED STATES DISTRICT JUDGE**

---

[30] *See, e.g., Magee v. ENSCO Offshore Co.*, No. 11-1351, 2013 WL 2389910, at *3–4 (E.D. La. May 30, 2013); *Kelly v. Bayou Fleet, Inc.*, No. 05-6871, 2009 WL 1668490, at *6 (E.D. La. June 12, 2009).