UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* to exclude Plaintiff Calvin Howard from submitting evidence and testimony on any speculative future resumption of rehabilitative care at Touchstone Neurorecovery Center ("Touchstone").[1] The motion was filed by Defendant Offshore Liftboats, LLC ("OLB").[2] Plaintiff Calvin Howard has filed an opposition.[3] For the reasons that follow, the motion *in limine* is **DENIED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[4] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[5] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[6] As a result of the accident, both Raymond and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

---

[1] R. Doc. 439.
[2] *See* R. Doc. 439.
[3] R. Doc. 447.
[4] *See generally* R. Doc. 321.
[5] *See* R. Doc. 321.
[6] *See* R. Doc. 321.

On December 15, 2015, OLB filed the instant motion *in limine*, seeking to preclude Calvin Howard from "submitting grossly speculative testimony from himself, and possibly others, of purported future resumption of medical rehabilitative care at Touchstone Neurorecovery Center (or any other such facility)."[7] OLB also seeks to preclude Calvin from "submitting any other such speculative evidence of any purported future course of medical rehabilitation, because it is so utterly speculative to be misleading, prejudicial, and therefore inadmissible under Rule 403 of the Federal Rules of Evidence."[8] It is this motion *in limine* that is presently before the Court.

## LAW AND ANALYSIS

Calvin Howard was admitted to Touchstone on January 14, 2015.[9] Calvin treated at Touchstone until February 13, 2015, when he was released to his mother.[10] Calvin contends he left Touchstone because he could not afford to stay.[11] On September 8, 2015, OLB agreed to pay for Calvin to return to Touchstone and continue his treatment.[12] To date, however, Calvin has not accepted OLB's offer and has not returned to Touchstone.

The parties dispute the reason Calvin discontinued his treatment at Touchstone. Calvin represents he left Touchstone in February 2015 because he could not afford to continue his treatment.[13] OLB disagrees, arguing Calvin initially "abandoned" his treatment in February 2015 because his attorneys, for reasons unknown, refused to authorize Calvin to continue that treatment and undergo additional testing.[14] OLB

---

[7] R. Doc. 439-2 at 1–2.
[8] R. Doc. 439-2 at 2.
[9] R. Doc. 439-2 at 2 n.1; *See also* R. Doc. 439-5 at 7 (Deposition of Dr. Jude Theriot).
[10] R. Doc. 439-2 at 2 n.1; *See also* R. Doc. 439-5 at 7–8 (Deposition of Dr. Jude Theriot).
[11] R. Doc. 447 at 5.
[12] R. Doc. 439-2 at 4–5; R. Doc. 439-3 at 2 (Affidavit of Robert Reich); R. Doc. 439-4 at 1.
[13] R. Doc. 447 at 8.
[14] R. Doc. 452 at 3. OLB contends it will not be permitted to cross-examine Calvin on this issue, as the reasoning behind Calvin's departure from Touchstone in February 2015 is within the attorney-client privilege. OLB will be allowed to ask Calvin why he discontinued his treatment, including whether that discontinuation was related to his inability to pay for the treatment. If Calvin does assert the reason was his

2

contends that, even after its September 8, 2015 offer to pay for Calvin's continued treatment, Calvin did not return to Touchstone.[15] Calvin contends he did not return because he was waiting to undergo a lumbar fusion surgery.[16] OLB argues, however, that as of September 8, surgery had not been recommended, so this could not be the reason for Calvin's failure to return to Touchstone. According to OLB, there is no evidence that Calvin was "waiting" for surgery on September 8 or that Calvin could not return to Touchstone because of that impending surgery.[17] Calvin has offered an affidavit executed by Dr. Cupic, but nowhere in the affidavit does Dr. Cupic state that, as of September 8, he had recommended Calvin undergo surgery.[18] Thus, there is dispute with respect to when surgery was recommended by Dr. Cupic and whether that surgery recommendation was the reason Calvin did not return to Touchstone.[19]

Calvin ultimately underwent a "two-level laminectomy, discectomy and lumbar fusion on October 29, 2015," and according to Calvin, Dr. Cupic has recommended that Calvin not return to Touchstone until he has "sufficiently recovered from the procedure."[20] As a result, Calvin contends he is unable to advise OLB as to when he plans to return to Touchstone, but Calvin represents he will resume his treatment at some point in the future.[21] OLB contends that Calvin, by abandoning his treatment at Touchstone, has forfeited his right to return and, for that reason, should be precluded from offering testimony that he plans to return in the future. OLB is, in effect, asking for summary judgment on its defense of forfeiture. "A seaman may forfeit his right to maintenance and

---

inability to pay, OLB will not be allowed to question Calvin regarding his conversations with his attorneys regarding the payment of Calvin's medical expenses, as this would invade the attorney-client privilege.
[15] R. Doc. 439-2 at 4–5; R. Doc. 439-3 at 2 (Affidavit of Robert Reich); R. Doc. 439-4 at 1.
[16] R. Doc. 447 at 5.
[17] R. Doc. 452 at 4–5.
[18] R. Doc. 447-1 at 2 (Affidavit of Dr. Zoran Cupic).
[19] R. Doc. 447 at 5.
[20] R. Doc. 447 at 5.
[21] R. Doc. 447 at 5.

cure if he . . . quit[s] participation in a course of therapy already begun."[22] "However, this rule is not inexorably applied and exceptions exist when reasonable grounds for refusing care or failing to follow instructions are shown."[23] "The question then is whether there existed any extenuating circumstances which made the [seaman's] failure to follow the prescribed regimen either reasonable or something less than a willful rejection."[24] Moreover, "[w]here there are doubts about a seaman's right to receive maintenance and cure, they are to be resolved in favor of the seaman."[25]

      Whether Calvin forfeited his right to cure depends on whether he quit participating in a course of therapy already begun and, if he did, whether there are extenuating circumstances which explain his actions. Disputed facts exist with respect to whether there were reasonable grounds for Calvin to discontinue his treatment at Touchstone. In light of these disputed facts, the Court is unable to determine, as a matter of law, whether Calvin had reasonable grounds for discontinuing his treatment at Touchstone and thereafter refusing to return, even after OLB offered to cover the costs. At trial, these questions of fact must be decided by the jury before it can decide whether Calvin forfeited his right to cure. This issue would have been more appropriately raised by a motion for summary judgment. Even then, relief would not be available to OLB because issues of disputed fact exist. Neither is OLB entitled to relief under its motion *in limine*, as evidence as to Calvin's future medical treatment clearly is relevant, and its probative value is not outweighed by a risk of unfair prejudice.

---

[22] *Nelton v. Cenac Towing Co., LLC*, No 10-373, 2011 WL 289040, at *20 (E.D. La. Jan. 25, 2011) (quoting *Oswalt v. Williamson Towing Co., Inc.*, 488 F.2d 51, 53–54 (5th Cir. 1974)) (internal quotation marks omitted).
[23] *Coulter v. Ingram Pipeline, Inc.*, 511 F.2d 735, 737 (5th Cir. 1975).
[24] *Id.* at 738.
[25] *Matias v. Taylors Intern. Servs., Inc.*, No. 09-3256, 2010 WL 3923884, at *4 (E.D. La. Sept. 29, 2010) (citing *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990)).

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that OLB's motion *in limine* to exclude Plaintiff Calvin Howard from submitting evidence and testimony on any speculative future resumption of rehabilitative care at Touchstone[26] be and hereby is **DENIED**.

New Orleans, Louisiana, this 18th day of January, 2016.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 439.