UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALVIN HOWARD, ET AL.                CIVIL ACTION

VERSUS                               NO.  13-4811
                                     c/w 13-6407 and 14-1188

OFFSHORE LIFTBOATS, LLC,
ET AL.                               SECTION "E" (5)

ORDER AND REASONS

Before the Court are two motions *in limine* to exclude Dr. Shael Wolfson, an expert economist retained by Plaintiff Raymond Howard. The motions were filed individually by Defendants Offshore Liftboats, LLC ("OLB"),[1] and K&K Offshore, LLC ("K&K Offshore").[2] Raymond opposes both motions.[3] For the reasons that follow, the motions *in limine* are **DENIED**.

BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[4] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[5] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[6] As a result of the accident, both Raymond and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

---

[1] R. Doc. 474.
[2] R. Doc. 476.
[3] R. Doc. 509.
[4] *See generally* R. Doc. 321.
[5] *See* R. Doc. 321.
[6] *See* R. Doc. 321.

On January 6, 2016, OLB and K&K Offshore (collectively, "Defendants") filed individual motions *in limine* to exclude Raymond Howard's economist, Dr. Shael Wolfson.[7] Defendants contend Dr. Wolfson's expert report was not timely exchanged pursuant to the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B).[8] As a result, Defendants seek to preclude Raymond from eliciting any testimony from Dr. Wolfson at trial.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to disclose the identity of any expert it intends to call at trial. Such disclosure must be accompanied by a written expert report.[9] Pursuant to the Court's Scheduling Order, Plaintiffs' expert reports were due no later than July 20, 2015.[10] According to the Defendants, Raymond did not produce Dr. Wolfson's expert report until January 1, 2016.[11] Defendants thus contend Dr. Wolfson should not be permitted to testify at trial, as Raymond violated the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B).

The Court has broad discretion to enforce its Scheduling Orders and the deadlines set forth therein.[12] The Fifth Circuit has delineated a list of factors for courts to consider in determining whether to exclude an expert's report as untimely.[13] These factors include:

---

[7] R. Docs. 474 (OLB), 476 (K&K Offshore). K&K Offshore's motion also seeks to exclude Dr. James Bartkus, a colleague of Dr. Wolfson, for the same reason. *See* R. Doc. 476 at 1. In Raymond's opposition, Raymond indicates he does not intend to offer Dr. Bartkus as a witness in this matter. R. Doc. 509 at 2 n.1. Therefore, the Court will not address Dr. Bartkus in this Order and Reasons, because Plaintiff concedes Dr. Bartkus will not be called at trial.

[8] R. Doc. 474-2 at 2–3; R. Doc. 476-1 at 2–5.

[9] FED. R. CIV. P. 26(a)(2)(B).

[10] *See* R. Doc. 272 at 1.

[11] R. Doc. 474-2 at 1; R. Doc. 476-1 at 2.

[12] *See, e.g., Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990); *see also Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) ("Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner. To achieve this end, the Court is given broad discretion so that the integrity of the pretrial order may be preserved.") (citing *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994); *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008)).

[13] *See, e.g., Harmon v. Georgia Gulf Lake Charles, LLC*, 476 F. App'x 31, 36 (5th Cir. 2012).

(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice.[14]

The Court will address each of these factors, as applied to the instant case, in turn.

A. *IMPORTANCE OF EXCLUDED TESTIMONY*

Dr. Wolfson's testimony is undoubtedly important to Raymond's case. Raymond has no other economist and will have no other means of conveying the information on which Dr. Wolfson would testify to the jury. It would be a harsh penalty to punish Raymond for the error of his counsel. This factor weighs in favor of denying the motion *in limine* and allowing Dr. Wolfson to testify at trial.

B. *EXPLANATION OF PARTY FOR ITS FAILURE TO COMPLY WITH COURT'S ORDER*

Counsel for Raymond have admitted that the failure to comply with the Court's Scheduling Order was the fault of counsel.[15] Counsel were under the impression they had forwarded Dr. Wolfson's expert report to Defendants prior to the July 20, 2015 deadline, but counsel apparently failed to do so.[16] The Court does note, however, that there is no evidence Raymond's counsel intentionally withheld Dr. Wolfson's expert report. Nevertheless, this factor weighs slightly in favor of granting the motion *in limine* and excluding Dr. Wolfson's testimony.

C. *POTENTIAL FOR PREJUDICE FROM USE OF TESTIMONY*

The potential for prejudice that would result to Defendants from the use of Dr. Wolfson's testimony is slight. Dr. Wolfson is listed on Raymond's witness list.[17] Further,

---

[14] *Id.* (citing *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993)).

[15] R. Doc. 509 at 1–2.

[16] R. Doc. 509 at 1–2.

[17] R. Doc. 295 at 7. Dr. Wolfon's expert report is also listed on Raymond's exhibit list. R. Doc. 296 at 3. Apparently, defense counsel never inquired as to why they had not received a report for Dr. Wolfson. A simple inquiry undoubtedly would have averted this problem.

the Defendants have listed an economist as an expert witness on their behalf,[18] so the late disclosure of Dr. Wolfson's report will not prejudice the Defendants' ability to offer their own expert testimony on Raymond's economic damages. The Court also notes the parties have engaged in several attempts at mediation, and the gist of Dr. Wolfson's testimony was disclosed to the Defendants during the course of those discussions. The testimony of economists is fairly standard, based on evidence which is known to both parties and is the same information that will be relied on by Dr. Boudreaux, the Defendants' economist. Both Dr. Boudreaux and Dr. Wolfson have testified as expert economists for years, and their assumptions, methodology, and testimony will not be a surprise. This factor weighs in favor of denying the motion and allowing Dr. Wolfson to testify.

D.  *AVAILABILITY OF CONTINUANCE TO CURE PREJUDICE*

A continuance of this matter is not available at this time, but there is sufficient time for the Court to provide an opportunity for Defendants to depose Dr. Wolfson and for the Defendants' expert to file a supplemental report. This factor is neutral.

The balance of the aforementioned factors favors denying the motion *in limine* and allowing Dr. Wolfson to testify. Defendants will be allowed to depose Dr. Wolfson at the time of Defendants' choosing prior to Dr. Wolfson's testimony at trial. The parties are instructed to confer immediately to schedule the deposition of Dr. Wolfson as soon as possible. Furthermore, the Defendants' economist, Dr. Kenneth Boudreaux, may file a supplement to his expert report to address Dr. Wolfson's report. This supplemental report must be provided to all counsel at least five (5) days prior to Dr. Boudreaux's testimony at trial.

---

[18] R. Doc. 467 at 107, 112. Defendants both list Dr. Kenneth Boudreaux as a "will call" witness who will offer expert testimony regarding the economic damages of Plaintiffs.

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude Dr. Wolfson be and hereby

is **DENIED**, as set forth above.

**New Orleans, Louisiana, this 18th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**