UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* regarding the application of the collateral source rule.[1] The motion was filed jointly by Plaintiffs Raymond Howard and Calvin Howard and is opposed by Defendants Offshore Liftboats, LLC ("OLB"),[2] and K&K Offshore, LLC ("K&K Offshore").[3] The motion seeks an Order excluding "amounts, if any, Plaintiffs received from collateral sources at trial and otherwise preclude Defendants from relying on the same to reduce their liability at trial."[4] For the reasons that follow, the motion *in limine* is **DENIED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[5] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[6] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[7] As a result of the accident, both Raymond

---

[1] R. Doc. 479.
[2] R. Doc. 530.
[3] R. Doc. 548.
[4] R. Doc. 479 at
[5] *See generally* R. Doc. 321.
[6] *See* R. Doc. 321.
[7] *See* R. Doc. 321.

1

and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

On January 6, 2016, Plaintiffs filed the instant motion *in limine*, seeking to preclude the Defendants from introducing evidence regarding benefits received from a collateral source, including:

(1) Government welfare benefits and/or social security disability benefits;

(2) Veterans benefits;

(3) Private health insurance;

(4) Private disability insurance;

(5) Attorney loans or attorney payment of medical, travel, or other expenses;

(6) Evidence of the attorney payment and involvement in coordinating, scheduling, or otherwise arranging for medical care for Plaintiffs, including "letters of protection;"

(7) Evidence of aforementioned attorney payments and involvement in coordinating, scheduling, or otherwise arranging for medical care for other clients of Plaintiffs' attorneys not parties to this suit; and

(8) Benefits of any kind from any other collateral sources.[8]

## LAW AND ANALYSIS

"The collateral source rule bars a tortfeasor from reducing the damages it owes to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor."[9] "Application of the collateral source rule depends less upon the source of funds than upon the character

---

[8] R. Doc. 479-1 at 2–3.
[9] *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008) (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994); *Phillips v. Western Co. of North Am.*, 953 F.2d 923, 929 (5th Cir. 1992) ("[T]he collateral source rule . . . generally denies to a tortfeasor a reduction in its liability by any amounts the plaintiff receives from a source collateral to, or independent of, the tortfeasor.") (internal quotation marks omitted).

of the benefits received."[10] Liability under the Jones Act is a context in which the employer may "both fund a benefit program *and* be subject to tort suit."[11] Courts have held that, in the Jones Act setting, "the collateral source rule applies to fringe benefits or deferred compensation, but does not apply to payments made by the employer in order to indemnify itself against liability."[12] In *Allen v. Exxon Shipping Co.*, the court listed five factors that may assist in distinguishing fringe benefits from benefits intended to respond to legal liability.[13] These factors include:

> (1) whether the employee makes any contribution to funding of the disability payment; (2) whether the benefit plan arises as the result of a collective bargaining agreement; (3) whether the plan and payments thereunder cover both work-related and nonwork-related injuries; (4) whether payments from the plan are contingent upon length of service of the employee; and (5) whether the plan contains any specific language contemplating a set-off of benefits received under the plan against a judgment received in a tort action.[14]

In the present case, Plaintiffs have presented no evidence with respect to any of these factors. As a result, the Court is unable to determine whether the benefits were intended to respond to Defendants' legal liability under the Jones Act or, instead, were fringe benefits which do not fall under the collateral source rule. It is unclear, for example, whether (1) the benefits were available for work-related and nonwork-related injuries, and (2) whether Defendants' made clear their intent to set off payments against any potential liability. In sum, Plaintiffs have not set forth any specific facts concerning these

---

[10] *Haughton v. Blackships, Inc.*, 462 F.2d 788, 790 (5th Cir. 1972) (citing *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525, 534–35 (9th Cir. 1962)).
[11] *Phillips v. Western Co. of North Am.*, 953 F.2d 923, 932 (5th Cir. 1992).
[12] *Id.* (quoting *Clark v. National R.R. Passenger Corp.*, 654 F. Supp. 376, 377 (D.D.C. 1987); *Lyons v. S. Pacific Transp. Co.*, 684 F. Supp. 909, 911 (W.D. La. 1988)) (internal quotation marks omitted).
[13] *Allen v. Exxon Shipping Co.*, 639 F. Supp. 1545, 1548 (D. Me. 1986).
[14] *Id. See also Nelton v. Cenac Towing Co., LLC*, No. 10-373, 2011 WL 289040, at *18 (E.D. La. Jan. 25, 2011); *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 305 (5th Cir. 2008).

benefits and whether each particular benefit falls under the purview of the collateral source rule. As a result, the motion *in limine* is **DENIED**.

The Defendants are the parties who wish to introduce this evidence at trial. The admissibility of this evidence should not be litigated before the jury, as the judge must decide whether the evidence is admissible to avoid putting possibly prejudicial information with respect to Plaintiffs' outside sources of income in front of the jury.

If the Defendants wish to introduce evidence with respect to welfare, social security or veterans benefits, and health and disability insurance benefits received by Plaintiffs, they must file supplemental memoranda, with affidavits as to the terms of any benefits plans, attaching the exhibits they wish to introduce and identifying the individuals who will testify with respect to those documents. The memoranda must address the *Allen v. Exxon* factors. Defendants also should address in the memoranda any evidence they wish to introduce showing Plaintiffs may get jobs in the future with fringe benefits, which they contend would reduce Plaintiffs' recovery at trial. Defendants' memoranda are due by **Wednesday, January 20, 2016**, at **5:00 p.m.** Plaintiffs may respond by **Thursday, January 21, 2016**, at **5:00 p.m.**

Insofar as the Defendants plan to introduce evidence with respect to attorney loans or attorney payment of medical, travel, or other expenses; attorney scheduling and arrangement for medical care; and attorney letters of protection, the motion *in limine* is **GRANTED**. This evidence is irrelevant to the issues to be decided at trial. It is well-established that a plaintiff's recovery is not subject to a set-off for benefits independent of the tortfeasor.[15] If substantive law disallows a set-off, the evidence is not relevant.[16]

---

[15] *See, e.g., Phillips*, 953 F.2d at 930.
[16] *See, e.g., id.*

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs' motion *in limine* regarding the application of the collateral source rule[17] be and hereby is **DENIED**, as set forth above.

**New Orleans, Louisiana, this 18th day of January, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 479.