UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALVIN HOWARD, ET AL.**      CIVIL ACTION

**VERSUS**     NO. 13-4811
    c/w 13-6407 and 14-1188

**OFFSHORE LIFTBOATS, LLC, ET AL.**     SECTION "E" (5)

## ORDER AND REASONS

Before the Court is the motion *in limine* of Offshore Liftboats, LLC ("OLB"), to exclude deposition excerpts for witnesses who are available and will testify live at trial.[1] Plaintiffs Calvin Howard and Raymond Howard oppose the motion.[2] In their opposition, Plaintiffs clarified they intend to use only the deposition excerpts of (1) certain current and former employees of OLB, Captain Tim Lawrence, Tim Arrington, Jose Fernandez, Rick Simoneaux, and Craig Pierce; and (2) certain current and former employees of K&K Offshore, Captain James Godwin and Greg Lasseigne.[3]

Plaintiffs rely on Federal Rule of Civil Procedure 32(a)(3) as authority for using the depositions of the aforementioned witnesses. Rule 32(a)(3) provides: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."[4] Plaintiffs contend each of the above-listed witnesses—all of whom are current or former employees of the Defendants—qualify either as managing agents or corporate

---

[1] R. Doc. 525.
[2] R. Doc. 641.
[3] R. Doc. 641 at 1–2. Plaintiffs have agreed not to use the deposition testimony of Sylvester Richardson and Blake Ryland in the event Richardson and Ryland are available and testify live at trial. Plaintiffs noted, however, that they would use Richardson's and Ryland's deposition testimony for any purpose if they are unavailable to testify live at trial. As a result, the Court does not address whether Plaintiffs may use Richardson's or Ryland's deposition testimony if both testify live at trial, as Plaintiffs have agreed not to do so.
[4] FED. R. CIV. P. 32(a)(3).

1

representatives under Rule 32. As a result, Plaintiffs argue they should be permitted to use the depositions of those witnesses for any purpose at trial, without regard to the availability of the witnesses.

In determining whether a particular employee is a "managing agent" within the meaning of Rule 32, courts have looked to the following general factors:

> (1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the particular matter or possessed all of the necessary information.[5]

First, Plaintiffs argue Captain Tim Lawrence and Captain Games Godwin qualify as managing agents under Rule 32(a)(3) such that Plaintiffs should be permitted to use excerpts from their depositions at trial. Plaintiffs note that Captain Lawrence was the captain of OLB's vessel—the L/B Janie—on the night of the incident. Further, Plaintiffs contend Captain Lawrence testified "(1) he was the master of the L/B Janie on the night of the incident in question; (2) as the captain, he had to ensure the safety of the crew to the best of his ability; and (3) he was the person with the most authority on the ship."[6] Similarly, Plaintiffs note that Captain Godwin was the captain in charge of K&K Offshore's vessel—the M/V Contender—on the night of the incident and has testified that he was "(1) the supervisor of the vessel; (2) the supervisor of the crew; and (3) the liaison for K&K's management on K&K's vessels."[7] Courts have held under similar circumstances that a vessel captain can qualify as a managing agent of his or her employer for purposes of Rule

---

[5] *See, e.g., Bianco v. Globus Medical, Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014) (citing 7 James Wm. Moore, *Moore's Federal Practice* § 32.21(2)(a) (2012); *Crimm v. Mo. Pac. R.R. Co.*, 750 F.2d 703, 708 (8th Cir. 1984); *Stearns v. Paccar, Inc.*, 986 F.2d 1429 (10th Cir. 1993); *Terry v. Modern Woodmen of Am.*, 57 F.R.D. 141, 143 (W.D. Mo. 1972); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968); *Rubin v. Gen. Tire & Rubber Co.*, 18 F.R.D. 51, 55–56 (S.D.N.Y. 1955)).
[6] R. Doc. 641 at 4; R. Doc. 641-1 at 7–9 (Deposition of Timothy Lawrence).
[7] R. Doc. 641 at 4–5; R. Doc. 641-2 at 8–9 (Deposition of James Godwin).

32.[8] This Court agrees and finds that Captain Lawrence and Captain Godwin qualify as managing agents of OLB and K&K Offshore, respectively. Plaintiffs may use their deposition excerpts for any purpose at trial.

Second, Plaintiffs also contend Tim Arrington, Jose Fernandez, and Rick Simoneaux are managing agents of OLB and K&K Offshore and, thus, that Plaintiffs are entitled to use their depositions at trial. However, Plaintiffs have not provided sufficient facts with respect to Arrington, Fernandez, and Simoneaux to establish that their depositions are admissible under Rule 32(a)(3) and the managing-agent factors listed in *Bianco*. Further, it is a well-established principle that live testimony is preferred at trial, and it is within the Court's discretion to require such live testimony.[9] For these reasons, Plaintiffs may not use deposition excerpts of Arrington, Fernandez, and Simoneaux pursuant to Rule 32(a)(3), unless they are unavailable to testify.

Third, Plaintiffs seek to use deposition excerpts of Craig Pierce and Greg Lasseigne, contending they are Rule 30(b)(6) corporate representatives of OLB and K&K Offshore, respectively.[10] Craig Pierce is a safety director for OLB,[11] and Greg Lasseigne is an operations manager for K&K Offshore.[12] Plaintiffs note OLB designated Pierce as its corporate representative, as did K&K Offshore with Lasseigne.[13] As a result, Plaintiffs claim they are entitled to use their depositions as they were designated corporate representatives. The Court agrees. Plaintiffs may use the depositions of Pierce and Lasseigne but only to the extent they testified as corporate representatives in response to

---

[8] *Sanford Bros. Boats, Inc. v. Vidrine*, 412 F.2d 958, 969–70 (5th Cir. 1969); *Fay v. United States*, 22 F.R.D. 28, 32 (E.D.N.Y. 1958).
[9] *See, e.g., Fuller v. United States*, No. 00-2791, 2002 WL 291122, at *1 (E.D. La. Feb. 26, 2002); *Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000); Coletti *v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999).
[10] R. Doc. 641 at 6.
[11] R. Doc. 467 at 87–88; R. Doc. 641 at 6.
[12] R. Doc. 467 at 87; R. Doc. 641 at 6.
[13] R. Doc. 641 at 6.

a Rule 30(b)(6) deposition notice. To the extent Pierce's and Lasseigne's depositions went beyond topics in the Rule 30(b)(6) notices, Plaintiffs may not use their depositions under Rule 32(a)(3). If, based on this ruling, the Defendants have additional objections to the deposition excerpts submitted by Plaintiffs for these witnesses, such objections may be filed no later than **Wednesday, January 20, 2016**, at **5:00 p.m.** Plaintiffs may respond by **Thursday, January 21, 2016**, at **5:00 p.m.**

    **IT IS SO ORDERED**.

    New Orleans, Louisiana, this 19th day of January, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**