UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

ORDER AND REASONS

Before the Court are two motions *in limine* to limit or exclude the expert testimony of David Cole, Raymond Howard's liability expert.[1] The motions were filed individually by the K&K Defendants[2] and Offshore Liftboats, LLC ("OLB").[3] Plaintiff Raymond Howard opposes OLB's motion.[4] For the reasons that follow, K&K Offshore's motion is **GRANTED**, and OLB's motion is **GRANTED IN PART** and **DENIED IN PART**.

BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[5] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC ("OLB"), the owner and/or operator of the L/B Janie.[6] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[7] As a result of the accident, both Raymond and Calvin filed suit against OLB—their Jones Act employer—and K&K Offshore, among others.

---

[1] R. Docs. 335, 339.
[2] R. Doc. 335.
[3] R. Doc. 339.
[4] R. Doc. 359.
[5] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.
[6] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[7] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.

1

## **LEGAL STANDARD**

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."[8] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702.[9] Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant.[10] The district court is offered broad latitude in making such expert testimony determinations.[11]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact.[12] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[13] The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable.[14] "It is the role of the adversarial system, not the court, to highlight weak evidence."[15]

---

[8] FED. R. EVID. 702.
[9] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[10] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[11] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–53 (1999).
[12] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[13] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[14] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[15] *Primrose*, 382 F.3d at 562.

## DISCUSSION

David Cole was hired by Raymond Howard as a purported marine-safety expert.[16] K&K Offshore seeks to limit Cole's testimony on the ground that he is not qualified to offer competent testimony on the effects of intoxication and drug impairment.[17] K&K Offshore specifically contends Cole "has no background, education, or specialized training in this field, nor has he ever been qualified as an expert in toxicology."[18] Having reviewed Cole's expert report, the Court notes that Cole has not expressed an opinion on toxicology or drug-impairment issues.[19] Furthermore, Plaintiff Raymond Howard has not filed an opposition to the motion. As a result, K&K Offshore's motion is **GRANTED**. Cole may not testify on intoxication or drug-impairment issues.

OLB challenges Cole more generally, arguing he "is not qualified under Rule 702 to render the opinions he hopes to offer at trial."[20] The Court will now analyze each of Cole's opinions, as expressed in his expert report, and determine whether Cole may testify as to that particular opinion at trial.

A. *OPINION #1*

> It is my opinion that the sea and weather conditions on the morning of May 16, 2013, should not have served to encumber the maneuvering of the CONTENDER and that the operator should not have any difficulty in holding the vessel's position steady during the transfer. This would be especially true if the vessel was headed up into the wind and seas as indicated in the attachment to the CONTENDER's CG-2692.

Cole may not testify with respect to this opinion at trial. Cole's qualifications as a former Coast Guard commander do not render him an expert on vessel operations or on

---

[16] R. Doc. 359 at 4.
[17] R. Doc. 335-1 at 2.
[18] R. Doc. 335-1 at 4.
[19] *See* R. Doc. 339-3 at 4–6 (Expert Report of David Cole).
[20] R. Doc. 339-2 at 6.

3

the effect that certain weather conditions have on vessel operations and vessel movement. OLB's motion *in limine* is **GRANTED** insofar as it seeks to exclude this opinion.

B. *OPINION #2*

> A primary requirement of a personnel basket transfer is for the tip of the crane boom to be centered over the load. When a basket is first landed on deck of a vessel, it is, for that second, centered. It is up to the crane operator and the vessel operator to work together to keep the boom tip over the load so that, when the lift is first started, the basket comes straight up. The American Petroleum Institute recommends that the basket then be shifted from over the vessel deck to over the water.
>
> In my opinion, the basket containing the Howard group was lifted when the boom tip was off-center, causing the basket to swing toward the stern of the CONTENDER.
>
> Further complicating the lift was Mr. Richardson's continued lifting when the crane's boom pressure gage would have indicated increasing pressure.
>
> It is my opinion that whether a signal was given or not, though lifting without an appropriate signal would be in non-compliance with the standard of care, if the boom tip had been centered over the basket, there is no reason to believe the lift could not have been made safely.

