UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* to exclude evidence regarding Captain Tim Lawrence's criminal history with respect to his convictions for domestic abuse and child pornography.[1] The motion was filed by Offshore Liftboats, LLC ("OLB"), and is opposed by Plaintiffs Calvin Howard and Raymond Howard.[2] For the reasons that follow, the motion *in limine* is **GRANTED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[3] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[4] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[5] As a result of the accident, both Raymond and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

---

[1] R. Doc. 473.
[2] *See* R. Doc. 554.
[3] *See generally* R. Doc. 321.
[4] *See* R. Doc. 321.
[5] *See* R. Doc. 321.

1

On January 6, 2016, OLB filed the present motion *in limine* to exclude evidence of Captain Tim Lawrence's criminal history.[6] Specifically, OLB seeks to preclude any party from introducing any evidence of Captain Lawrence's prior convictions for domestic abuse and child pornography.[7] It is this motion that is presently before the Court.

## LAW AND ANALYSIS

### A. DOMESTIC-ABUSE CONVICTION

OLB first contends evidence of Captain Lawrence's conviction for domestic abuse should be excluded pursuant to Federal Rules of Evidence 609(a)(1) and 403.[8] Plaintiffs represent, however, that they do not intend to introduce any evidence with respect to Captain Lawrence's conviction for domestic abuse.[9] The motion is granted with respect to this conviction. Plaintiffs may not introduce evidence of Captain Lawrence's domestic-abuse conviction at trial.

### B. CHILD-PORNOGRAPHY CONVICTION

Plaintiffs do intend to use evidence of Captain Lawrence's child-pornography conviction for impeachment purposes at trial.[10] Plaintiffs have identified two pieces of evidence they wish to use: (1) excerpts from Captain Lawrence's deposition;[11] and (2) excerpts from Captain Lawrence's employment application with OLB.[12] The Court now addresses whether Plaintiffs may introduce this evidence at trial.

OLB concedes that evidence of Captain Lawrence's felony child-pornography conviction is admissible under Federal Rule of Evidence 609, subject to its admissibility

---

[6] R. Doc. 473.
[7] R. Doc. 473-2 at 1–2.
[8] R. Doc. 473-2 at 3.
[9] R. Doc. 554 at 2 n.1. Plaintiffs have indicated they will redact any references to Captain Lawrence's conviction for domestic abuse in any evidence they introduce with respect to his other convictions, which the Court addresses below.
[10] R. Doc. 554 at 2.
[11] R. Doc. 554-1.
[12] R. Doc. 554-2.

under Rule 403.[13] Rule 609(a) states that evidence of a witness's felony conviction "must be admitted, subject to Rule 403, in a civil case" when offered to attack that witness's character.[14] Rule 609(b) places limits on this rule if "more than 10 years have passed since the witness's conviction or release from confinement" for that conviction.[15] OLB acknowledges Rule 609(b) does not apply to Captain Lawrence's child-pornography conviction, as Captain Lawrence was released from confinement for that conviction less than 10 years ago.[16] As a result, Captain Lawrence's conviction for child pornography is admissible for impeachment purposes under Rule 609, subject to its admissibility under Rule 403.

Rule 403 provides, in pertinent part, that the court "may exclude evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[17] OLB argues, pursuant to Rule 403, that the probative value of Captain Lawrence's felony child-pornography conviction is "very low" and is substantially outweighed by a danger of undue prejudice.[18] According to OLB, "the probative value of such a crime is tremendously low as it says nothing about Lawrence's competence as a captain or the facts and circumstances of this personnel basket transfer."[19] Moreover, OLB contends "the very nature of the crime gives rise to a substantial risk that the jury will look unfavorably upon Lawrence simply based on the previous conviction."[20] The Court agrees with OLB. Captain Lawrence was convicted of possessing child pornography over 10 years ago in late-2015.[21] And Captain Lawrence was released from confinement for that conviction

---

[13] R. Doc. 554 at 2.
[14] FED. R. EVID. 609(a)(1)(A).
[15] FED. R. EVID. 609(b).
[16] R. Doc. 473-2 at 3.
[17] FED. R. EVID. 403.
[18] R. Doc. 473-2 at 3–4.
[19] R. Doc. 473-2 at 4.
[20] R. Doc. 473-2 at 4.
[21] *See* R. Doc. 554 at 2; R. Doc. 554-1 at 8 (Deposition of Timothy Lawrence).

almost 10 years ago, a mere two-months short of the 10-month threshold which would have triggered the application of Federal Rule of Evidence 609(b).[22] Moreover, the Court notes that Captain Lawrence's conviction for the possession of child pornography is not one that involves dishonesty or the making of false statements and which may raise questions with respect to his propensity to tell the truth. Lastly, Captain Lawrence's child-pornography conviction does not involve conduct that is even remotely similar to any conduct at issue in this case. In sum, the probative value of this conviction is minimal.

The Court has broad discretion in determining "whether to allow or disallow use of a conviction based upon whether its probative value exceeds its prejudicial effect."[23] For the reasons stated above, the Court finds that any probative value which Captain Lawrence's child-pornography conviction may have is substantially outweighed by the danger of unfair prejudice. Plaintiffs may not introduce evidence of Captain Lawrence's child-pornography conviction at trial.

## CONCLUSION

**IT IS ORDERED** that OLB's motion *in limine* to exclude evidence regarding Captain Tim Lawrence's criminal history be and hereby is **GRANTED**, as set forth above.

**New Orleans, Louisiana, this 19th day of January, 2016.**



**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 554 at 2; R. Doc. 554-1 at 9 (Deposition of Timothy Lawrence).
[23] *Howard v. Gonzales*, 658 F.2d 352, 359 (5th Cir. 1981) (citing *Shingleton v. Armor Velvet Corp.*, 621 F.2d 180, 183 (5th Cir. 1980)).