UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is the motion to strike any testimony and evidence from being introduced in relation to Dr. Gorman's addendum produced on January 22, 2016.[1] For the reasons that follow, the motion is **GRANTED**.

At a status conference on January 22, 2016, the Court suggested, and the parties agreed, that recent medical reports and revised expert reports would be admissible, but only if they included no new diagnoses or radically different testimony or opinions from prior reports. The current motion to strike involves a revised report produced by Dr. Gorman on behalf of Raymond Howard,[2] which includes radically different testimony and opinions from his previous report. The addendum relies on a recent review of Raymond Howard's medical records by Dr. Savant and Dr. Shamsnia. The addendum indicates Drs. Savant and Shamsnia reviewed Raymond Howard's records on January 22, 2016, and provided recommendations to Dr. Gorman that same day. The recommendations of Drs. Savant and Shamsnia and the revised report of Dr. Gorman are radically different from their prior opinions. The revised report of Dr. Gorman was generated and provided to counsel for Defendants on January 22, 2016, a mere three days before trial. Its admission would result in substantial prejudice to the Defendants, and there is no justifiable reason

---

[1] R. Doc. 707.
[2] R. Doc. 707-3.

1

for its late production. The revised report of Dr. Gorman is thus stricken as set forth below.

First, Dr. Gorman will not be allowed to testify with respect to this revised report dated January 22, 2016,[3] and the report will not be admitted into evidence. Moreover, any medical records related to Dr. Savant's and Dr. Shamsnia's recent review of Raymond Howard's file on January 22, 2016, are not admissible. Drs. Savant and Shamsnia will not be allowed to testify with respect to these records or their review of Raymond Howard's file on January 22, 2016.

Second, the SPECT Scan report produced by West Jefferson Medical Center is not admissible.[4] This report was performed for the sole purpose of accompanying treatment performed by Dr. Harch. The Court has already excluded evidence related to Dr. Harch's treatment and the testimony of any other healthcare provider related thereto.[5]

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 23rd day of January, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. 707-3. The addendum is erroneously dated January 22, 2015. *See* R. Doc. 707-3. The addendum was actually generated on January 22, 2016.
[4] R. Doc. 707-5.
[5] R. Docs. 437 at 2, 492 at 3.