UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is the motion *in limine* of Offshore Liftboats, LLC ("OLB"), to exclude evidence related to Sylvester Richardson's allegedly diluted drug-test results, his termination for refusing to take a drug test, and his criminal history.[1] Plaintiffs oppose the motion.[2] The Court has considered the briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the motion *in limine* is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[3] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC ("OLB"), the owner and/or operator of the L/B Janie.[4] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[5] As a result of the accident, both Raymond and Calvin filed suit against OLB—their Jones Act employer—and K&K Offshore, among others.

---

[1] R. Doc. 477.
[2] R. Docs. 377, 385.
[3] *See* R. Doc. 321; R. Doc. 357 at 1–2; R. Doc. 376 at 1–2.
[4] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.
[5] R. Doc. 357 at 1–2; R. Doc. 376 at 1–2. *See also* R. Doc. 321.

1

On January 6, 2016, OLB filed the present motion *in limine* to exclude all evidence of the diluted results from Richardson's May 19, 2013 drug test; Richardson's termination for refusing to take a drug test in November 2014; and his criminal history.[6] First, OLB contends that neither Richardson's diluted drug-test results three-days post-accident, nor his refusal to take a drug test approximately 18 months later are relevant to any issues in this litigation.[7] Second, OLB argues any evidence of Richardson's criminal history, specifically his July 1995 convictions for felony armed robbery and felony aggravated assault with a weapon, should be excluded as irrelevant and unduly prejudicial.

## LAW AND ANALYSIS

The Court initially deferred ruling on OLB's motion *in limine* with respect to Richardson, instructing OLB to first identify the specific exhibits it deems objectionable pursuant to its motion.[8] OLB objects to four exhibits with respect to Richardson, namely Exhibits 108, 109, 120, and 198.[9] The Court will address each of OLB's objections, as well as OLB's related motion *in limine*, below.

### I. EXHIBIT 108

OLB first objects to Exhibit 108, which consists of Sylvester Richardson's personnel file and related documents, from his employment with OLB.[10] OLB contends Richardson's personnel file is irrelevant and, even if relevant, is unduly prejudicial. OLB notes the file contains numerous references to Richardson's prior felony convictions, which should not be admissible at trial under Federal Rules of Evidence 609 and 403. Plaintiffs disagree, arguing the personnel file, which includes references to Richardson's

---

[6] R. Doc. 477.
[7] R. Doc. 477-2 at 4.
[8] R. Doc. 492 at 4.
[9] R. Doc. 600 at 3–5.
[10] R. Doc. 600 at 3.

1995 convictions for armed robbery and armed aggravated assault, is relevant to whether Richardson was qualified to work offshore and whether OLB was negligent in hiring Richardson.[11] Moreover, Plaintiffs note Richardson's prior convictions served as the basis for the Coast Guard denying Richardson a merchant mariner credential in September 2012.[12] Without this credential, Plaintiffs contend Richardson should not have been working on a vessel and, thus, that Richardson's prior convictions are relevant to his qualifications.

The Court finds Richardson's personnel file is, for the most part, relevant to issues which are contested in this litigation. Moreover, most of the information in the personnel file has probative value with respect to whether Richardson was qualified to serve in his position with OLB, and with respect to those portions of the personnel file, the probative value is not substantially outweighed by a danger of unfair prejudice.

However, the Court finds that all references to Richardson's prior convictions in his personnel file,[13] *i.e.*, his 1995 convictions for armed robbery and armed aggravated assault, are relevant only if Richardson was required to obtain a merchant mariner credential to serve in his position with OLB. As noted above, OLB contends the merchant mariner credential was required for Richardson's job and the Coast Guard denied Richardson such a credential due to his prior convictions. However, the Plaintiffs have pointed to no evidence or expert testimony that Richardson was actually required to possess a merchant mariner credential to work in his capacity with OLB. Because Plaintiffs have pointed to no evidence that Richardson needed such a credential, Richardson's prior felony convictions are not relevant. The objection is **SUSTAINED**

---

[11] R. Doc. 677 at 2–3.
[12] R. Doc. 677 at 2–3, 5.
[13] Pages of Exhibit 108, Bates labeled nos. 3878, 3881, and 3923.

with respect to pages 3878, 3881, and 3923 of Exhibit 108, which refer to Richardson's prior felony convictions within his personnel file.[14] Otherwise, OLB's objection to Exhibit 108 is **OVERRULED**. Richardson's personnel file is admissible, except for the references to Richardson's criminal convictions contained therein.

