UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court are several objections to exhibits and other demonstrative aids which OLB and the K&K Defendants intend to use during opening statements.[1] The Court resolves the objections as set forth below.

I. OLB'S MODEL VESSEL & CRANE

Plaintiff Calvin Howard objects to OLB's proposed use of a model vessel and a model crane during opening statements.[2] Calvin contends the models do not accurately reflect the vessel and crane involved in this litigation and that OLB should, as a result, not be permitted to use these models during opening statements. The Court has previously deferred ruling on Calvin's objections to the models OLB intends to use.[3] The Court instructed OLB to bring the model vessel, as well as the model crane, to chambers on Monday, January 25, 2016, at 8:00 a.m., at which time the parties may inspect the models in their final form. At that time, counsel for Plaintiffs will have an opportunity to further explain to the Court their objections to the models and why OLB should not be permitted to use them during opening statements. This objection is **DEFERRED**, as set forth above.

---

[1] R. Docs. 697, 698.
[2] R. Doc. 697.
[3] R. Doc. 705 at 3.

1

## II. OLB's Computer Animation

Calvin also objects to the computer animation OLB intends to use during opening statements.[4] Calvin contends the computer animation is misleading and "fails to account for the sea state, winds, darkness, and lack of communication between OLB's crane operator and the CONTENDER or the CONTENDER's deck hand."[5] The Court has viewed the animation and sustains Calvin's objection. Although the animation has some probative value and may be somewhat helpful to the jury, its probative value is substantially outweighed by its prejudicial effect, as the animation does not fully depict all conditions surrounding the incident. The animation does show the sea is not completely calm, but it nevertheless depicts the CONTENDER as being completely stationary throughout the incident. It is undisputed that the CONTENDER was moving both prior to and during the incident.[6] The parties vigorously dispute how much it was moving, when, and why. Furthermore, the animation depicts the events as if they occurred in bright daylight, which is not the case. The Plaintiffs point out that the animation is incomplete as it ends as the personnel-transfer basket makes contact with the guard rail. As a result, Calvin's objection is **SUSTAINED**. OLB may not use its computer animation during opening statements. If OLB wishes to substitute diagrams, for example, showing where the Plaintiffs were standing, or photographs (such as of the guard rail of the M/V Contender or the personnel-transfer basket), OLB may submit its substitutions to Plaintiffs by **Sunday, January 24, 2016**, at **12:00 p.m.** Plaintiffs must

---

[4] R. Doc. 697 at 1–2.
[5] R. Doc. 697 at 2.
[6] Moreover, it is common sense that a vessel operating in the Gulf of Mexico will be in motion. OLB's depiction of the CONTENDER as being completely stationary is inaccurate and would be misleading to the jury.

inform OLB and the Court of whether they have objections to the substitutions by **Sunday, January 24, 2016**, at **2:00 p.m.**

### III. K&K OFFSHORE'S CHARTS

Calvin objects to certain charts the K&K Defendants intend to use during opening statements.[7] According to Calvin, the charts include lists of Calvin's doctors as well as the damages the K&K Defendants contend Calvin incurred as a result of the incident and his subsequent treatment. The Court ordered counsel for the K&K Defendants to provide unredacted versions of these charts to opposing counsel by Friday, January 22, 2016, at 5:00 p.m. The Court instructed all parties to inform the Court of any remaining objections to the K&K Defendant's proposed charts no later than Saturday, January 23, 2016, at 12:00 p.m. The parties informed the Court that they agreed not to exchange unredacted versions of their opening statements. The objection is **OVERRULED**.

### IV. K&K OFFSHORE—EXHIBIT NOS. 212, 213, 222, 223, 227, 237, 244, 246, & 254

Raymond Howard objects to the K&K Defendant's use of Exhibits 212, 213, 222, 223, 227, 237, 244, 246, and 254 during opening statements.[8] Exhibits 212, 213, 222, 223, and 227 were offered by Raymond as exhibits in the joint bench books, and as could be expected, Raymond has filed no objection to their introduction into evidence. Exhibit 254 was offered by the K&K Defendants, and Raymond did not file an objection to that exhibit being introduced into evidence either. Moreover, these exhibits are medical records, and the parties have represented to the Court that all medical records are now certified and there will be no objections to the authenticity of those records at trial. Raymond's objections with respect to Exhibits 212, 213, 222, 223, 227, and 254 are **OVERRULED**.

---

[7] R. Doc. 697 at 2.
[8] R. Doc. 698.

3

Exhibit 237 is a safety training video, which was included as an exhibit in the joint bench books by OLB. Raymond did not object to the inclusion of Exhibit 237 as an exhibit in the joint bench books. However, Calvin did object, arguing that, *inter alia*, the video was not timely produced or authenticated.[9] Raymond notes the video was not produced by until December 31, 2015.[10] OLB contends it only recently made the decision to seek to introduce the video and, for that reason, it was produced to Plaintiffs late.[11] OLB also notes "the training video was never specifically requested in discovery."[12] OLB was required to list all witnesses and exhibits by August 19, 2015. The video was not included in OLB's exhibit list. Furthermore, the video was not listed as an exhibit in the proposed pretrial order. OLB's contention that it only recently made the decision to use the video at trial does not excuse its failure to timely produce the video. Raymond's objection to Exhibit 237 is **SUSTAINED**.

Exhibit 244 is Raymond Howard's personnel file from OLB. Raymond objects to the K&K Defendants using Exhibit 244 during opening statements,[13] but Raymond has not provided the reason behind this objection in Record Document 698 or otherwise. Raymond's objection to Exhibit 244 is **OVERRULED**.

Exhibit 246 consists of several social media posts of Raymond Howard. Raymond objected to this exhibit being used at trial, and he also objects to the K&K Defendants using the exhibit during opening statement. According to Raymond, these social media posts "would be unfairly prejudicial as they are likely to negatively influence the jurors' opinions of Raymond Howard."[14] The Court has reviewed the documents that comprise

---

[9] R. Doc. 578 at 1–2.
[10] R. Doc. 578.
[11] R. Doc. 640 at 3.
[12] R. Doc. 640 at 3.
[13] R. Doc. 698 at 1.
[14] R. Doc. 570.

Exhibit 246. The Court previously ruled that, with respect to the first two pages of Exhibit 246, which are Bates labeled as 7390 and 7391, those documents are admissible, provided the Defendants redact the text located at the bottom of those documents in Record Documents 471-4 and 471-12.[15] With respect to the remainder of Exhibit 246, the documents Bates labeled as 7392 and 7398-7403 are social media posts of Raymond selling dogs and are relevant to Raymond's post-accident earning capacity. These documents are not more prejudicial than probative. Raymond's objection to Exhibit 246 is **OVERRULED** with respect to documents Bates labeled 7390-7392 and 7398-7403. The objection is otherwise **SUSTAINED**.

    **New Orleans, Louisiana, this 23rd day of January, 2016.**

                             *Susie Morgan*
                          **SUSIE MORGAN**
             **UNITED STATES DISTRICT JUDGE**

---

[15] *See* R. Doc. 492 at 3.