UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

### ORDER AND REASONS

The Plaintiffs have indicated they intend to call Robert Watson, a defense expert, in their case-in-chief.[1] Watson is an expert in crane operations, safety, and training retained by Defendant Offshore Liftboats, LLC ("OLB"). OLB contends, because Watson is a defense expert, Plaintiffs should not be permitted to call Watson or otherwise use his deposition testimony in the Plaintiffs' case-in-chief.[2]

The Court has broad discretion to control "the mode and order of examining witnesses and presenting evidence."[3] The Court is instructed to exercise this discretion in order to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."[4]

As noted above, Plaintiffs seek to call Robert Watson, an OLB expert, in their case-in-chief. The Court finds, however, that Plaintiffs' presentation of a defense expert would confuse the jury.[5] Moreover, as a court in this district has previously held, "introducing defendants' experts in the [plaintiffs'] case-in-chief is unnecessary as defendants' will be

---

[1] R. Doc. 713.
[2] R. Doc. 716.
[3] FED. R. EVID. 611(a); FED. R. EVID. 403.
[4] FED. R. EVID. 611(a).
[5] *Holt v. Randy & Bros. Trucking, Inc.*, No. 11-2759, 2013 WL 139813, at *1 (E.D. La. Jan. 10, 2013) (citing *Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996); *Rubel v. Eli Lilly Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995) ("[P]ermitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming from the fact of the prior retention, quite apart from the substance of the testimony.")).

introducing these witnesses and [plaintiffs] will have an opportunity to cross-examine them on their testimony."[6]

Accordingly;

**IT IS ORDERED** that Plaintiffs' shall not call Robert Watson or otherwise attempt to introduce his deposition testimony during Plaintiffs' case-in-chief. This ruling applies to all other defense experts whom Plaintiffs may wish to call as witnesses in their case-in-chief.

**New Orleans, Louisiana, this 24th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Holt*, 2013 WL 139813, at *1 (citing *Rubel*, 160 F.R.D. at 460–61; *Sanchez v. Dupnik*, 362 F. App'x 679, 680 (9th Cir. 2010) (affirming district court's decision not to allow plaintiff to call defendant's expert in his case-in-chief where plaintiff was "permitted to fully cross-examine his opponent's expert during trial.").