UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court are several objections to exhibits and other demonstrative aids which the Plaintiffs intend to use during opening statements.[1] The Court resolves the objections as set forth below.

I. CALVIN HOWARD'S POWERPOINT PRESENTATION

OLB and the K&K Defendants object to several aspects of the PowerPoint that Calvin intends to use during opening statements. Specifically, OLB and K&K object to the following slides in Calvin's PowerPoint: Slide 4, Slide 6, Slide 10, Slide 12, Slide 17, Slide 18, Slide 24, Slide 25, Slide 27, Slide 28, Slide 29, Slide 30, and Slide 35.

A. Slide 4

Slide 4 contains a picture of rough seas. OLB objects to this slide, arguing the seas depicted therein "are not anywhere related to the seas involved in this matter."[2] The Court agrees; the Plaintiffs have pointed to no one who will testify that the seas were as depicted in the picture contained in Slide 4 during the incident-in-question. Plaintiffs admit that the photograph was taken from Google.  OLB's objection to Slide 4 is **SUSTAINED**.

---

[1] R. Docs. 695, 700, 725.
[2] R. Doc. R. Doc. 700 at 2.

B. Slide 6

Slide 6 is a picture of the cover of Title 46 of the Code of Federal Regulations. OLB and K&K object to this slide. Plaintiffs' expert witness, Mitchell Stoller, will testify that certain Coast Guard regulations were applicable in this situation.  K&K has objected in its Motion *in Limine* to Captain Stoller testifying about whether crew members were impaired but not his testimony that these statutes are applicable.  OLB argues in its Motion *in Limine* that Captain Stoller is not qualified to testify about crane operations and also that he should not be allowed to testify that certain regulations or codes are applicable.  The Court will instruct the jury on the law.  This objection is **SUSTAINED.**

C. Slide 10

OLB objects to Slide 10 on the basis that it contains a redacted document that OLB has been unable to review. OLB states its objection is "until it has an opportunity to see the document."[3] The parties informed the Court yesterday that they agreed not to exchange unredacted versions of the documents to be used during opening statement. This objection is **OVERRULED**.

D. Slides 12 and 18

OLB and K&K object to Slides 12 and 18, both of which reproduce Exhibit 190.[4] Exhibit 190 is a written joint safety analysis ("JSA") that OLB conducted for a personnel-basket transfer on board the M/V Vanessa, another OLB vessel, on May 2, 2014. The JSA is dated after the May 16, 2013 incident-in-question.[5] OLB and K&K contend, because the JSA relates to a personnel-basket transfer that occurred after the failed transfer which is the subject of this litigation, the JSA in Exhibit 190 is irrelevant and, even if relevant,

---

[3] R. Doc. 700 at 2.
[4] R. Doc. 695 at 2; R. Doc. 700 at 2.
[5] R. Doc. 700 at 2; R. Doc. 695 at 2, 3.

2

amounts to evidence of a subsequent remedial measure which is inadmissible under Federal Rule of Evidence 407. OLB's Findings of Fact and Conclusions of Law[6] includes a finding of fact that OLB did **not** require a written JSA prior to the accident. The Plaintiffs' Findings of Fact and Conclusions of Law includes a finding of fact that OLB procedures required a written Joint Safety Analysis and/or Pre-Crane Operations Safety Meeting. The Court is unable to determine at this time whether Exhibit 190 is evidence of a subsequent remedial measure. Allowing evidence of a subsequent remedial measure is adverse to the important social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety. In light of this policy, and the facts surrounding whether this is evidence of a subsequent remedial measure, OLB's objection is **SUSTAINED.**

E. Slide 17

Slide 17 contains a caption regarding Sylvester Richardson's prior felony convictions. The caption reads: "Felony convictions prevent Sylvester from receiving Merchant Marine Credentials." OLB objects to the inclusion of this information in Slide 17.[7] The Court previously ruled that Richardson's prior convictions are admissible only if Richardson was required to obtain a merchant marine credential to serve in his position with OLB.[8] Because Plaintiffs have pointed to no evidence or expert testimony that Richardson was actually required to possess a merchant marine credential, OLB's objection is **SUSTAINED**.

---

[6] R. Doc. 692.
[7] R. Doc. 700 at 2.
[8] R. Doc. 724 at 3.

