UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

### ORDER AND REASONS

Before the Court are three motions *in limine* to exclude the results of post-accident drug tests taken by Blake Ryland, Captain James Godwin, and Captain Shawn Sizemore.[1] The motions were filed by the K&K Defendants, and are opposed by Plaintiffs Calvin Howard and Raymond Howard (collectively, "Plaintiffs").[2] For the reasons that follow, the motions *in limine* are **GRANTED** and **DENIED**, as set forth below.

### BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[3] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC, the owner and/or operator of the L/B Janie.[4] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[5] As a result of the accident, both Raymond and Calvin filed suit against, among others, Offshore Liftboats, LLC—their Jones Act employer—and K&K Offshore, LLC.

---

[1] R. Docs. 483 (Ryland), 485 (Godwin), 486 (Sizemore).
[2] R. Docs. 531 (Ryland), 532 (Godwin), 537 (Sizemore).
[3] *See generally* R. Doc. 321.
[4] *See* R. Doc. 321.
[5] *See* R. Doc. 321.

1

**LAW AND ANALYSIS**

The K&K Defendants have filed motions *in limine* seeking to exclude the results of the post-incident drug-tests taken by Blake Ryland, James Godwin, and Shawn Sizemore. The Court addresses each of the K&K Defendants' motions, in turn, below.

I.  BLAKE RYLAND

Blake Ryland produced a urine sample for a drug test on May 17, 2013—the day after the accident.[6] Ryland tested positive for THC at a level of 53 ng/ml.[7] The K&K Defendants argue, however, that Ryland was not impaired at the time of the incident, which they contend is supported by the expert testimony of Dr. Michael Holland.[8] As a result, the K&K Defendants argue Ryland's drug test results, although positive for THC, are irrelevant to this litigation.[9] Even if relevant, the K&K Defendants contend Ryland's drug-test results are more prejudicial than probative and thus should be excluded.[10]

The Court disagrees. Ryland is a central figure with respect to the failed personnel-basket transfer at issue in this litigation, and his post-incident drug test results are certainly relevant to whether he was impaired at the time of the incident, despite the K&K Defendants' arguments to the contrary. Moreover, the Court finds that Ryland's drug-test results are not more prejudicial than probative and the results need not be excluded on that ground. Dr. Holland will be allowed to testify that, based on his review of Ryland's drug-test results, Ryland was not impaired at the time of the incident, and Plaintiffs will have an opportunity to cross-examine Dr. Holland with respect to his testimony and

---

[6] R. Doc. 483-1 at 2–3.
[7] R. Doc. 483-4 at 1.
[8] R. Doc. 483-1 at 2–3. Dr. Holland apparently concluded that, based on his review of Ryland's drug-test results, the concentration of THC in Ryland's system was consistent with him having last smoked marijuana three weeks prior to the sample being taken. *See* R. Doc. 483-1 at 2; R. Doc. 483-5 at 4.
[9] R. Doc. 483-1 at 1–2.
[10] R. Doc. 483-1 at 2.

whether Ryland was impaired at the time of the incident. As a result, the K&K Defendant's motion *in limine* with respect to Blake Ryland's post-incident drug test is **DENIED**.[11]

II. JAMES GODWIN

Captain James Godwin was a relief captain for K&K Offshore on board the M/V Contender at the time of the incident. Godwin took a post-accident drug test on June 4, 2013.[12] The results of the test were negative, though the drug test was not administered timely pursuant to the applicable Coast Guard regulations.[13] The K&K Defendants believe Plaintiffs and/or OLB "will introduce the post-accident drug test . . . to infer to the jury that Captain Godwin was impaired at the time of the accident."[14] However, according to the K&K Defendants, "there is an absolute lack of any evidence that would support this inference in this manner."[15] As such, the K&K Defendants contend Captain Godwin's post-incident drug-test is irrelevant to this litigation and, even if relevant, is more prejudicial than probative.[16]

The only claims remaining against the K&K Defendants are for negligence, including negligent hiring and negligent supervision. With respect to Godwin, he did not have any pre-employment positive drug tests, nor were his post-accident drug test results positive. Plaintiffs nevertheless argue, or at least suggest, that Captain Godwin was impaired by drugs at the time of the incident, but because his drug test was not administered timely, any evidence of his impairment was not detected.

