UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Calvin Howard's motion for reconsideration of the Court's previous rulings on Defendants' objections to Plaintiffs' deposition designations of Captain Timothy Lawrence.[1]

## BACKGROUND

The Plaintiffs originally informed the Court that they wished to read Captain Lawrence's deposition to the jury during their case-in-chief. The Court found that Captain Lawrence was a managing agent of Offshore Liftboats, LLC ("OLB"), and thus that his deposition could be used in this manner under Federal Rule of Evidence 32.[2] Thereafter, the Plaintiffs provided their designations of Captain Lawrence's deposition to the Defendants, and the Defendants filed various objections to those designations.[3]

The Court ruled on the Defendants' objections on January 26, 2016. Now, the Plaintiffs intend to call Captain Lawrence as a live witness during their case-in-chief. Plaintiffs have asked the Court to re-examine some its rulings in connection with the designations of Captain Lawrence's deposition and the Defendants' objections thereto.

---

[1] R. Doc. 756.
[2] *See* R. Doc. 647 at 2–3.
[3] R. Docs. 589, 623.

1

Plaintiffs wish to ask some questions of Captain Lawrence during his live testimony that the Court ruled could not be read from his deposition.

## LAW AND ANALYSIS

The Plaintiffs have asked the Court to revisit its rulings that Captain Lawrence may not testify as to his opinions about various weather conditions at the time of the incident, including wind speed and wave height. Plaintiffs also contend, contrary to the Court's rulings, that Lawrence should be permitted to opine on whether Sylvester Richardson should have been operating the crane under those weather conditions, the communications that should have taken place between Richardson and the other vessel, and the safety procedures that should have been followed during the personnel-basket transfer.

Captain Lawrence was not designated as an expert witness. Thus, his testimony, because it is opinion testimony, and because Lawrence is not an expert witness, must be admissible pursuant to Federal Rule of Evidence 701. Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Moreover, "[a]n opinion is rationally based on perception if the opinion is the sort that a normal person would form and 'no irrational leaps of logic' are required to sustain it."[4] Rule 701 demands "more than a finding that the witness has perceived something first-hand; rather, it requires that the witness's perception provide a truly rational basis for the opinion."[5]

---

[4] *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09cv169KS-MTP, 2011 WL 4590772, at *8 (S.D. Miss. Sept. 30, 2011) (quoting *Lynch v. City of Boston*, 180 F.3d 1, 15 (1st Cir. 1999)).
[5] *Id.*

As an initial matter, Plaintiffs rely heavily on *In re Antill Pipeline Construction Co.*[6] In that case, the court applied Federal Rule of Evidence 701, noting that lay witnesses may only provide opinion testimony if it is "rationally based on [their] perception[s]."[7] The testimony in that case involved the opinion of a lay witness with respect to the speed of a certain vessel.[8] The court held: "Lay witnesses who offer an opinion regarding speed must . . . be percipient witnesses, that is, they must themselves observe the object in motion in order to be allowed to offer an opinion as to its speed."[9] Although Captain Lawrence's proposed testimony in the present case does not involve the speed of the involved vessels, the *In re Antill Pipeline Construction Co.* decision is instructive with respect to what is required for a lay witness to offer opinion testimony pursuant to Federal Rule of Evidence 701.

The Court has revisited its prior rulings with respect to the admissibility of Captain Lawrence's testimony to determine if certain of his opinions are admissible as permissible opinion testimony from a lay witness under Rule 701 and the applicable jurisprudence.

I.    OPINION #1 – WIND SPEED

In his deposition, Captain Lawrence testified that the wind speed at the time of the incident was "15 mile[s] an hour, roughly."[10] Captain Lawrence went on to opine that 15 miles per hour is classified as a "light" wind.[11] Wind speed is typically determined through the use of an anemometer or some other device capable of gauging wind speed. If Captain Lawrence will testify that he had access to and actually consulted such a device at the time of the incident, and that is the basis of his testimony, Captain Lawrence will be allowed to

---

[6] Nos. 09–3646, 09–3646, 10–2633, 2013 WL 231569 (E.D. La. Jan. 22, 2013).
[7] *Id.* at *1.
[8] *See id.*
[9] *Id.*
[10] *See* R. Doc. 756 at 3; R. Doc. 623-1 at 12 (Deposition of Timothy Lawrence).
[11] R. Doc. 756 at 3.

3

offer his opinion that the wind speed was "15 mile[s] an hour, roughly," at the time of the incident, provided his testimony satisfies Rule 701's other requirements. With respect to the second requirement of Rule 701, the Court finds that Captain Lawrence's testimony as it relates to wind speed, so long as it is based on his reading of a wind measurement device, is not the kind of testimony that would require "scientific, technical, or other specialized knowledge." Instead, Captain Lawrence's testimony is based on his perceptions from reading an anemometer or other wind-speed gauge. With respect to the third requirement of Rule 701, the Court notes that Captain Lawrence's testimony in this regard would be helpful to the jury in determining certain facts in issue.

