## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CALVIN HOWARD, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                          **NO. 13-4811**
                                                    **c/w 13-6407 and 14-1188**

**OFFSHORE LIFTBOATS, LLC,**
**ET AL.**                                          **SECTION "E" (5)**

## ORDER AND REASONS

Before the Court are various objections to Exhibits 110, 111, 117, 121, 156, 168, 169, 172, and 202. The Court has reviewed the objections, the related briefs, and the oppositions, and is prepared to rule.

I.    EXHIBIT 110

Exhibit 110 is Blake Ryland's personnel file from Diamond Offshore. K&K objects on the basis of relevance, authenticity, and hearsay.[1] With respect to the document Bates labeled CH002311, a document related to Ryland's termination from Diamond included in Exhibit 110, the objection is **OVERRULED**. With respect to Bates label CH002322, which includes the results of a drug test taken by Ryland during his employment with Diamond Offshore, the objection is **SUSTAINED**. This document includes double-hearsay. "Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person."[2] "If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6)."[3] Ryland's drug-test included in his Diamond personnel file was

---

[1] R. Doc. 601 at 3.
[2] *Wilson v. Zapata Off–Shore Co.,* 939 F.2d 260, 271 (5th Cir. 1991).
[3] *Id.*

performed by Dr. Brian Heinen. These documents are not certified medical records, and it has not been established that the document fits within an exception to the hearsay rule as a record prepared in the regular course of business. As a result, this objection with respect to Exhibit 110, Bates label CH002322, is **SUSTAINED**.

II.      EXHIBIT 111

Exhibit 111 is Ryland's employment application with K&K Offshore. K&K objects on the basis of relevance, authenticity, and that the exhibit is overly broad.[4] Assuming Ryland authenticates the handwriting in the employment application as his own, as well as his signature, the objection is **OVERRULED**.

III.     EXHIBIT 117

Exhibit 117 consists of Ryland's post-incident drug-test results. K&K objects to this exhibit on the basis of relevance, authenticity, and hearsay.[5] The Court has previously ruled that Exhibit 117 is admissible.[6] The Court also notes herein that Exhibit 117 is a certified medical record and thus is self-authenticating and does not amount to hearsay. The objection is **OVERRULED**.

IV.     EXHIBIT 121

Exhibit 121 is Tim Arrington's personnel file and related paperwork from Offshore Liftboats. OLB objects to this exhibit on a number of grounds, including hearsay and authenticity, and that it is overly broad in that it is Arrington's entire personnel file.[7] The Court notes the exhibit is not Arrington's entire personnel file, and it is not overly broad. Assuming Arrington authenticates the handwriting throughout the exhibit, as well as his signature on various documents, the objection is **OVERRULED**.

---

[4] R. Doc. 601 at 3.
[5] R. Doc. 601 at 4.
[6] R. Doc. 737 at 5. *See also* R. Doc. 739 at 2–3.
[7] R. Doc. 600 at 12–13.

V.     EXHIBIT 156

Exhibit 156 is the post-incident witness statement which Tim Arrington provided to OLB. K&K and OLB object to this exhibit on the basis of hearsay and authenticity.[8] Assuming Arrington authenticates his handwriting and his signature, the objection is **OVERRULED**.

VI.    EXHIBIT 168

Exhibit 168 consists of the smooth vessel logs for the M/V Contender on May 11, 2013. K&K objects to this exhibit on the basis of relevancy and that it is overly broad.[9] K&K argues the exhibit contains numerous pages, but the Court notes it is only a single page. Moreover, this document was produced by K&K, so there are no concerns about its reliability or authenticity. Assuming Plaintiffs establish the relevancy of this exhibit, the document is admissible and the objection is **OVERRULED**.

VII.   EXHIBIT 169

Exhibit 169 is listed as an objected-to exhibit in the joint bench books, but it is unclear what the objection to this exhibit actually is. The index of objections does not list the grounds for this objection, nor have the parties included an objection to Exhibit 169 in their briefs. Any objection to this exhibit is **OVERRULED**.

VIII.  EXHIBIT 172

Exhibit 172 is Tom Vacek's report with respect to various witness interviews. K&K and OLB object on the basis of relevancy, hearsay, and authenticity.[10] The Court finds this document is hearsay. The objection is **SUSTAINED**.

---

[8] R. Doc. 600 at 6; R. Doc. 601 at 14–15.
[9] R. Doc. 601 at 17.
[10] R. Doc. 601 at 17–18.

IX.     EXHIBIT 202

Exhibit 202 is K&K's drug and alcohol policy. K&K objects to this exhibit on the basis of relevancy.[11] K&K produced this document, so there are no concerns about its reliability or authenticity. Moreover, the Court notes that Blake Ryland, for example, acknowledged he read the policy and understood it.[12] Assuming Ryland authenticates his signature on the acknowledgement form in Exhibit 111, the objection is **OVERRULED**.

**New Orleans, Louisiana, this 27th day of January, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 601 at 21–22.
[12] Exhibit 111, Bates label 4012 (K&K label 4153).

4