UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

### ORDER AND REASONS

Before the Court are various objections to Exhibits 111, 123, 127, 129, 163, and 185. The Court has reviewed the objections, the related briefs, and the oppositions, and is prepared to rule.

I. EXHIBIT 111

Exhibit 111 is Blake Ryland's personnel file. Included in Exhibit 111, at Bates label 004024, are Ryland's post-accident drug-test results. K&K objects to Exhibit 111 on the basis of relevance, authenticity, and that the exhibit is overly broad.[1] The Court previously ruled, with respect to Exhibit 117, that Ryland's post-accident drug-test results are admissible.[2] The drug-test results in Exhibit 111, at Bates label 004024, are identical to Ryland's drug-test results in Exhibit 117. As a result, the objection to Exhibit 111, with respect to the document Bates labeled 004024, is **OVERRULED**.

II. EXHIBIT 123

Exhibit 123 is the API Recommended Practice 2D Sixth Edition, May 2007: Operation and Maintenance of Offshore Cranes. OLB objects to this exhibit on the basis of authenticity and hearsay.[3] In response, Plaintiffs contend this exhibit is a learned

---

[1] R. Doc. 601 at 3.
[2] R. Doc. 763 at 2.
[3] R. Doc. 600 at 9–10.

1

treatise under Federal Rule of Evidence 803(18) and, thus, satisfies an exception to the rule against hearsay. The Court agrees. The objection is **OVERRULED**. Under Rule 803(18), the exhibit may be referred to by expert witnesses, and portions of the exhibit may be read into evidence. However, the exhibit itself may not be admitted into evidence.

III.  EXHIBITS 127 & 129

Exhibit 127 is a document entitled: "Recommended Practice for Crane Suspended Offshore Personnel Transfers." Exhibit 129 consists of sample joint safety analyses. These documents were created by Billy Pugh Co., Inc. K&K and OLB object to these exhibits on the basis of relevance, hearsay, and authenticity.[4] Plaintiffs contend these exhibits, like Exhibit 123, are learned treatises under Rule 803(18) and are, as a result, not barred by the rule against hearsay. Plaintiffs have not, however, established that these exhibits satisfy Rule 803(18). Plaintiffs seek to introduce these exhibits in connection with the testimony of David Cole, an expert in vessel safety and personnel-basket transfers in Billy Pugh baskets, but Cole did not rely on these documents during his deposition or otherwise. The objections are **SUSTAINED**.

IV.  EXHIBIT 163

Exhibit 163 is listed as an objected-to exhibit in the joint bench books, but it is unclear what the objection to this exhibit actually is. The index of objections does not list the grounds for this objection, nor have the parties included an objection to Exhibit 163 in their briefs. Any objection to this exhibit is **OVERRULED**.

V.  EXHIBIT 185

Exhibit 185 is an email from Craig Pierce, OLB's safety director, to a Coast Guard investigator in which Pierce disclosed OLB's injury report from the May 16th incident.

---

[4] R. Doc. 600 at 11–12; R. Doc. 601 at 7–8.

OLB objects to this exhibit on the basis of authenticity, hearsay, and relevance.[5] With respect to the document Bates labeled 004879 included in Exhibit 185, which consists of Sylvester Richardson's drug-test results, the objection is **SUSTAINED**. The Court previously ruled Richardson's drug-test results are inadmissible.[6] With respect to the documents Bates labeled 004869 through 004873, Defendants have indicated they no longer have an objection. As a result, the objection with respect to documents 004869 through 004873 is **OVERRULED AS MOOT**.

**New Orleans, Louisiana, this 28th day of January, 2016.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 600 at 15–16.
[6] R. Doc. 724 at 5.