UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CALVIN HOWARD, ET AL.**             **CIVIL ACTION**

**VERSUS**                            **NO. 13-4811**
                                      **c/w 13-6407 and 14-1188**

**OFFSHORE LIFTBOATS, LLC,
ET AL.**                              **SECTION "E" (5)**

## ORDER AND REASONS

Before the Court are various objections to Exhibits 106, 107, 235 and 236. The Court has reviewed the objections, the related briefs, and the oppositions, and is prepared to rule.

I.  E<small>XHIBITS</small> 106 & 107

Exhibit 106 is a fact sheet from the Center for Disease Control and Prevention ("CDC") on traumatic brain injuries in the United States. Exhibit 107 is a report to Congress from the CDC on mild traumatic brain injuries in the United States. K&K objects to these exhibits on the basis of hearsay, relevance, and authenticity.[1] OLB objects on the basis of hearsay and authenticity.[2]

Plaintiffs seek to introduce these exhibits in conjunction with the testimony of a number of expert witnesses. Federal Rule of Evidence 26(a)(2)(B) requires each party to disclose the identity of each expert witness that party intends to call to testify at trial.[3] That disclosure must be accompanied by a written expert report, which must contain, *inter alia*: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them;

---

[1] R. Doc 601 at 2.
[2] R. Doc. 600 at 9–11.
[3] F<small>ED</small>. R. E<small>VID</small>. 26(a)(2)(B).

1

and (iii) any exhibits that will be used to summarize or support them.[4] "Rule 26 requires an expert's report to disclose the materials he is using in support of his opinions. Parties cannot simply have their experts discuss anything that has been designated as a trial exhibit."[5] Therefore, as an initial matter, Exhibits 106 and 107 may be used in conjunction with expert testimony only to the extent that (1) an expert relied on the documents, and (2) those documents were disclosed in an expert's report or were discussed during an expert's deposition.

Provided Rule 26(a)(2)(B) is satisfied—*i.e.*, Exhibits 106 and 107 were relied upon by an expert and were disclosed in his or her report or deposition testimony—the question becomes whether those exhibits are otherwise admissible evidence. K&K and OLB contend Exhibits 106 and 107 amount to hearsay and, thus, are not admissible. Plaintiffs disagree, arguing Exhibits 106 and 107 satisfy various exceptions to the rule against hearsay.

First, Plaintiffs contend Exhibits 106 and 107 satisfy the hearsay exception for public records under Federal Rule of Evidence 803(8). Plaintiffs argue, because the CDC is a government agency, and because the documents in Exhibits 106 and 107 were created by CDC, the exhibits are not hearsay and, thus, are admissible evidence. With respect to Exhibit 106, which is a print-out on traumatic brain injuries from the CDC's website, the Court disagrees. Exhibit 106 is not the type of document contemplated by Rule 803(8); it does not "set[] out the office's activities," it is not "a matter observed while under a legal duty to report," and it does not include "factual findings from a legally authorized

---

[4] *Id.*
[5] *Niles v. Owensboro Med. Health Sys.*, No. 4:09-CV-00061-JHM, 2011 WL 3205369, at *1 (W.D. Ky. July 27, 2011) (quoting *Smith v. Pfizer, Inc.*, No. 3:05-0444, 2010 WL 1963379, at *9 (M.D. Tenn. May 14, 2010)).

investigation."[6] Exhibit 106, therefore, does not satisfy the hearsay exception for public records; rather, it is hearsay and is inadmissible. With respect to Exhibit 107, however, a report to Congress from the CDC on traumatic brain injuries in the United States, the Court finds the public records exception does apply. This exhibit is admissible, provided Rule 26(a)(2)(B) is satisfied as set forth above. In the event only a portion of the report was relied upon, the Plaintiffs must identify those specific portions of Exhibit 107 and only those portions will be introduced into evidence.

Second, Plaintiffs contend Exhibits 106 and 107 satisfy the hearsay exception for learned treatises under Federal Rule of Evidence 803(18). As above, however, the Court finds Exhibit 106 does not satisfy the requirements of Rule 803(18). Exhibit 106 is not admissible under the learned-treatise exception to the rule against hearsay. However, Exhibit 107 does satisfy the learned-treatise exception. If Rule 26(a)(2)(B) is satisfied, the portions of Exhibit 107 upon which an expert relied upon may be read into evidence, but Exhibit 107 may not be introduced into evidence, pursuant to Rule 803(18).

The objections to Exhibit 106 are **SUSTAINED**, as set forth above. The objections to Exhibit 107 are **OVERRULED**, provided Rule 26(a)(2)(B) is satisfied.

II.   E<small>XHIBITS</small> 235 & 236

Exhibits 235 and 236 are photographs of Touchstone Neurorecovery Center. K&K and OLB object to these exhibits on the basis of authenticity and relevance.[7] Plaintiffs contend the exhibits are relevant because Calvin Howard treated at Touchstone for an entire month, and his physicians have recommended he return to Touchstone for additional treatment in the future.[8] The Court finds the exhibits are not relevant to any

---

[6] *See* F<small>ED</small>. R. E<small>VID</small>. 803(8).
[7] R. Doc. 600 at 14–15; R. Doc. 601 at 25–26.
[8] R. Doc. 677 at 19–20.

issue in this litigation. Photographs of the Touchstone facility have no tendency to make any fact of consequence more or less probable than that fact would be without those photographs.[9] As a result, the objections to Exhibits 235 and 236 are **SUSTAINED**.

**New Orleans, Louisiana, this 31st day of January, 2016.**

                                      **SUSIE MORGAN**
                       **UNITED STATES DISTRICT JUDGE**

---

[9] *See* FED. R. EVID. 401.