UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is motion *in limine* to limit or exclude the proposed expert testimony of Carla Seyler.[1] Seyler is a vocational rehabilitation expert retained by the K&K Defendants[2] and Offshore Liftboats, LLC ("OLB") (collectively, "Defendants").[3] The K&K Defendants and OLB oppose Plaintiffs' motion *in limine*.[4] The Court has considered the briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

This is a maritime personal injury case. It is undisputed that, on May 16, 2013, Plaintiffs Raymond Howard ("Raymond") and Calvin Howard ("Calvin") were injured during a personnel-basket transfer from the M/V Contender to the deck of the L/B Janie.[5] At the time of the accident, both Raymond and Calvin were employed by Offshore Liftboats, LLC ("OLB"), the owner and/or operator of the L/B Janie.[6] The M/V Contender was owned and/or operated by K&K Offshore, LLC.[7] As a result of the accident, both

---

[1] R. Doc. 344.
[2] The K&K Defendants consist of K&K Offshore, LLC, and its many insurers—P&M Marine, LLC; Atlantic Specialty Insurance Company; Markel American Insurance Company; ProCentury Insurance Company; Navigators Insurance Company; United States Fire Insurance Company; Lloyds Underwriters; and Torus Insurance Company (UK), Limited. They are referred to herein, collectively, as "the K&K Defendants."
[3] R. Doc. 344.
[4] R. Docs. 366, 367.
[5] *See* R. Doc. 321.
[6] *See generally* R. Doc. 321.
[7] *See generally* R. Doc. 321.

Raymond and Calvin filed suit against OLB—their Jones Act employer—and K&K Offshore, among others.

## **LEGAL STANDARD**

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."[8] The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702.[9] Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant.[10] The district court is offered broad latitude in making such expert testimony determinations.[11]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact.[12] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[13] The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the

---

[8] FED. R. EVID. 702.
[9] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[10] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[11] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–53 (1999).
[12] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[13] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).

opinion is reliable.[14] "It is the role of the adversarial system, not the court, to highlight weak evidence."[15]

## DISCUSSION

First, Plaintiffs challenge the manner in which Seyler formulated her opinions, as well as the bases underlying her findings and opinions.[16] According to Plaintiffs, Seyler relied "too heavily" on the opinions of other defense experts—in particular, Dr. Kevin Greve—"without independently evaluating or verifying their opinions."[17] Moreover, Plaintiffs contend Seyler, in relying solely on defense experts, failed to afford the proper weight to Plaintiffs' treating physicians.[18] Courts have held, however, that an expert may "rely on information supplied by another expert witness."[19] "An expert can [even] rely upon otherwise inadmissible evidence as long as it is of a type reasonably relied upon by experts in the particular field."[20] "[W]hen an expert relies on the opinion of another, such reliance goes to the weight, not the admissibility of the expert's opinion."[21] Therefore, the above-listed critiques of Seyler and Seyler's opinions should be addressed, not via motion *in limine*, but on cross-examination in light of the factual record developed at trial.

Similarly, Plaintiffs also argue that Seyler, in forming her opinions, relied on "incomplete or otherwise inadequate records."[22] According to Plaintiffs, Seyler "reviewed

---

[14] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[15] *Primrose*, 382 F.3d at 562.
[16] R. Doc. 344-1 at 6–8.
[17] R. Doc. 344-1 at 13–14.
[18] R. Doc. 344-1 at 14.
[19] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Smith Tank & Steel, Inc.*, No. 3:11-CV-00830, 2014 WL 5794952, at *4 (M.D. La. Nov. 6, 2014) (quoting *BP Exploration & Prod., Inc. v. Callidus Tech., L.L.C.*, No. 02-2318, 2003 WL 26118097, at *2 (E.D. La. Apr. 8, 2003)) (internal quotation marks omitted) (citing *Janopoulos v. Harvey L. Walner & Assocs., Ltd.*, 866 F. Supp. 1086, 1095 (N.D. Ill. 1994)). *See also Vienne v. Am. Honda Motor Co.*, No. 99-3716, 2001 WL 83260, at *2–3 (E.D. La. Jan 26, 2001).
[20] *Smith Tank & Steel*, 2014 WL 5794952, at *4 (citing FED. R. EVID. 703; *Monsanto Co. v. David*, 516 F.3d 1009, 1015–16 (5th Cir. 2008) (finding an expert could rely upon a report prepared by someone else)). *See also Bonds v. Padlock*, No. 06-7830, 2008 WL 4889794, at *3–4 (E.D. La. Nov. 10, 2008).
[21] *Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. 13-672, 2014 WL 722219, at *3 (E.D. La. Feb. 21, 2014) (quoting *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 9 (1st Cir. 2001)).
[22] R. Doc. 344-1 at 16.

