UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CALVIN HOWARD, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 13-4811<br>c/w 13-6407 and 14-1188 |
| OFFSHORE LIFTBOATS, LLC, ET AL. | SECTION "E" (5) |

### ORDER AND REASONS

Before the Court are Plaintiff Raymond Howard's objections to the designations of his deposition submitted by Defendant Offshore Liftboats, LLC ("OLB"). The Court has considered the objections and rules as follows:

| OBJECTION | RULING |
|---|---|
| Page 29, lines 18 through 22 call for opinion testimony from a lay witness, not designated as an expert. | Sustained. |
| Page 88, lines 19 through 21 is hearsay. | Sustained. |
| Page 89, lines 3 through 7 is hearsay. | Overruled. |
| Page 89, line 17 is incomplete since Mr. Howard's testimony ends on line 19. | Sustained.<br>Add lines 18 through 19. |
| Page 90. His answers provided are not in the context. Omitted is page 90, lines 5 through 25 to keep the question and answer in context. | Sustained. |
| Page 92, line 10 through line 23 is irrelevant in that no such evidence has been introduced. Additionally the questions call for opinion testimony from a law witness. | Overruled. |
| Same objections for Page 93 as Page 92. | Overruled. |
| Page 98, lines 7 through 15 are hearsay. | Overruled. |

1

| | |
|---|---|
| Page 99, lines 21 through 25 are Mr. Howard's complete answers to the questions. | Sustained.<br>Add lines 22 through 25. |
| Page 101, lines 2 through 6 are asked and answered in Mr. Howard's previous question on page 100, lines 13 through 18 which are included in OLB's prior question. Also, if the Court allows page 101, line 4 through 6, the entire question must be read to the jury which begins on line 2. The answer is taken out of context by not including the whole question. | Sustained. |
| Page 104, line 13 through line 2 seek opinion testimony from a lay witness with no foundation. | Sustained. |
| Page 129, line 3 through Page 130, line 14 are irrelevant. | Sustained. |
| Page 137, lines 7 through 9 seek opinion testimony. | Overruled. |
| Page 164, lines 2 through 8 seek opinion testimony and are irrelevant since there is no testimony. Also the answer went back to Page 164, line 13. | Sustained. |
| Page 164, lines 18 through 24 seek expert opinion and are irrelevant since there is no testimony that the lift basket did not contain a tag line. | Sustained. |
| Page 175, lines 17 through 19 are objectionable since there is no evidence there was no tag line. | Overruled. |
| Page 186, line 23 through Page 187, line 8 seeks pinion testimony from a lay witness. In the event the Court does not sustain this objection, the answer goes to line 10 on Page 187. | Overruled, but add lines 9 through 10 on Page 187. |
| Page 188, lines 13 through 22; Page 190, lines 3 through 8, and lines 21 through 25; Page 191, lines 1 through 3 seek expert opinion from a lay witness. | Overruled. |

| | |
|---|---|
| Page 192, lines 20 through 23 seek expert opinion and are taken out of context. | Overruled, but add lines 14 through 19. |
| Page 217, line 22. Mr. Howard's answer is incomplete. His answer ends at line 23. | Sustained. |
| Pages 222 and 223. The answer to the question ends on Page 224. | Sustained. Delete attorney colloquy. |
| Page 237, line 20 is an answer to a question with no question included. | Sustained. Add lines 18 through 19. |
| Page 265, line 15 is not the end of his answer. The answer ends on line 22 and Page 266, lines 5 through 11. | Sustained. Delete attorney colloquy. |
| Page 271, line 20 through Page 272, line 4 and Page 272 line 19 through 21 calls for expert opinion as can be seen by reading page 273. | Overruled. |
| Page 279, line 11 through Page 280, line 4 calls for expert opinion and cannot be answered by this witness because he does not know what the deckhand is seeing. | Overruled. |
| Page 301, line 15 through Page 302 are taken out of context. The whole line of questioning on the issue of throwing his son a football begins on Page 301, line 15 and ends on Page 302, line 25. | Sustained. Add additional lines. |
| Page 303, line 22 should be included for completeness. | Sustained. |
| Page 305, lines 20 through 25 are fine so long as Page 305, line 14 through Page 306, line 7 are included so that the answer to the question is not taken out of context. | Sustained. |
| The designations on Page 312 through Page 315 are objectionable since the predicate contained on Page 312, line 7, which is that the doctor has released Mr. Howard to go back to work. This line of questioning is completely taken out of context as none of the questioning has that | Overruled. |

| | |
|---|---|
| predicate. Because no doctor has cleared Mr. Howard to return to work, these questions are irrelevant. | |

Plaintiff Raymond Howard also cross-designated certain portions of his deposition for redirect examination. Raymond submitted the following cross-designations:

- Page 15, lines 14 through 22.
- Page 16, lines 8 through 15.
- Page 30, line 7 through line 10.
- Page 30, lines 21 through 25.
- Page 91, line 1 through Page 92, line 9.
- Page 95, lines 10 through 18.
- Page 99, line 22 through Page 100, line 7.
- Page 101, lines 7 through 20.
- Page 103, line 19 through Page 105, line 24.
- Page 130, lines 15 through 22.
- Page 164, lines 8 through 13.
- Page 174, line 22 through Page 175, line 4.
- Page 223, line 9 through Page 224, line 5.
- Page 224, line 19 through Page 225, line 4.

The Court will not allow Raymond's cross-designations to be read to the jury. Counsel for Plaintiff Raymond Howard took Raymond on direct examination and had the opportunity to elicit testimony from him at that time. Raymond only became a hostile witness on cross-examination, prompting the need for OLB to designate portions of Raymond's deposition testimony. This is not an opportunity for Raymond's counsel to also designate additional testimony from Raymond's deposition.

**New Orleans, Louisiana, this 8th day of February, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**