UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALVIN HOWARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.** | **SECTION "E" (5)** |

## ORDER AND REASONS

Plaintiffs Calvin Howard and Raymond Howard retained Dr. Cornelius E. Gorman, II as a vocational rehabilitation expert to prepare life-care plans. Defendant Offshore Liftboats, LLC ("OLB"), objects to Dr. Gorman's proposed testimony because it lacks an adequate foundation. OLB argues, specifically, that Dr. Gorman's opinions are not based on information supplied by the Plaintiffs' treating physicians. OLB "does not dispute that Dr. Gorman is a qualified life care planner, who is qualified to offer opinions regarding the cost of future medical treatment, where the proper foundation is laid for him to do so."[1] Instead, OLB "contends that in this particular case, and at this particular point in trial, there is a lack of foundational evidence for Dr. Gorman's testimony to benefit the jury."[2]

## LAW AND ANALYSIS

Federal Rule of Evidence 702 permits an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of

---

[1] R. Doc. 806 at 2.
[2] R. Doc. 806 at 2.

1

the case."[3] Furthermore, Federal Rule of Evidence 703 provides: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."[4] Rule 703 continues:

> If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.[5]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact.[6] "Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion."[7] Thus, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[8] The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable.[9] "It is the role of the adversarial system, not the court, to highlight weak evidence."[10]

In the present case, the Court will allow Dr. Gorman to testify regarding his life-care plans for both Plaintiffs, but his opinions must be those expressed in his expert reports that were provided to the Defendants prior to the deadline established in the

---

[3] FED. R. EVID. 702.
[4] FED. R. EVID. 703.
[5] *Id.*
[6] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[7] *Rosiere v. Wood Towing, LLC*, No. 07-1265, 2009 WL 982659, at *1 (E.D. La. Apr. 8, 2009) (citing *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996)) (emphasis added); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011).
[8] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).
[9] *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).
[10] *Primrose*, 382 F.3d at 562.

Court's Scheduling Order.[11] And, as the Court has instructed in prior orders, Dr. Gorman must affirmatively state the basis of each of his opinions prior to offering testimony with respect to that opinion.[12] Moreover, if in formulating his opinions Dr. Gorman relied on medical records, expert reports, or the testimony of other experts, Dr. Gorman must specifically identify those sources prior to testifying.[13] Dr. Gorman will be allowed to rely on Dr. Savant's reports only to the extent she identified the treating physicians and other facts and data on which she relied for the basis of her opinions and only to the extent that information was provided to Dr. Gorman prior to the date of his reports.

**New Orleans, Louisiana, this 9th day of February, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[11] The deadline for Plaintiffs' expert reports was July 20, 2015. *See* R. Doc. 272.

[12] OLB did not object to certain of Dr. Gorman's opinions with respect to Raymond Howard, acknowledging those opinions are founded on proper bases. OLB concedes the following bases of Dr. Gorman's opinions with respect to Raymond are proper: (1) Health and Strength Maintenance – Wellness Center Fees; (2) Vocational Rehabilitation; and (3) Psychiatrist. *See* R. Doc. 806.

[13] Considering the disputes in this case regarding the basis of Dr. Gorman's opinions, counsel for Plaintiffs are directed to identify and be prepared to provide the Court with portions of reports, depositions, or other documentation upon which Dr. Gorman or Dr. Savant relies.