**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALVIN HOWARD, ET AL.,**<br>**Plaintiffs** | **No. 13-4811**<br>**c/w 13-6407 and 14-1188** |
| **VERSUS** | **Section: E (5)** |
| **OFFSHORE LIFTBOATS, LLC,**<br>**ET AL.**<br>**Defendants** | **CIVIL ACTION**<br>**JURY TRIAL** |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

# JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

1. YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THIS CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

2. DO NOT CONSIDER ANY STATEMENT THAT I HAVE MADE IN THE COURSE OF TRIAL OR MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

3. YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

4. ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS.

5. THE FACT THAT A PERSON HAS BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE OR PRESUMPTION THAT SUCH PERSON IS ENTITLED TO A JUDGMENT FOR ANY AMOUNT AT ALL. ANYONE MAY MAKE A CLAIM, AND THE FACT OF MAKING THE CLAIM BY IN ITSELF IN NO WAY TENDS TO ESTABLISH IT. LIKEWISE THE FACT THAT A DEFENDANT RAISES A DEFENSE CREATES NO INFERENCE OR PRESUMPTION THAT THE DEFENSE HAS MERIT.

6. DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

7. THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR SITUATIONS IN LIFE. A CORPORATION HAS THE SAME RIGHT TO A FAIR TRIAL AS DOES A PRIVATE INDIVIDUAL. ALL PERSONS AND CORPORATIONS STAND EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN THE COURT OF JUSTICE.

8. YOU MUST ANSWER ALL QUESTIONS FROM A PREPONDERANCE OF THE EVIDENCE. A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIM IS MORE LIKELY TRUE THAN NOT TRUE.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF EITHER PLAINTIFFS' CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

9. IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING THE TRIAL.

10. YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

11. THE INTEREST OF A WITNESS IN THE OUTCOME OF A SUIT, WHETHER SUCH INTEREST IS BY REASON OF RELATIONSHIP, FINANCIAL OR OTHERWISE, MAY HAVE THE EFFECT OF LESSENING THE VALUE OF SUCH WITNESS' TESTIMONY.

12. IF EITHER PLAINTIFF OR ANY OTHER WITNESS IS FOUND TO BE UNTRUTHFUL OR HAS BEEN DISCREDITED, YOU HAVE THE RIGHT TO DISTRUST AND REJECT ALL OF THE TESTIMONY GIVEN BY THAT PERSON IN ANY AND ALL PARTICULARS.

13. WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

14. THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

15. CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU DURING THE COURSE OF THE TRIAL THROUGH DEPOSITIONS. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT AT TRIAL TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. THUS, SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESSES UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE READ OR SHOWN TO YOU DURING THE COURSE OF THE TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND IS TO BE WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY, INSOFAR AS THAT IS POSSIBLE, AS IF THE WITNESSES HAD BEEN PRESENT IN COURT AND HAD TESTIFIED FROM THE WITNESS STAND.

16. DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO THE EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF

THE MAKING OF AN OBJECTION. UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

17. ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER OWN INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

18. THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS

DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

19. WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD—WHO IS CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

20. IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE OR SHE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND INCOME FROM SUCH

TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF THE WITNESS'S INCOME.

21. THE WEIGHT WHICH IS TO BE ASSIGNED TO THE TESTIMONY OF EXPERTS IS TO BE ASCERTAINED BY THE QUALIFICATIONS AND EXPERIENCE OF THE WITNESS AS WELL AS THE MATERIALS AND CIRCUMSTANCES UPON WHICH HIS OR HER OPINION IS GROUNDED.

22. YOU MAY DISREGARD THE TESTIMONY OF AN EXPERT, IF THAT TESTIMONY LACKS AN ADEQUATE FOUNDATION OR IS NOT BASED ON DATA REASONABLY RELIED UPON BY EXPERTS IN A PARTICULAR FIELD OF EXPERTISE.

**CLAIMS OF THE PLAINTIFFS**

23. IN THIS CASE, PLAINTIFFS CALVIN HOWARD AND RAYMOND HOWARD, BOTH SEAMEN, ARE EACH ASSERTING THREE SEPARATE CLAIMS AGAINST DEFENDANT OFFSHORE LIFTBOATS, LLC. THE PLAINTIFFS' FIRST CLAIM, UNDER THE FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT THEIR EMPLOYER—OFFSHORE LIFTBOATS—WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A CAUSE OF THEIR INJURIES. THE PLAINTIFFS' SECOND CLAIM IS THAT UNSEAWORTHINESS OF OFFSHORE LIFTBOATS' VESSEL—THE L/B JANIE—CAUSED THEIR INJURIES. THE PLAINTIFFS' THIRD CLAIM IS FOR WHAT IS CALLED MAINTENANCE AND CURE UNDER THE JONES ACT.

24. YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFFS ARE NOT REQUIRED TO PROVE ALL OF THESE CLAIMS. A PLAINTIFF MAY RECOVER IF HE PROVES ANY ONE OF HIS CLAIMS. HOWEVER, A PLAINTIFF MAY RECOVER ONLY THOSE DAMAGES OR BENEFITS THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

## JONES ACT – NEGLIGENCE & CAUSATION

25. UNDER THE JONES ACT, A PLAINTIFF MUST PROVE THAT THE JONES ACT DEFENDANT WAS NEGLIGENT. IN THIS CASE, CALVIN HOWARD AND RAYMOND HOWARD MUST PROVE THAT THEIR EMPLOYER, OFFSHORE LIFTBOATS, LLC, WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

26. IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

27. NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY. UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF INJURY TO A SEAMAN EMPLOYEE, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT. IN OTHER WORDS, UNDER THE JONES ACT, OFFSHORE LIFTBOATS BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT

PLAYED A PART, HOWEVER SLIGHT, IN CAUSING PLAINTIFFS' INJURIES. A JONES ACT SEAMAN'S BURDEN OF PROVING CAUSATION IS "FEATHERWEIGHT."

28. NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT THE PLAINTIFFS WERE INJURED BECAUSE THE DEFENDANT OFFSHORE LIFTBOATS, LLC, FAILED TO FURNISH CALVIN HOWARD AND RAYMOND HOWARD WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFFS' WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

29. A JONES ACT EMPLOYER HAS A DUTY TO PROVIDE ITS EMPLOYEES SAFE INGRESS AND EGRESS TO AND FROM ITS VESSELS.

30. THE FACT THAT THE DEFENDANT CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT OR NOT.

31. YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

32. A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

33. OFFSHORE LIFTBOATS CONTENDS THAT BOTH PLAINTIFFS WERE NEGLIGENT, AND THAT THE PLAINTIFFS' NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING THEIR RESPECTIVE INJURIES. THIS IS THE DEFENSE OF COMPARATIVE NEGLIGENCE. OFFSHORE LIFTBOATS HAS THE BURDEN OF PROVING THAT THE PLAINTIFFS WERE EACH AND INDIVIDUALLY COMPARATIVELY NEGLIGENT. IF A PLAINTIFF IS GUILTY OF COMPARATIVE NEGLIGENCE THAT CONTRIBUTED TO INJURY, THE PLAINTIFF NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF THE PLAINTIFF'S RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS OWN COMPARATIVE NEGLIGENCE.

34. UNDER THE JONES ACT, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES. IN ORDER FOR COMPARATIVE NEGLIGENCE TO EXIST AT ALL, HOWEVER, THE SEAMAN IN QUESTION MUST HAVE HAD A DUTY TO ACT OR REFRAIN FROM ACTING. A SEAMAN IS NOT OBLIGATED TO FIND THE SAFEST METHOD OF PERFORMING HIS ASSIGNED WORK.

35. TO ESTABLISH THE DEFENSE OF COMPARATIVE NEGLIGENCE, OFFSHORE LIFTBOATS MUST ALSO PROVE THAT A PLAINTIFF'S NEGLIGENCE WAS A CAUSE OF HIS INJURIES. THE STANDARD OF CAUSATION FOR OFFSHORE LIFTBOATS IS THE SAME AS FOR PLAINTIFFS. FOR EACH PLAINTIFF'S JONES ACT CLAIM, OFFSHORE LIFTBOATS HAS THE BURDEN OF PROVING THAT ANY NEGLIGENCE OF THAT PLAINTIFF PLAYED A PART, HOWEVER SLIGHT, IN CAUSING HIS OWN INJURIES. IF OFFSHORE LIFTBOATS DOES SO, THEN THAT PLAINTIFF IS COMPARATIVELY AT FAULT FOR HIS INJURIES.

36. WHEN FILLING OUT THE VERDICT FORM, DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO EITHER PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF COMPARATIVE NEGLIGENCE THAT YOU ASSIGN, IF ANY, TO ONE OR BOTH OF THE PLAINTIFFS.

