**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALVIN HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4811**<br>**c/w 13-6407, 14-1188** |
| **OFFSHORE LIFTBOATS, LLC, et al** | **SECTION "E" (5)** |
| | **This document relates to all cases** |

**JUDGMENT**

This matter came before the Honorable Judge Susie Morgan for a jury trial on the merits on January 25, 2016, continuing through February 19, 2016.

After hearing the evidence and tetsimony presented and the argument of counsel, the jury, on February 19, 2016, returned the following verdict:

**Liability and Allocation of Fault**

The jury found K&K to be negligent and that its negligence was a substantial factor in bringing about the injuries to Calvin and Raymond Howard;

The jury found defendant OLB to be negligent and that its negligence played a part, however slight, in causing the injuries to Calvin and Raymond Howard;

The jury assigned K&K with 80% fault and OLB with 20% fault;

The jury did not find either plaintiff to be at fault in this matter; and

The jury did not find that the L/B JANIE was unseaworthy.

**Damages/Cure – Raymond Howard**

The jury awarded the following damages to plaintiff Raymond Howard:

| | |
|---|---|
| a) Physical pain and suffering and loss of enjoyment of life in the past | $150,000 |
| b) Physical pain and suffering and loss of enjoyment of life in the future | $25,000 |
| c) Mental anguish in the past | $27,500 |
| d) Mental anguish in the future | $300,000 |
| e) Loss of earning capacity, including the value of fringe benefits in the past | $290,000 |
| f) Loss of earning capacity, including the value of fringe benefits in the future | $15,000 |
| g) Medical expenses in the future | $12,500 |

The jury found that plaintiff Raymond Howard has not reached maximum medical improvement, but will reach maximum medical improvement on September 30, 2016; and,

The jury found that that OLB did not willfully and wantonly fail to pay cure to plaintiff Raymond Howard.

**<u>Damages/Cure – Calvin Howard</u>**

The jury awarded the following damages to plaintiff Calvin Howard:

| | |
|---|---|
| a) Physical pain and suffering and loss of enjoyment of life in the past | $275,000 |
| b) Physical pain and suffering and loss of enjoyment of life in the future | $175,000 |
| c) Mental anguish in the past | $27,500 |

d) Mental anguish in the future $300,000

e) Loss of earning capacity, including the value of fringe benefits in the past $234,600

f) Loss of earning capacity, including the value of fringe benefits in the future $2,200,000

g) Medical expenses in the future $50,000

The jury found that plaintiff Calvin Howard has not reached maximum medical improvement, but will reach maximum medical improvement on April 30, 2017; and,

The jury found that that OLB did not willfully and wantonly fail to pay cure to plaintiff Calvin Howard.

ACCORDINGLY, IT IS ORDERED that the jury's verdict be and is hereby made the judgment of this Court and that Defendants OLB and its insurer, Underwriters, subject to the limit and all other terms and conditions of its Policy, be ordered to pay damages to Calvin and Raymond Howard, as follows:

**Raymond Howard:** $164,000

**Calvin Howard:** $652,420

IT IS FURTHER ORDERED that OLB and its insurer, Underwriters, subject to the limit and all other terms and conditions of its Policy, shall pay any cure expenses incurred by Raymond Howard and Calvin Howard until the dates the jury has found they will reach maximum medical improvement—for Raymond Howard, September 30, 2016, and for Calvin Howard, April 30, 2017.

IT IS FURTHER ORDERED that OLB and its insurer, Underwriters, subject to the limit and all other terms and conditions of its Policy, shall pay Raymond and Calvin Howard each maintenance at the rate of $35/day until the respective dates on which they jury has found they will reach maximum medical improvement

The parties shall file motions for costs and interest as allowed by the Federal Rules of Civil Procedure. All parties reserve all rights to move for costs and interest due.

All parties reserve all rights to move for relief under Rules 50, 54, 59, and 60, or any other applicable provision of the Federal Rules of Civil Procedure.

Thus done and signed at New Orleans, Louisiana, this 23rd day of March, 2016.

Susie Morgan

Hon. Judge Susie Morgan