Cole may testify with respect to these opinions. The Court finds, based on Cole's resume, affidavit, and expert report, that Cole is qualified to offer testimony on issues of crane operations, crane safety, and personnel-basket transfers.[21] Any concerns OLB has with respect to these opinions goes to the weight of Cole's testimony, not its admissibility. Such issues are appropriately dealt with on cross-examination and by the presentation of contrary evidence. OLB's motion *in limine* is **DENIED** as to these opinions.

C. *OPINION #3*

> It is my opinion that it is not likely that the CONTENDER could have been directed ahead as quickly as JANIE personnel have indicated.

---

[21] *See generally* R. Doc. 359-1 (Affidavit of David Cole).

Cole may not testify with respect to this opinion at trial. Cole's qualifications and training as a former Coast Guard commander do not establish his expertise on issues particular to vessel operations or vessel navigation, nor do Cole's expert report, affidavit, or resume otherwise establish his expertise in these fields. OLB's motion *in limine* is **GRANTED** insofar as it seeks to exclude this opinion.

D. *OPINION #4*

> It is my opinion that both the JANIE and the CONTENDER failed to properly coordinate and oversee this lift, and this contributed to the casualty.

Cole may not testify with respect to this opinion, as it amounts to a legal conclusion on which experts are not permitted to testify. The Fifth Circuit has repeatedly held that Federal Rule of Evidence 704 does not authorize experts to render legal opinions or reach legal conclusions.[22] Moreover, testimony that tells the jury what conclusion to reach or merely states a legal conclusion is not helpful to the jury.[23] Cole may, however, testify regarding the standard of care for issues within his expertise and whether certain conduct fell within that standard of care.[24] OLB's motion *in limine* is **GRANTED** insofar as it seeks to exclude this opinion.

---

[22] *See, e.g., Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009); *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir. 1998); *Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996); *Owen v. Kerr-McGee*, 698 F.2d 236, 239 (5th Cir. 1983); *see also Lackey v. SDT Waste and Debris Servs., LLC*, No. 11-1087, 2014 WL 3866465, at *7–8 (E.D. La. Aug. 6, 2014). "It is the job of the Court—not the expert—to instruct the jury on the applicable law. *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("[O]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.").

[23] *See, e.g., Snap-Drape*, 98 F.3d at 197–98 (noting that certain expert reports improperly contained legal conclusions, which "would be of no assistance in making findings of fact"); *Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622, at *2 (E.D. La. Sept. 21, 2009) (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997) ("Expert testimony that consists of legal conclusions cannot properly assist the trier of fact" in understanding evidence or determining facts in issue.")).

[24] *See Richardson v. SEACOR Lifeboats, LLC*, No. 14-1712, 2015 WL 2193907, at *3 (E.D. La. May 11, 2015) (allowing expert to testify about the "reasonable standard of care" and whether the defendant "met that standard of care" but prohibiting expert from offering legal conclusions and opinions on whether certain parties were negligent). The Court recognizes that distinguishing between admissible testimony regarding the standard of care and inadmissible testimony on legal conclusions is often a fine line, but the Court must

E. *OPINION #5*

It is my opinion that none of the personnel in the Howard group caused or contributed to their injuries and were conducting themselves in accordance with accepted procedures.

Neither may Cole testify with respect to this opinion at trial. Whether the Plaintiffs contributed to their injuries and, as a result, were contributorily negligent is a legal issue which must be decided by the jury. As stated above, Cole may, however, testify regarding the standard of care for issues within his expertise and whether certain conduct fell within that standard of care.[25] OLB's motion *in limine* is **GRANTED** insofar as it seeks to exclude this opinion.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that K&K Offshore's motion *in limine* with respect to David Cole is **GRANTED**.

**IT IS FURTHER ORDERED** that OLB's motion *in limine* with respect to David Cole is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

**New Orleans, Louisiana, this 19th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

make such distinctions. *See Francois v. Diamond Offshore Co.*, No. 11-2956, 2013 WL 654635, at *2 (E.D. La. Feb. 21, 2013).

[25] *See supra* note 24.