## II. EXHIBIT 120

OLB objects to Exhibit 120 on similar grounds.[15] Exhibit 120 is a letter Richardson received from the Coast Guard denying his application for a merchant mariner credential. It appears from the letter that the Coast Guard denied Richardson the credential due to his prior felony convictions for armed robbery and armed aggravated assault in July 1995. OLB contends the danger for unfair prejudice substantially outweighs any probative effect that the letter may have, noting that Richardson was not denied the credential because he was unqualified but rather because of his prior felony convictions, which are irrelevant to issues in this litigation. Plaintiffs contend, however, as the Court noted above, that the fact Richardson was denied a merchant mariner credential based on prior criminal convictions is relevant to whether Richardson was qualified to work on an OLB vessel offshore.[16]

As the Court concluded above, Exhibit 120—a letter by which the Coast Guard denied Richardson a merchant mariner credential due to prior felony convictions—is relevant only if Richardson was required to possess such a credential at the time of the incident. Because Plaintiffs have pointed to no evidence that the credential was required, OLB's objection to Exhibit 120 is **SUSTAINED**.

---

[14] *See id.*
[15] R. Doc. 600 at 4.
[16] R. Doc. 677 at 5.

III.   EXHIBIT 109

Exhibit 109 consists of certain documents related to Richardson's alleged failure to take a drug test in November 2014 and his subsequent termination for refusing to take that test. OLB contends these documents are irrelevant, and the Court agrees. Richardson's refusal to take a drug test in November 2014—approximately 18 months post-accident—is not relevant to whether Richardson was qualified to work offshore or whether he was impaired at the time of the accident. Any probative value which Plaintiffs would gain from this evidence is substantially outweighed by the danger of unfair prejudice. OLB's objection to Exhibit 109 is **SUSTAINED**.

IV.   EXHIBIT 198

Exhibit 198 consists of results from a drug test Richardson was administered on May 19, 2013, three days post-accident. OLB argues this exhibit should be excluded, as it indicates Richardson's drug-test results were diluted, and Plaintiffs have no expert witness to testify with respect to the meaning and significance of a "diluted" result.[17]

The Court has considered the arguments of the parties and sustains OLB's objection to Exhibit 198. Plaintiffs may ask Richardson whether he was on drugs or was otherwise impaired at the time of the May 16, 2013 accident, but if Richardson answers in the negative, Plaintiffs may not use Exhibit 198, which indicates Richardson's test results were diluted, to impeach his credibility. Richardson's diluted drug-test results would have to be interpreted by an expert witness to be helpful to the jury. Plaintiffs have no expert qualified to testify on the meaning and significance of Richardson's "diluted" drug-test results. OLB's objection to Exhibit 198 is **SUSTAINED**.

---

[17] R. Doc. 600 at 5–6.

V.     ADDITIONAL CONSIDERATIONS: OLB'S MOTION *IN LIMINE*

As noted above, OLB filed a motion *in limine* to exclude all evidence and testimony of Richardson's allegedly diluted drug-test results from May 19, 2013; his November 2014 refusal to take a drug test and subsequent termination; and his criminal history. To the extent OLB objects to additional exhibits or proposed testimony not considered by the Court herein, the objections are resolved in accordance with this Order and Reasons. As a result, OLB's objections are **SUSTAINED** or **DENIED**, as set forth herein. OLB's motion *in limine* is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

New Orleans, Louisiana, this 23rd day of January, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**