F. Slide 24

Slide 24 contains an image of a skull and a brain, with certain portions of the brain emphasized to suggest head trauma. OLB objects to this image, contending there is no relationship between the image and this incident.[9] OLB states: "There is no evidence from anyone to suggest that Calvin Howard struck his head in any way that would be reflected in this photograph."[10] The Plaintiffs have pointed to no witness who will testify that this picture is an accurate depiction of Calvin's brain.  OLB's objection is **SUSTAINED**.

G. Slide 25

Slide 25 is a picture of a helicopter with the caption: "Air Med is unable to evacuate Calvin and Raymond because of weather." OLB objects, arguing there is "no evidence that weather played any role in the decision not to medivac the individuals from the scene by air." The Court agrees with OLB. The proposed pretrial order submitted by the parties contains no mention, as an issue of fact or otherwise, of the weather preventing Raymond and Calvin from being airlifted from the scene.[11] Neither do the Findings of Fact and Conclusions of Law filed by the Plaintiffs.  OLB's objection is **SUSTAINED**.

H. Slide 27

Slide 27 contains excerpts from the deposition testimony of Greg Lasseigne, an operations manager for K&K Offshore. K&K objects to the inclusion of these deposition excerpts in Slide 27. By separate order the Court will allow this testimony to be included in Mr. Lasseigne's deposition designations.  The objection is **OVERRULED**.

---

[9] R. Doc. 700 at 2.
[10] R. Doc. 700 at 2.
[11] *See generally* R. Doc. 467.

4

I. Slides 28 and 30

K&K objects to Slides 28 and 30. Slide 28 consists of OLB's chemical testing policy, which merely reproduces 46 C.F.R § 4.06-3. Slide 30 is an excerpt of 33 C.F.R. § 95.030. The Court, not the parties, will instruct the jury on the law. As a result, these objections are **SUSTAINED**.

J. Slide 29

OLB and K&K object to Slide 29.[12] Slide 29 references Exhibits 117, 119, and 192, all of which are objected-to. Exhibits 117, 119, and 192 include the results of the post-accident drug tests administered to Blake Ryland, Shawn Sizemore, and Sylvester Richardson, respectively. The Court previously ruled that evidence of Richardson's post-accident drug test, the results of which were "diluted," is inadmissible. As a result, OLB's objection with respect to Exhibit 192 is **SUSTAINED**. The Court will rule by separate order that evidence of Blake Ryland's post-accident drug test is admissible, subject to Dr. Heinen's authentication. As a result, OLB's objection with respect to Exhibit 117 is **OVERRULED.** The Court will rule by separate order that evidence of Shawn Sizemore's post-accident drug test is not admissible. OLB's objection with respect to Exhibit 119 is **SUSTAINED.**

K. Slide 35

Slide 35 references Exhibits 91, 173, 174, 175, and 235, all of which are objected-to. These exhibits are certain of Calvin's medical records. OLB has objected to these exhibits on the basis of authenticity, hearsay, and relevance. The objections are **OVERRULED**, provided the exhibits do not contain references to Dr. Harch, his proposed testimony, or

---

[12] R. Doc. 700

his review of Plaintiffs' records, all of which the Court has ruled are inadmissible.[13] The Plaintiffs must ensure that the medical records do not include any of the references to treatment by Dr. Harch which are in dispute, as set forth in Document 717 regarding redaction of records.[14]

II. RAYMOND HOWARD'S POWERPOINT PRESENTATION

OLB and K&K object to Slide 9 in the PowerPoint presentation Raymond intends to use during his opening statement.[15] OLB and K&K contend Slide 9 contains two SPECT scan images ordered by Dr. Harch in December 2015. The Court has previously ruled that Dr. Harch will not be allowed to testify at trial, nor will other witnesses be allowed to testify about Dr. Harch's treatment of Raymond Howard. The two orders for the test clearly reflect that the test was ordered by Dr. Harch.[16] The objections to Slide 9 are **SUSTAINED**.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 24th day of January, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *See* R. Docs. 437, 711, 723.
[14] To ensure that improper evidence is not placed before the jury, the Plaintiffs must not mention in opening statement portions that are questioned in Document 717. The Court will rule on the issues raised in Document 717 by separate order. The Court reminds the Plaintiffs that they vigorously objected to a continuance and agreed not to use Dr. Harch or any references to his treatment or opinions to avoid a continuance of the trial. The Plaintiffs must now abide by that agreement.
[15] *See* R. Doc. 725.
[16] *See* attached.