Title 46, section 4.06-1, of the Code of Federal Regulations requires a marine employer to "take all practicable steps to have each individual engaged or employed on

---

[11] R. Doc. 483.
[12] R. Doc. 485-1 at 2; R. Doc. 485-4.
[13] R. Doc. 485-1 at 2; R. Doc. 485-4.
[14] R. Doc. 485-1 at 2.
[15] R. Doc. 485-1 at 2.
[16] R. Doc. 485-1 at 3.

3

board the vessel who is directly involved in the incident chemically tested for evidence of drug and alcohol use."[17] "The collection of drug-test specimens of each individual must be conducted within 32 hours of when the [serious marine incident] occurred."[18] In this case, Godwin, the captain of K&K Offshore's vessel at the time of the incident, was not drug tested until June 4, 2013, approximately two-and-a-half weeks after the May 16, 2013 incident.[19] Although Godwin's drug-test results were negative, the drug test was not administered timely. Plaintiffs will be allowed to ask Godwin whether he was drug tested within 32 hours of the incident. Plaintiffs will be allowed to introduce Godwin's post-incident drug test results as they have some probative value, and the results are not more prejudicial than probative. The K&K Defendant's motion *in limine* with respect to Captain Shawn Sizemore's post-incident drug test is **DENIED**.[20]

    III.    <u>SHAWN SIZEMORE</u>

The K&K Defendants argue Captain Shawn Sizemore's post-incident drug test is irrelevant and should be excluded, as "whether or not Captain Sizemore was impaired has no bearing on this litigation."[21] The K&K Defendants believe Plaintiffs and/or OLB intend to introduce evidence of Sizemore's drug test and "the timeliness of K&K's administration of that drug test in accordance with 47 C.F.R. § 4.06-1."[22] Title 46, section 4.06-1, of the Code of Federal Regulations requires a marine employer to "take all practicable steps to have each individual engaged or employed on board the vessel who is *directly involved in the incident* chemically tested for evidence of drug and alcohol use."[23] The K&K

---

[17] 46 C.F.R. § 4.06-1(b).
[18] 46 C.F.R. § 4.06-3(b)(i).
[19] R. Doc. 485-1 at 2.
[20] R. Doc. 485.
[21] R. Doc. 486-1 at 1.
[22] R. Doc. 486-1 at 1.
[23] 46 C.F.R. § 4.06-1(b) (emphasis added).

Defendants contend Sizemore was asleep at all times during the incident and, as a result, was not "directly involved" in the incident-in-question.[24] The Plaintiffs have pointed to no evidence to controvert the assertion that, at the time of the accident, Sizemore was "off watch in bed." If Sizemore was not "directly involved," his post-incident drug test is not relevant to this litigation. The K&K Defendant's motion *in limine* with respect to Captain Shawn Sizemore's post-incident drug test is **GRANTED**.[25] However, if the Plaintiffs introduce evidence that Sizemore was "directly involved," the Court will revisit this ruling upon request.

## CONCLUSION

**IT IS ORDERED** that the K&K Defendants' motions *in limine* to exclude the results of the post-accident drug test taken by Blake Ryland is **DENIED**.

**IT IS FURTHER ORDERED** that the K&K Defendants' motion *in limine* to exclude the results of the post-accident drug test taken by Captain James Godwin is **DENIED**.

**IT IS FURTHER ORDERED** that the K&K Defendants' motion *in limine* to exclude the results of the post-accident drug test taken by Captain Shawn Sizemore is **GRANTED**.[26]

New Orleans, Louisiana, this 24th day of January, 2016.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 486-1 at 2. James Godwin testified in his deposition that Sizemore was "off watch in bed" during the incident. R. Doc. 486-2 at 5.
[25] R. Doc. 486.
[26] R. Docs. 483 (Ryland), 485 (Godwin), 486 (Sizemore).