Therefore, Captain Lawrence will be permitted to testify that the wind speed was "15 mile[s] an hour, roughly," if Plaintiffs establish (1) that Captain Lawrence had an anemometer—or some other device capable of gauging wind speed—available to him at the time of the accident; (2) that Captain Lawrence consulted the device at the time of the incident; and (3) that he is testifying based on his recollection of the wind-speed reading.

If, on the other hand, Captain Lawrence is merely estimating that the wind speed was "15 mile[s] an hour" at the time of the incident, he cannot be considered a percipient witness pursuant to Rule 701, as his testimony would not be based on having observed the exact wind speed. Under those circumstances, Captain Lawrence may not offer testimony with respect to his opinion that the wind speed was "15 mile[s] an hour, roughly."

Furthermore, Captain Lawrence may not testify that a wind speed of 15 miles-per-hour is considered to be a "light" wind. This term is vague, undefined, and would not be helpful to the jury.

II.  OPINION #2 – WAVE HEIGHT

Captain Lawrence also testified in his deposition that, in his opinion, the seas were three (3) feet at the time of the incident.[12] Captain Lawrence further testified that he considers "3-foot" seas to be "calm."[13] The basis of Captain Lawrence's testimony on the wave height at the time of the incident is not clear. If Captain Lawrence is familiar with wave heights and, at the time of the incident, visually perceived the waves and concluded, based on his rational perceptions, that the waves were "3 foot," Captain Lawrence will be permitted to testify to this, provided the other requirements of Rule 701 are satisfied. In maritime cases, lay witnesses often are allowed t0 testify as to wave height. The Court finds that this testimony does not require "scientific, technical, or other specialized knowledge." Further, the Court believes such testimony from Captain Lawrence, the captain in charge of the L/B Janie on the night of the incident, will be helpful to the jury in understanding the conditions under which the personnel-basket transfer was attempted. This testimony regarding the wave height at the time of the incident will satisfy Rule 701 and be allowed, provided Plaintiffs establish (1) that Captain Lawrence is familiar with wave heights; and (2) that Captain Lawrence visually perceived the waves at the time of the incident.

However, Captain Lawrence may not testify that the seas were "calm." Whether the seas were "calm" or "rough" at the time of the incident requires specialized, scientific knowledge. These are terms of art which are often the subject of expert testimony.[14]

---

[12] R. Doc. 756 at 3.
[13] R. Doc. 623-1 at 16–17 (Deposition of Timothy Lawrence).
[14] *See, e.g., Collins v. Cottrell Contracting Corp.*, 733 F. Supp. 2d 690, 701 (E.D.N.C. 2010) ("The magistrate judge found the proposed testimony of Mr. Harned, a meteorologist with more than forty years of experience, regarding wind and wave conditions at the *Marion* to be both reliable and relevant to whether there were 'rough seas' at the time of the accident."); *Champion v. Globalsantafe Drilling Co.*, No. 06-1800, 2007 WL 2078763, at *2 (E.D. La. July 13, 2007); *Bennett v. Gilco Supply Boat, Inc.*, No. 00-2826, 2001 WL 1426682, at *2 (E.D. La. Nov. 14, 2001). In fact, the Court notes there will be expert testimony about this very matter from Dr. Lee Branscome, an expert meteorologist retained by Defendants.

Furthermore, these terms are vague and undefined, and they will not be helpful to the jury. As a result, Captain Lawrence may not testify that the seas were calm, as such testimony is outside the scope of permissible lay-witness opinion testimony contemplated by Federal Rule of Evidence 701.

### III. OTHER MISCELLANEOUS OPINIONS

Despite the Court's previous rulings, Plaintiffs contend Captain Lawrence should be permitted to offer his opinion as to (1) whether Sylvester Richardson should have been operating the crane given the weather conditions; (2) the communications practices that should have been employed during the personnel-basket transfer; and (3) the safety procedures that should have been followed during the transfer.[15] Plaintiffs essentially ask that Captain Lawrence be allowed to give lay opinion testimony with respect to whether the personnel-basket transfer was performed correctly, the standard of care applicable to personnel-basket transfers, and whether the Defendants acted within that standard of care.