3

only two depositions in this case" and ignored other medical records and deposition testimony available to her.[23] Plaintiffs cite Federal Rule of Evidence 702(b), which requires expert testimony to be "based on sufficient facts or data," in support of their argument that Seyler's opinions are based on incomplete and inadequate information.[24] The record is clear, however, that Seyler independently reviewed various medical records and reached conclusions based upon her review of those records, her education, and her experience.[25] Moreover, whether Seyler relied on adequate information goes to the weight to be assigned her testimony, as it involves the bases and sources upon which Seyler relied in reaching her conclusions in this case. This is a matter appropriately dealt with on cross-examination at trial.

Second, Plaintiffs contend Seyler was not designated as an expert who would prepare a rebuttal life care plan.[26] Plaintiffs argue Seyler, nevertheless, created a life-care plan in response to the life-care plan prepared by Plaintiffs' experts, Drs. Savant and Gorman.[27] In so doing, according to Plaintiffs, Seyler did not give "proper weight to the diagnoses and recommendations of Calvin Howard's treating physicians," as Drs. Savant and Gorman did, but relied "exclusively on Dr. Greve to suggest that Calvin Howard's

---

[23] R. Doc. 344-1 at 16.
[24] R. Doc. 344-1 at 17–18.
[25] R. Doc. 366 at 7; R. Doc. 367 at 6. *See also* R. Doc. 344-7 (Expert Report of Carla Seyler). Seyler states in her expert report that she relied on: (1) Deposition of Calvin J. Howard, Jr.; (2) Deposition of Zoran Cupic, MD; (3) Report of Cornelius E. Gorman, PhD; (4) Report of Shelly N. Savant, MD; (5) Report of Rodney Isom, PhD, CRC; (6) Report of Acadian Ambulance Service; (7) Medical records of Christus St. Elizabeth Hospital; (8) Medical records of River Parishes Hospital; (9) Medical reports of Zoran Cupic, MD; (10) Medical reports of Ralph B. Lilly, MD; (11) Medical reports of Larry Pollock, MD; (12) Medical report of A. David Axelrad, MD; (13) Medical report of Christopher E. Cenac, Sr., MD; (14) Medical report of Everett G. Robert, MD; (15) Medical records of University General Hospital; (16) Records of Memorial Hermann Imaging; (17) Records of Brignac Physical Therapy; (18) Medical records of Memorial MRI & Diagnostic; (19) Medical records of Memorial Herman-Texas Medical Center; (20) Records of CVS Pharmacy; (21) Records of Durham Pharmacy Memorial; (22) Records of Dream Pharmacy; (23) Personnel records of Offshore Liftboats, LLC; (24) Records of Touchstone Neurorecovery Center. R. Doc. 344-7 at 2–3 (Expert Report of Carla Seyler). Seyler "also consulted with Dr. Kevin Greve, PhD and Dr. Chris Cenac, M.D. regarding Mr. Howard's future needs and restrictions/functional capabilities." R. Doc. 344-7 at 3.
[26] R. Doc. 344-1 at 20. *See also* R. Doc. 344-5 at 3–4.
[27] R. Doc. 344-1 at 17–18.

traumatic brain injury requires only one month of speech therapy."[28] In contrast to Seyler's life-care plan, Drs. Savant and Gorman concluded Calvin "will require lifetime physical therapy as well as lifetime occupational therapy and cognitive remediation therapy for a period of at least two years."[29] Based on the foregoing, Plaintiffs contend Seyler prepared a rebuttal, or alternative, life-care plan to the plan prepared by Drs. Savant and Gorman. Because Seyler was not designated as an expert who would prepare such a plan, Plaintiffs contend Seyler's report "should not be presented to the jury."[30] The Court disagrees. Seyler was properly designated as a vocational rehabilitation expert, or an expert life-care planner, who would offer testimony regarding Calvin's future medical needs.[31] Plaintiffs were on notice that Seyler would offer such testimony.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiffs' motion *in limine*[32] to exclude Carla Seyler be and hereby is **DENIED**.

**New Orleans, Louisiana, this 2nd day of February, 2016.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 344-1 at 21–22.
[29] R. Doc. 344-1 at 22.
[30] R. Doc. 344-1 at 23.
[31] R. Doc. 366-4 at 2–3 (OLB's Expert Designation).
[32] R. Docs. 344.