## GENERAL MARITIME LAW – NEGLIGENCE & CAUSATION

37. K&K IS NOT THE PLAINTIFFS' JONES ACT EMPLOYER AND THE PLAINTIFFS' CLAIMS AGAINST K&K ARISE UNDER THE GENERAL MARITIME LAW. THE GENERAL MARITIME LAW IS DIFFERENT THAN THE JONES ACT. UNDER THE GENERAL MARITIME LAW, THERE ARE FOUR ELEMENTS THAT A PLAINTIFF MUST ESTABLISH TO SUCCEED ON A NEGLIGENCE THEORY: 1) THAT THE DEFENDANT OWED A DUTY, 2) THAT THE DEFENDANT BREACHED THAT DUTY, 3) THAT THE PLAINTIFF SUSTAINED INJURY, AND 4) THAT THERE IS A CAUSAL CONNECTION BETWEEN THE DEFENDANT'S CONDUCT AND THE PLAINTIFF'S INJURY.

38. UNDER THE GENERAL MARITIME LAW, A PLAINTIFF IS OWED A DUTY OF REASONABLE CARE UNDER THE CIRCUMSTANCES. THE DETERMINATION OF THE EXISTENCE AND THE SCOPE OF DUTY INVOLVES A NUMBER OF FACTORS, INCLUDING MOST NOTABLY THE FORESEEABILITY OF THE HARM SUFFERED BY THE COMPLAINING PARTY.

39. TO STATE A CAUSE OF ACTION FOR NEGLIGENCE UNDER THE GENERAL MARITIME LAW, A PLAINTIFF MUST DEMONSTRATE THAT THERE WAS A DUTY OWED BY THE DEFENDANT TO THE PLAINTIFF, BREACH OF THAT DUTY, INJURY SUSTAINED BY PLAINTIFF, AND A CAUSAL CONNECTION BETWEEN DEFENDANT'S CONDUCT AND THE PLAINTIFF'S INJURY. A PARTY'S NEGLIGENCE IS ACTIONABLE ONLY IF IT IS THE 'LEGAL CAUSE'

OF THE PLAINTIFF'S INJURIES, WHICH IS SOMETHING MORE THAN 'BUT FOR' CAUSATION, AND THE NEGLIGENCE MUST BE A 'SUBSTANTIAL FACTOR' IN THE INJURY. MOREOVER, WHERE THERE ARE CONCURRENT CAUSES OF AN ACCIDENT, THE PROPER INQUIRY IS WHETHER THE CONDUCT IN QUESTION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE ACCIDENT. THERE CAN BE MORE THAN ONE SUBSTANTIAL FACTOR; THAT IS, THE CONDUCT OF MULTIPLE PARTIES CAN BE SUBSTANTIAL FACTORS IN CAUSING AN ACCIDENT.

40. FURTHER, UNDER THE GENERAL MARITIME LAW, AN EMPLOYER IS VICARIOUSLY LIABLE FOR THE ACTIONS OF ITS EMPLOYEES COMMITTED IN THE COURSE AND SCOPE OF THE EMPLOYMENT.

41. THEREFORE, IF YOU FIND THAT K&K OFFSHORE, LLC, VIOLATED ITS DUTY OF REASONABLE CARE EITHER ON ITS OWN OR THROUGH THE ACTIONS OF ITS EMPLOYEES TO CALVIN HOWARD AND/OR RAYMOND HOWARD, AND CAUSED OR CONTRIBUTED TO THE PLAINTIFFS' RESPECTIVE INJURIES, YOU MUST FIND K&K OFFSHORE, LLC, NEGLIGENT UNDER THE GENERAL MARITIME LAW.

**UNSEAWORTHINESS & CAUSATION**

42. THE PLAINTIFFS SEEK DAMAGES FOR PERSONAL INJURIES THAT THEY CLAIM WERE CAUSED BY THE UNSEAWORTHINESS OF DEFENDANT OFFSHORE LIFTBOATS' VESSEL, THE L/B JANIE.

43. A VESSEL OWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL, AND ALL DECK AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

44. A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL—A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE—NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

45. THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE, COMPETENT, AND PROPERLY TRAINED CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THROUGH IT HAS A NUMERICALLY

ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

46. THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

47. IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE A COMPETENT, ADEQUATE OR PROPERLY TRAINED CREW OR DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT NUMBER TO PERFORM THE PERSONNEL TRANSFER, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE JUST EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER OR ANY OF ITS EMPLOYEES.