In *Barron v. BP America Production Co.*, the Fifth Circuit confronted the issue of whether a lay witness—the owner of an offshore vessel—could testify with respect to his opinion on whether the vessel should have been operating in the Mississippi Sound under certain weather conditions, when an employee of the vessel was injured.[16] The Fifth Circuit held that "[d]etermining whether the [vessel] should have operated in the Mississippi Sound when Barron was injured requires 'scientific, technical, or other specialized knowledge' of boats, the Mississippi Sound, and the weather conditions of the

---

[15] R. Doc. 756 at 1–2.
[16] *See, e.g., Barron v. BP Am. Prod. Co.*, 590 F. App'x 294, 297 (5th Cir. 2014) (finding that the determination of whether a vessel should have operated in the Mississippi Sound under certain weather conditions "requires scientific, technical, or other specialized knowledge of boats . . . beyond what is known by the average person.");

6

Gulf of Mexico beyond what is known by the average person."[17] The Fifth Circuit affirmed the trial court's decision to exclude the proposed testimony, holding that the testimony was correctly excluded as an inadmissible lay opinion.[18]

The *Barron* decision is factually similar to the present case. Captain Lawrence's proposed testimony concerns, in part, his opinions on (1) whether the personnel-basket transfer was performed correctly; (2) whether the transfer should have even been attempted given the weather; (3) the standard of care applicable to personnel-basket transfers; and (4) whether the Defendants acted within that standard of care. As the Fifth Circuit held in *Barron*, issues such as this require specialized knowledge "beyond what is known by the average person." In this case, the parties have retained experts with respect to these very issues, including David Cole,[19] Robert Watson,[20] Jack Madeley,[21] and Mitchell Stoller.[22] Therefore, opinion testimony from Captain Lawrence on these issues is not warranted.

IV.  ADDITIONAL CONSIDERATIONS: SPECULATIVE TESTIMONY

The Court also is aware that, when examining Captain Lawrence, Plaintiffs wish to ask him various speculative, hypothetical questions. For example, during Captain Lawrence's deposition, he was asked questions such as:

---

[17] *Id.*
[18] *Id.*
[19] As stated in the Pretrial Order, Robert Watson—Plaintiffs' liability expert—is a "retired coast guard commander and former coast guard marine accident investigator who will testify per his report and deposition with regard to the safety issues, policies, procedures, regulations and facts and circumstances as set forth in the evidence concerning the negligence and unseaworthiness of Defendants employees involved in the failed personnel transfer." R. Doc. 757 at 88.
[20] Robert Watson is an expert in crane safety, crane operations, crane inspection, and the training of riggers and operators. R. Doc. 757 at 103.
[21] Jack Madeley is an expert witness on liability for the Plaintiffs. R. Doc. 757 at 88–89. Madeley is a "professional engineer who will opine on failings of the crane operator, deck signalman and overall negligence and unseaworthiness of the crews of the two vessels involved in the failed personnel transfer which is the subject of this case." R. Doc. 757 at 89.
[22] Mitchell Stoller is another liability expert retained by Plaintiffs who will testify "regarding the cause of the accident, the standards of care and violations of the standards of care by the Defendants, negligence of the Defendant's and seaworthiness of the vessel."R. Doc. 757 at 102.

- "Had the seas been rough you wouldn't have put Sylvester Richardson in the crane on May 16th, right?"

- "[I]f the seas were rough on May 16, 2013, the safest thing to do and the right thing to do in your opinion, as the captain, would have been to put a more experienced crane operator in the crane, right?"

Such questions are intended to do nothing more than have Captain Lawrence speculate on different aspects of the incident-in-question and how the incident could have been prevented. "[A] lay opinion witness may not testify based on speculation."[23] "[A] lay witness's opinion testimony which constitutes speculation as to what might have been done or what might have occurred is not based on his first-hand perception of actual events, and thus does not satisfy the requirements" of Federal Rule of Evidence 701.[24] As a result, the Plaintiffs will not be permitted to ask questions requiring Captain Lawrence to offer speculative testimony. Captain Lawrence may not speculate or give his opinion with respect to how his actions, or the actions of other individuals involved in the incident, would have been different under different factual scenarios.

## CONCLUSION

**IT IS SO ORDERED** that Plaintiffs' motion for reconsideration of the Court's rulings on the Defendants' objections to Plaintiffs' designations of Captain Lawrence's deposition be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**New Orleans, Louisiana, this 26th day of January, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[23] *United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015) (quoting *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014)) (internal quotation marks omitted). Federal Rule of Evidence 701 "does not permit speculation by lay witnesses." *Davis v. Brown & Root Int'l, Inc.*, No. 91-1214, 1994 WL 34045, at *2 (E.D. La. Jan. 28, 1994). "Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses—*i.e.*, testimony not based upon the witness's perception—is generally considered inadmissible." *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) (FED. R. EVID. 701).

[24] *Phillips v. Duane Morris, LLP*, No. 13-cv-01105-REB-MJW, 2015 WL 72336, at *2 (D. Colo. Jan. 5, 2015).