48. HOWEVER, IF YOU FIND THAT L/B JANIE HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND THE DEFENDANT OFFSHORE LIFTBOATS, LLC, IS NOT LIABLE TO THE

PLAINTIFFS ON THEIR RESPECTIVE CLAIMS OF UNSEAWORTHINESS.

49. IF YOU FIND THAT THE L/B JANIE WAS UNSEAWORTHY, YOU MUST DETERMINE WHETHER THAT UNSEAWORTHINESS CAUSED THE PLAINTIFFS' INJURIES. IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

50. A PLAINTIFF HAS THE BURDEN OF PROVING, NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF HIS INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

51. OFFSHORE LIFTBOATS ALSO CONTENDS THAT BOTH PLAINTIFFS WERE COMPARATIVELY NEGLIGENT ON THEIR UNSEAWORTHINESS CLAIMS. AS WITH THE JONES ACT, OFFSHORE LIFTBOATS HAS THE BURDEN OF PROVING THAT THE PLAINTIFFS WERE EACH AND INDIVIDUALLY COMPARATIVELY NEGLIGENT. AND, AS WITH THE JONES ACT, IF A PLAINTIFF IS GUILTY OF COMPARATIVE NEGLIGENCE THAT CONTRIBUTED TO INJURY, THE PLAINTIFF NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF THE PLAINTIFF'S RECOVERY

WILL BE REDUCED BY THE EXTENT OF HIS OWN COMPARATIVE NEGLIGENCE.

52. HOWEVER, THE STANDARD FOR FINDING THAT A PLAINTIFF IS COMPARATIVELY NEGLIGENT IS DIFFERENT FOR AN UNSEAWORTHINESS CLAIM THAN IT IS FOR A JONES ACT CLAIM. FOR EACH PLAINTIFF'S UNSEAWORTHINESS CLAIM, OFFSHORE LIFTBOATS HAS THE BURDEN OF PROVING THAT ANY NEGLIGENCE OF THAT PLAINTIFF WAS A PROXIMATE CAUSE OF HIS INJURY—THAT IS, THE NEGLIGENCE IN QUESTION PLAYED A SUBSTANTIAL FACTOR IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THAT NEGLIGENCE. IF OFFSHORE LIFTBOATS MEETS THAT BURDEN, THEN THAT PLAINTIFF HAS PROXIMATELY CAUSED, IS COMPARATIVELY AT FAULT FOR HIS INJURIES.

53. AGAIN, WHEN FILLING OUT THE VERDICT FORM DO NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES THAT YOU AWARD TO EITHER PLAINTIFF. I WILL REDUCE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF COMPARATIVE NEGLIGENCE THAT YOU ASSIGN, IF ANY, TO ONE OR BOTH OF THE PLAINTIFFS.

**RESPONSIBILITY OF VESSEL CAPTAIN**

54. A VESSEL CAPTAIN IS IN COMMAND OF HIS VESSEL. HE IS "LORD AND MASTER" OF ALL THAT GOES ON ABOARD HIS VESSEL.

## MAINTENANCE AND CURE

55. PLAINTIFFS CALVIN HOWARD AND RAYMOND HOWARD BOTH HAVE A THIRD CLAIM. AS SEAMAN, THEY ARE ENTITLED TO RECOVER MAINTENANCE AND CURE FROM OFFSHORE LIFTBOATS. THIS CLAIM IS SEPARATE AND INDEPENDENT FROM THE PLAINTIFFS' JONES ACT AND UNSEAWORTHINESS CLAIMS. YOU MUST DECIDE THIS MAINTENANCE AND CURE CLAIM SEPARATELY FOR EACH PLAINTIFF FROM YOUR DETERMINATION OF THEIR JONES ACT AND UNSEAWORTHINESS CLAIMS.

56. MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. PLAINTIFFS ARE BOTH SEAMEN; THUS YOU MUST DETERMINE WHETHER THEY ARE ENTITLED TO MAINTENANCE AND CURE.

57. MAINTENANCE AND CURE PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF, WHILE RECUPERATING.

58. A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, THE PLAINTIFF NEED ONLY SHOW

THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED, IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. AND MAINTENANCE AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

59. THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

60. MAINTENANCE IS THE COST OF FOOD AND LODGING, AND TRANSPORTATION TO AND FROM A MEDICAL FACILITY. A SEAMAN IS NOT ENTITLED TO MAINTENANCE FOR THAT PERIOD OF TIME THAT HE IS AN INPATIENT IN ANY HOSPITAL, BECAUSE THE CURE PROVIDED BY THE EMPLOYER THROUGH HOSPITALIZATION INCLUDES THE FOOD AND LODGING OF THE SEAMAN.

61. A SEAMAN IS ENTITLED TO RECEIVE MAINTENANCE AND CURE FROM THE DATE HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM MEDICAL IMPROVEMENT." MAXIMUM MEDICAL

IMPROVEMENT IS THE POINT AT WHICH NO FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMAN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM MEDICAL IMPROVEMENT. THE OBLIGATION TO PROVIDE MAINTENANCE AND CURE USUALLY ENDS WHEN QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT MAXIMUM POSSIBLE CURE HAS BEEN ACCOMPLISHED.

62. THE PLAINTIFFS ARE ENTITLED TO MAINTENANCE AND CURE UNTIL SUCH TIME AS THEY REACH "MAXIMUM MEDICAL IMPROVEMENT." THIS MEANS THAT ONE OR BOTH PLAINTIFFS COULD BE AWARDED "FUTURE MAINTENANCE AND CURE" IF YOU FIND THE INDIVIDUAL PLAINTIFF IS NOT AT MAXIMUM MEDICAL IMPROVEMENT YET AND THE PLAINTIFF SHOWS HIMSELF SO ENTITLED THROUGH CREDIBLE MEDICAL TESTIMONY. TO BE AT "MAXIMUM MEDICAL IMPROVEMENT" A SEAMAN MUST BE AT A POINT WHERE IMPROVEMENT IS NOT EXPECTED IN BOTH HIS PHYSICAL AND PSYCHOLOGICAL CONDITION.

63. PLAINTIFFS MAY ALSO BE ENTITLED TO AN AWARD OF DAMAGES IF OFFSHORE LIFTBOATS FAILED TO PAY CURE WHEN IT WAS DUE.

64. IF YOU FIND THAT OFFSHORE LIFTBOATS' FAILURE TO PAY CURE WAS NOT ONLY UNREASONABLE, BUT WAS ALSO WILLFUL AND WANTON,

THAT IS, WITH THE DELIBERATE INTENT TO DO SO, YOU MAY ALSO AWARD EITHER OR BOTH PLAINTIFFS PUNITIVE DAMAGES AND ATTORNEY'S FEES. YOU MAY NOT AWARD THESE DAMAGES UNLESS THE VESSEL OWNER ACTED CALLOUSLY OR WILLFULLY IN DISREGARD OF THE SEAMAN'S CLAIM FOR MAINTENANCE AND CURE. THE PURPOSE OF AN AWARD OF PUNITIVE DAMAGES IS TO PUNISH A DEFENDANT AND TO DETER THE DEFENDANT AND OTHERS FROM SUCH CONDUCT IN THE FUTURE.

65. A PLAINTIFF MAY NOT RECOVER ATTORNEY'S FEES FOR PROSECUTING JONES ACT OR UNSEAWORTHINESS CLAIMS. INSTEAD, FEES MAY BE RECOVERED ONLY FOR PROSECUTING CLAIMS THAT THE VESSEL OWNER NOT ONLY FAILED TO PAY CURE, BUT DID SO IN WILLFUL AND WANTON DISREGARD OF THE OBLIGATION TO DO SO. YOU MAY AWARD SUCH ATTORNEY'S FEES ONLY IF YOU FIND THAT THE VESSEL OWNER ACTED WILLFULLY AND WANTONLY IN DISREGARDING THE VESSEL OWNER'S OBLIGATION TO PAY CURE.

## DAMAGES

66. IF YOU FIND OFFSHORE LIFTBOATS IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION EACH PLAINTIFF'S RESPECTIVE DAMAGES. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES—WHAT THE LAW CALLS COMPENSATORY DAMAGES¬—THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY; THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFFS WHOLE, OR TO RESTORE THEM TO THE POSITION THEY WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

67. YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THAT THE INDIVIDUAL PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE; PHYSICAL PAIN AND SUFFERING INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF THE PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; INCOME LOSS IN THE

PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT IN THE NORMAL PROGRESS IN THE INDIVIDUAL PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION; PAST MEDICAL EXPENSES; THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF MEDICAL AND LIFE CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

68. SOME OF THE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE EACH PLAINTIFF FOR THEIR INJURIES.

69. IF YOU FIND THAT A PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT A PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE

GOVERNMENT WILL NOT TAX ANY AMOUNT WHICH YOU AWARD ON THIS BASIS.

70. SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO A PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD ONE OR BOTH OF THE PLAINTIFFS AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT. EACH ECONOMIST THAT TESTIFIED HAS ALREADY ACCOUNTED FOR TAXES IN DETERMINING THE AMOUNT THEY CONCLUDE IS OWED FOR FUTURE LOSS OF EARNINGS. THOSE AMOUNTS HAVE ALSO ALREADY BEEN DISCOUNTED TO PRESENT VALUE.

71. YOU MAY NOT AWARD DAMAGES FOR ANY INJURY OR CONDITION FROM WHICH A PLAINTIFF MAY HAVE SUFFERED, OR MAY NOW BE SUFFERING, UNLESS IT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACCIDENT PROXIMATELY OR DIRECTLY CAUSED SUCH INJURY OR CONDITION.

72. YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT A PLAINTIFF SUSTAINED AND ANY PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT, MENTAL ANGUISH, AND/OR LOSS OF CAPACITY FOR

ENJOYMENT OF LIFE THAT A PLAINTIFF EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE INDIVIDUAL PLAINTIFF FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

73. FUTURE MEDICAL EXPENSES INCLUDE THE REASONABLE VALUE OF THE EXPENSE OF HOSPITALIZATION, LIFE CARE PLAN, MEDICAL, AND NURSING CARE AND TREATMENT THAT THE INDIVIDUAL PLAINTIFFS WILL REQUIRE IN THE FUTURE BECAUSE OF THEIR INJURIES WHICH WERE CAUSED BY OFFSHORE LIFTBOATS' WRONGFUL CONDUCT.

74. IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE IN THE SAME MANNER AS WITH LOSS OF FUTURE EARNINGS. HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL PAIN AND SUFFERING.

75. IN MAKING ANY DAMAGE AWARD, YOU ARE NOT TO CONSIDER ANY ATTORNEYS FEES THAT MAY HAVE BEEN INCURRED BY THE PLAINTIFFS OR DEFENDANT.

## MITIGATION OF DAMAGES

76. A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE HIS DAMAGES, THAT IS, TO AVOID OR TO MINIMIZE THOSE DAMAGES.

77. IF YOU FIND OFFSHORE LIFTBOATS IS LIABLE AND THE PLAINTIFFS HAVE SUFFERED DAMAGES, EACH PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE THAT HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND THAT OFFSHORE LIFTBOATS HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT EITHER PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY THAT PLAINTIFF RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

78. YOU ARE THE SOLE JUDGE OF WHETHER EACH PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS RESPECTIVE DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO MAKE UNREASONABLE EFFORTS OR TO INCUR UNREASONABLE EXPENSES IN MITIGATING DAMAGES. OFFSHORE LIFTBOATS HAS THE BURDEN OF PROVING THE DAMAGES THAT EACH

PARTICULAR PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE EITHER PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER OFFSHORE LIFTBOATS HAS SATISFIED ITS BURDEN OF PROVING THAT PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

**CONSIDER DAMAGES ONLY IF NECESSARY**

79. IF A PLAINTIFF HAS PROVED HIS CLAIM AGAINST OFFSHORE LIFTBOATS BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH THAT PLAINTIFF IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT A PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER OFFSHORE LIFTBOATS IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT OFFSHORE LIFTBOATS IS LIABLE AND THAT EITHER PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM OFFSHORE LIFTBOATS.

80. IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

81. REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

82. I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY INTERROGATORY YOU ARE CALLED ON TO DECIDE.

83. WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT

HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE, BY ANY MEANS, ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, IPAD OR COMPUTER; THE INTERNET OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY SOCIAL MEDIA SUCH AS FACEBOOK, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE, UNTIL AFTER I ACCEPT YOUR VERDICT.

84. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS ON THE JURY VERDICT FORM AND SIGN AND DATE THE FORM. RETURN THESE CHARGES TOGETHER WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION DURING DELIBERATIONS.

85. IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME. I WILL

THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

86. AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

87. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.